UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI JACOBS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., a Delaware corporation,<br><br>　　　　　Defendant. | NO.<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff Lori Jacobs alleges as follows:

### PARTIES

1. Plaintiff Lori Jacobs resides in Jefferson County, Washington.

2. Defendant Wal-Mart is a Delaware corporation doing business in Port Angeles, Clallam County and in Sequim, Jefferson County, Washington.

### JURISDICTION AND VENUE

3. This court has jurisdiction over Plaintiff's claims based on federal law (42 U.S.C. § 12101 et seq., and 29 U.S.C. § 2601 et seq.) under 28 U.S.C. § 1331, and has supplemental jurisdiction over Plaintiff's related state law claims under 28 U.S.C. § 1367.

COMPLAINT AND JURY DEMAND - 1 of 7
[4821-2596-5393]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

4. Plaintiff resides in Port Angeles, Clallam County, Washington and worked for Defendant in both Clallam County and Jefferson County, and the events that form the basis for Plaintiff's claims occurred in Clallam and Jefferson County, Washington.

5. Defendant does business in Clallam and Jefferson County, Washington.

6. Venue is appropriate in this District under 28 U.S.C. § 1391(b) and falls within the Tacoma Division because the acts complained of occurred in Clallam County where Plaintiff resides and Defendant does business.

## FACTUAL BACKGROUND

7. This claim arises as a result of the wrongful, tortious, and discriminatory acts and/or omissions committed against the Plaintiff by Defendant due to or substantially due to Plaintiff's actual or perceived disability and Defendant's failure to continue accommodating her disability as it had for years without incident before it fired her on April 16, 2017.

8. Plaintiff is disabled and was employed as a pharmacist with Defendant at its Port Angeles and Sequim Washington locations.

9. Plaintiff began her employment with Defendant in 2007 as a staff pharmacist.

10. Plaintiff provided Defendant with excellent job performance for the ensuing years.

11. Since childhood, Plaintiff has suffered from Cerebral Palsy. In 1978 she was also diagnosed with Multiple Sclerosis. Each of these conditions is an impairment that substantially limits one or more of Plaintiff's major life activities.

12. Plaintiff continued to work despite her ongoing and disabling painful conditions and performed her duties well during her employment with Defendant.

COMPLAINT AND JURY DEMAND - 2 of 7
[4821-2596-5393]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

13. The combination of these afflictions on Plaintiff's upper extremities, specifically the resulting spasticity and lack of motor control, cause her to be unable to perform injections on the general public.

14. Despite her disability, Plaintiff was capable of performing her job duties as a Pharmacist with reasonable accommodation.

15. In summer 2016, Wal-Mart decided that all of its Pharmacists would have to provide immunizations, including physically performing injections.

16. In response to this new job duty, Plaintiff provided a note from her physician dated August 29, 2016, confirming that -- due to her physical disabilities -- Plaintiff would not be able to perform injections on the general public.

17. Plaintiff requested that Wal-Mart accommodate her disability and it did so. Plaintiff can perform all other services relating to immunizations other than the physical act of injecting which is part of some immunizations, but not all. Plaintiff is able to perform other parts of the immunization delivery process. These include, but are not limited to, the following: identify persons with immunization needs, select appropriate vaccines and identify timing and intervals, provide screening and identify valid contraindications for vaccinations, educate patients about benefits of vaccines and address common concerns, advise regarding vaccine preventable diseases, review and describe potential adverse effects and reactions, and address potential follow up needed.

18. Wal-Mart was able to accommodate Plaintiff's disabilities, and Plaintiff continued to work for the next year with accommodation and continued to successfully perform her duties. When required, other employees were able to provide injections involved with immunizations.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

19. On February 6, 2017, Plaintiff was called in by her supervisor, Cherie Hope-Jurado, to participate in a call with another Wal-Mart management employee from the Vision Department of Wal-Mart's Poulsbo store. During the call Plaintiff was informed that she would be losing her job because of her inability to perform injections.

20. Following the call Plaintiff was upset and asked that her request for reasonable accommodation due to her disability continue, so she could continue to work.

21. After receiving no response to her request that her existing reasonable accommodation continue, Plaintiff contacted her supervisor for assistance. On February 13, 2017, Plaintiff's supervisor provided her with a letter dated February 6, 2017, stating that there had been a final determination: her request for accommodation had been denied and her employment would be terminated on April 15, 2017.

