UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LORI JACOBS,

                      Plaintiff,

     v.

WAL-MART STORES, INC.,

                      Defendant.

CASE NO. 3:17-cv-05988-RJB

ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

THIS MATTER comes before the Court on Plaintiff Lori Jacobs' Motion to Compel Discovery. Dkt. 18. The Court has reviewed the record and is fully apprised.

A. **Background.**

On April 11, 2018, Plaintiff served a discovery request for interrogatories and production. Dkt. 19 at 19. After a three week extension, followed by Defendant's failure to provide discovery, on August 15, 2018, Plaintiff filed this motion to compel. Dkt. 18. On August 25, 2018, Defendant responded to the discovery request, and on August 27, 2018, Defendant filed its response to the motion. Dkt. 22; Dkt. 23 at 37. Defendant defends "nearly two months" of the several month delay by pointing to difficulties obtaining ESI from multiple vendors. Dkt. 23 at 1.

Because Defendant's response to the motion to compel followed Defendant's discovery production, the discovery Plaintiff now seeks to compel has narrowed substantially. According to Plaintiff's Reply, "several key categories of documents and information still have not been provided[,]" which Plaintiff "summarizes" as three discrete bullet points:

- There were no responsive documents produced in response to <u>Request for Production No. 9</u>, which sought financial information about [Defendant's] pharmacy operations, which is particularly important in light of [Defendant's] claim that continuing to accommodate [Plaintiff's] disability (as it had done for over a year before her termination) was an undue burden on [Defendant].

- In response to <u>Request for Production No. 17</u>, which sought all documents relating to changes in the Pharmacist Job Description from January 2014 to present, nothing was produced other than the current Job Description dated November 2017. The previous versions of the job description and any correspondence relating to such changes to job duties for pharmacists made between January 2014 until November 2017 have not been provided;

- <u>Two key documents</u> relating to the roll out and training for Wal-Mart's immunization program that were referenced by a link in an email produced (Walmart 455) have not been provided in the versions that existed on 4/11/16 (Discussion Points and IMZ Toolkit).

Dkt. 26 at 1, 2 (emphasis added). These three categories of discovery requests are herein discussed.

**B. <u>Standard for Relief.</u>**

Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Courts consider: the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id*. The proportionality factor is not "intended to permit the opposing

party to refuse discovery simply by making a boilerplate objection that it is not proportional." *Id.*, Cmt to 2015 Amendment.

Where the discovery requested falls within Rule 26(b)(1), a party may move to compel discovery if it has conferred with the opposing party in good faith. *See* Fed. R. Civ. P. 37(a)(1). The sufficiency of the meet and confer requirement is not at issue in this case.

**C. Discussion.**

   1. *Request for Production No. 9.*

RFP No. 9 seeks "all documents relating to the financial performance of Defendant's Pharmacy Division from January 1, 2014 to present." Dkt. 23 at 30. The information sought includes "[i]ncludes reports summarizing quarterly, annual and year to date performance, quarterly reports, financial statements and profit and loss reports and, to the extent available, financial data related to the provision of injection and immunizations." *Id*.

Defendant's response, not including boilerplate objections, states:

> Nevertheless, Defendant has undertaken an extensive and expensive search with respect to locating this information, and has learned that such information is not accurately maintained and is thus difficult to locate. To this extent, because it has proved difficult to locate relevant information, Defendant has undertaken a review of documents related to Washington pharmacies in the Region where Plaintiff worked, and was able to locate the following documents: Walmart-Jacobs 650-653; 832. Based on the efforts undertaken by Defendant to date . . . Defendant is continuing to research . . . and will supplement this response accordingly.

Dkt. 23 at 30.

Plaintiff argues that "no responsive documents" have been produced, Dkt. 26 at 1; Defendant represents it has produced "Walmart-Jacobs 650-653; 832." If these documents have not yet been produced, they should be produced immediately.

