UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI JACOBS,<br><br>        Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., a Delaware corporation,<br><br>        Defendant. | NO. 3:17-cv-5988<br><br>PLAINTIFF'S MOTION TO QUASH SUBPOENAS<br><br>HEARING DATE: NOVEMBER 9, 2018 |

## I.  INTRODUCTION AND RELIEF REQUESTED

Plaintiff Lori Jacobs sued Defendant Wal-Mart Stores, Inc. ("Wal-Mart") for violations of the Americans with Disabilities Act ("ADA"), and Washington's Law Against Discrimination ("WLAD"). Ms. Jacobs has overcome the effects of Cerebral Palsy and Multiple Sclerosis for all of her adult life. She is a licensed Pharmacist who worked successfully for Wal-Mart for almost ten years in Port Angeles and Sequim, until Wal-Mart demanded she perform injections claiming it was an "essential function". Because her disability makes it difficult for her to safely perform injections with a needle, Wal-Mart terminated Ms. Jacobs' employment and refused to continue to accommodate her disabilities – after doing so for over a year – and rejected proposed alternative accommodations. Plaintiff moves to quash three untimely subpoenas Defendant issued

Mtn Quash Subpoenas - 1 of 6
[4837-0355-8009]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

with return dates **after** the discovery deadline to the Social Security Administration, Liberty Mutual Insurance and Lincoln Financial Group  These subpoenas should be quashed in their entirety. They are not only untimely, they seek irrelevant collateral source materials.

## II.     BACKGROUND FACTS

The Subpoenas in question are directed to the Social Security Administration, Liberty Mutual, and Lincoln Financial Group, seeking the disability claim file for Plaintiff Lori Jacobs, including all "benefit applications/forms, award/denial notices, appeals, questionnaires, DDS records, medical records, correspondence, prior decision notices and rationale, and benefit payment amounts."  Bloomfield Decl. Ex. A.  These were served on Plaintiff via email on October 18, 2018 with return dates of **November 2, 2018**. *Id.* Under the Court's order, discovery closes on **October 29, 2018**.  Dkt. 13 (Discovery COMPLETED by").

Plaintiffs' counsel conducted a phone conference with counsel for Wal-Mart raising these issues on October 25, 2018.  Defense counsel refused to withdraw the subpoenas as untimely, asserting they had been served within the discovery time period, therefore they were "timely". Bloomfield Dec. Wal-Mart knew Ms. Jacobs was applying for short term disability since April 27, 2017 -- it had her application and related medical records in its own files.  Bloomfield Dec Ex. B (Walmart 394-98).  Ms. Jacobs also produced the application (including medical opinions) that she submitted for her short term disability benefits through Sedgwick in August 2018.  Bloomfield Dec. Ex. C (LJ 59-64).  During her September 11, 2018 deposition, Ms. Jacobs testified that she had submitted an application to Social Security Administration in July 2018 as well.  Bloomfield Dec. Ex. D (Jacobs Dep. pp. 53-55).  Wal-Mart waited another five weeks - until the week before discovery closed -- to seek information from these various third party insurers.

Mtn Quash Subpoenas - 2 of 6
[4837-0355-8009]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

When scope of the underlying subpoena was addressed, Defense counsel asserted they were entitled to all information in the insurance or disability files mentioned and asserted the subpoena was timely because it had been served before the discovery cut-off.

### III.   AUTHORITY & ARGUMENT

Rule 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the court." Rather than attempt to establish good cause to issue belated subpoenas, Defendant Wal-Mart chose to issue subpoenas to parties known to it for months, the week discovery closed, with return dates after the discovery cut-off. Local Rule 16(b)(2) provides:

> (2) Discovery Deadline. Interrogatories, requests for admissions or production, etc., **must be served sufficiently early that all responses are due before the discovery deadline**. Any motion to compel discovery shall also be filed and served on or before this deadline or as directed by court order.

LCR 16(b)(2) (emphasis added).

Other courts considering this issue have quashed third party subpoenas in this same scenario. In *Marvin Lumber & Cedar Co. v. PPG Indus. Inc.,* 177 F.R.D. 443, 445 (D. Minn. 1997), Rule 45 subpoenas were served **with return dates after the discovery cut-off**. The court concluded that such document subpoenas constituted discovery within the meaning of the rules and granted the opposing party's motion to quash, noting it was a proper exercise of case management.

The Court further concluded that the Rule 45 subpoena was subject to the discovery deadline and that it should be quashed, explaining:

> Moreover, to allow a party to continue with formal discovery—that is, discovery which invokes the authority of the Court—whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline, unnecessarily lengthens [the] dis-

Mtn Quash Subpoenas - 3 of 6
[4837-0355-8009]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

covery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for trial … [we] can find no plausible reason to exempt Rule 45 discovery from the time constraints that are applicable to all of the discovery methods recognized by the Federal Rules of Civil Procedure.

*Id.* at 445. Many other courts have reached the same conclusion. *E.g.*, *Pollara v Radiant Logistics, Inc.*, 2014 WL 12696741 (C.D. Cal. 2014); *Meade v. City of Dermott*, 2013 WL 5890346, *2 (E.D. Ark. Nov 01, 2013); *Crayton v. Rochester Medical Corp.,* 2010 WL 1241014, *1 (E.D. Cal. Mar 26, 2010).

Wal-Mart has had ample opportunity to conduct discovery. That some materials may not have been acquired is no basis for re-opening discovery at this stage of the proceedings.

Finallyn should the Court be inclined to modify, rather than completely quash these untimely subpoenas, the scope of information sought should be curtailed to statements by Ms. Jacobs and her physicians, the only potentially relevant information. What another entity's rationale was for granting or denying benefits has no bearing on whether Wal-Mart discriminated against Ms. Jacobs.  The Social Security Act and ADA apply two separate tests to the determination of "disability." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 801 (1999) (discussing differing purposes of SSA and the ADA and their differing definitions of "disability"). The Supreme Court further explained that "when the SSA determines whether an individual is disabled for SSDI purposes, it does *not* take the possibility of "reasonable accommodation" into account, nor need an applicant to refer to the possibility of reasonable accommodation when she applies for SSDI." *Id.* at 803 (italics in original). Hence "an individual might qualify for SSDI under the SSA's administrative rules and yet, due to special individual circumstances, remain capable of 'perform[ing] the essential functions' of her job." *Id.*

Mtn Quash Subpoenas - 4 of 6
[4837-0355-8009]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

### IV. Conclusion

Defendant's untimely subpoenas should be quashed.  Defendant's decision to start its discovery six weeks before it closed – after having over six months to do so – should not be encouraged or allowed without good cause.

Dated this 25th day of October, 2018.

GORDON THOMAS HONEYWELL LLP

By:   /s/ Stephanie Bloomfield
      Stephanie Bloomfield, WSBA No. 24251
      sbloomfield@gth-law.com
By:   /s/James W. Beck
      James W. Beck, WSBA No. 34208
      jbeck@gth-law.com
By:   /s/ Kristina Southwell
      Kristina Southwell, WSBA No. 51097
      ksouthwell@gth-law.com

Attorneys for Plaintiff

Mtn Quash Subpoenas - 5 of 6
[4837-0355-8009]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

CERTIFICATE OF SERVICE

1. I hereby certify that on October 25, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Laura E. Kruse, WSBA No. 32947
Steven Goldstein, WSBA No. 11042
Mark W. Tyson, WSBA No. 47185
Lisa W. Lackland, WSBA No. 27373
lkruse@bpmlaw.com
sgoldstein@bpmlaw.com
sferrell@bpmlaw.com
llackland@bpmlaw.com

/s/ Dorothy Brooks
Dorothy Brooks, Legal Assistant
dbrooks@gth-law.com
Gordon Thomas Honeywell LLP

Mtn Quash Subpoenas - 6 of 6
[4837-0355-8009]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565