22. Plaintiff was shocked and left work in tears and went home extremely distraught. She attempted to engage with Defendant to have it reconsider continuing her accommodation which had worked successfully for the past year without undue hardship to Defendant.

23. Defendant failed to engage in the interactive process, failed to respond to her request, and terminated her employment.

24. Despite her ability to perform her pharmacist job duties with the reasonable accommodation she had been provided for the past year, Defendant ignored Plaintiff's appeal and refused to consider continuing the accommodation.

25. Plaintiff was qualified to perform all duties of her position, but required reasonable accommodation with respect to the newly imposed duty of providing injections.

COMPLAINT AND JURY DEMAND - 4 of 7
[4821-2596-5393]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

26. Defendant denied Plaintiff reasonable accommodation previously granted and unlawfully and wrongfully terminated Plaintiff's employment in April 2017.

27. Following her termination, Plaintiff timely filed a charge of discrimination with the EEOC, who issued a right to sue letter dated September 13, 2017.  Plaintiff filed this Complaint within 90 days following the receipt of the EEOC right to sue letter.

28. Defendant's unlawful and wrongful conduct was malicious, oppressive or in reckless disregard of Plaintiff's rights, and was the proximate cause of injury and damage to Plaintiff, including substantial economic and non-economic damages.

## FIRST CAUSE OF ACTION
### Violation of the Americans with Disabilities Act

29. Defendant violated Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., by failing to provide reasonable accommodation for her disability and terminating her employment based upon her disability, causing damages to Plaintiff.

30. Defendant is liable for all resulting damages sustained by Plaintiff as allowed by law, including but not limited to, past and future wage loss, other economic damages, emotional distress and other non-economic damages, and punitive damages.

## SECOND CAUSE OF ACTION
### Violation of Washington's Law Against Discrimination

31. The conduct, acts, and omissions of Defendant constitute disability discrimination by failing to provide reasonable accommodation for her disability and wrongfully terminating Plaintiff because of her disability. Such acts, singularly and collectively, are in violation of the WLAD.

32. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages in an amount to be proven at trial.  Pursuant to the WLAD,

COMPLAINT AND JURY DEMAND - 5 of 7
[4821-2596-5393]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

she is entitled to recover all actual and compensatory, economic and non-economic, special and general damages, as well as attorneys' fees and an offset to any negative tax consequences.

33. Defendant violated Plaintiff's rights under the WLAD, RCW Chapter 49.60, by failing to provide reasonable accommodation and terminating her employment based on her disability, and failing to provide accommodation for her disability causing damages to Plaintiff.

34. Defendant is liable for all damages sustained by Plaintiff as allowed by law, including but not limited to, past and future wage loss, other economic damages, emotional distress, and other non-economic damages.

## JURY DEMAND

Plaintiff demands a trial by jury in this matter.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that this Court for the following relief:

1. Judgment for past and future economic damages in an amount to be proven at trial.

2. Judgment for past and future non-economic damages in an amount to be proven at trial.

3. Judgment for liquidated, exemplary, and/or punitive damages to the extent authorized by law.

4. Injunctive relief, including but not limited to, reinstatement of employment, as provided by state and federal law.

5. Prejudgment interest.

COMPLAINT AND JURY DEMAND - 6 of 7
[4821-2596-5393]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

6. Judgment for supplemental damages to offset the tax impact of lump sum damages awarded as provided by *Blaney v. International Ass'n of Machinists & Aerospace Workers*, 151 Wn.2d 203, 87 P.3d 757 (2004), or as allowed under other applicable state and federal law.

7. Reasonable attorney's fees and costs as authorized by law.

8. For such other and further relief as the Court deems just and proper.

Dated this 28th day of November, 2017.

        GORDON THOMAS HONEYWELL LLP

  By *Stephanie Bloomfield* _____
        Stephanie Bloomfield, WSBA No. 24251
        sbloomfield@gth-law.com
        James W. Beck, WSBA No. 34208
        jbeck@gth-law.com
        Janelle Chase-Fazio, WSBA No. 51254
        jchasefazio@gth-law.com
        Attorneys for Plaintiff

COMPLAINT AND JURY DEMAND - 7 of 7
[4821-2596-5393]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565