Based on the theory that Defendant had the financial means to accommodate Plaintiff's disabilities without imposing an undue burden, broadly speaking, RFP No. 9, which seeks

ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 3

Defendant's financial documents from January 1, 2014 forward, exceeds the low hurdle of relevancy. The harder question is the scope of the discovery. Because neither party attached "Walmart-Jacobs 650-653; 832" to the pleadings, it is difficult to determine the sufficiency of what appears to have been (or immediately will be) produced. Defendant represents that its discovery production of "Walmart-Jacobs 650-653; 832" was based on "a review of documents related to Washington pharmacies in the Region where Plaintiff worked." This would appear to be a reasonable starting point.

Unclear from the parties' briefing is how many stores a "Region" includes, how many documents per store this production could include, and the costs breakdown to produce financial documents for all stores where Plaintiff worked and beyond. Also unclear is whether Defendant could produce these financial documents for its pharmacy division as a whole, and if so, at what cost. Defendant represents only that the financial information is "not accurately maintained and is thus difficult to locate." Dkt. 23 at 30. Such a showing by Defendant does not suffice under Fed. R. Civ. P. 26(3)(b)(1), because the Court cannot weigh generalities. At a minimum then, Defendant should produce financials for its pharmacy division as a whole and for all stores where Plaintiff worked. This discovery should be produced within ten (10) days. The parties may meet and confer about production of financials for other individual stores, and to that extent, Plaintiff's motion should be denied without prejudice. (Alternatively, the parties could remove this issue from the case by stipulation.)

2. *Request for Production No. 17.*

RFP No. 17 seeks "all non-privileged documents . . . from January 1, 2014 to present concerning: Defendant's job descriptions for the Pharmacist position and any change to the

essential functions" of the pharmacist position, particularly changes to include providing injections as an essential function." Dkt. 23 at 33, 34.

Defendant's response cites boilerplate objections, then incorporates its response to Request for Production No. 1. Dkt. 23 at 23. RFP No. 1 seeks "all documents and evidence that support your denial of liability[.]" *Id*. Defendant lists the following sets of documents in its response to RFP No. 1:

- Accommodation - 1-446; 770 – 773, 776 -778,781-782, 784-786, 787 – 797. See also Excel spreadsheets produced related to Plaintiff's requested leave.
- EEOC documents - 447-453
- Certification documents/job description and duty: 454-455; 1308-1351
- Plaintiff personnel file documents - 456 – 649; 1624-1640, plus 7 plaintiff specific Excel spreadsheets relating to plaintiff's coachings, employment history, requested leave, and training history.
- Pharmacy financial information – 83-84; 650-653; 832.
- General policies/procedures - 654 – 769
- Defendant's privilege log

Dkt. 23 at 23.

Nowhere listed in Defendant's response to RFP No. 1 is discovery explicitly responsive to RFP No. 17, which seeks pharmacist job descriptions within a limited timeframe. According to the Complaint, Defendant terminated Plaintiff, a pharmacist employed by Defendant for approximately ten years, for Plaintiff's failure to perform a job function, injecting patients with immunizations. Dkt. 1 at 4, 5. Plaintiff alleges that she could not perform injections due to physical disabilities of Multiple Sclerosis and Cerebral Palsy, and that prior to termination she requested accommodation by Defendant, which was ignored or refused. *Id*. The job descriptions

requested in RFP No. 17 are relevant to these allegations. If Defendant has not yet produced this discovery, Defendant should do so within ten (10) days.

3. *Two key documents.*

From Plaintiff's request, it appears that Defendant produced an email responsive to Plaintiff's discovery request ("Walmart 455") but did not produce two documents, "Discussion Points" and "IMZ Toolkit," referenced in the email. Because the Walmart 455 email was undisputedly discoverable, Defendant should also produce the documents referenced in the email. Defendant has not provided any defense to their production, nor is any apparent. The documents should be produced within ten (10) days.

\* \* \*

THEREFORE, Plaintiff's Motion to Compel (Dkt. 18) is HEREBY GRANTED IN PART and DENIED IN PART consistent with the above opinion.

The findings made in this Order are made without prejudice as to the applicability of any privilege. If Defendant invokes a privilege instead of producing the discovery, Defendant shall timely produce a privilege log detailing the discovery withheld.

It is so ordered.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 25th day of September, 2018.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge