UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI JACOBS , Plaintiff, v. WAL-MART STORES, INC., a Delaware corporation, Defendant. | CASE NO. 3:17-cv-05988-RJB ORDER ON PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY AND ORDER TO SEAL |

THIS MATTER comes before the Court on Plaintiff's Second Motion to Compel Discovery. Dkt. 28. Relatedly, Defendant has filed a Motion to Seal, Dkt. 38, which is unopposed.

Plaintiff seeks to compel two sets of discovery: discovery compelled previously by the September 25, 2018 Order on Plaintiff's Motion to Compel (Dkt. 27), and discovery requested in Plaintiff's Second Discovery Requests. Relevant background is discussed below as to each

discovery request. The Court respectfully declines Defendant's request for a discovery conference to resolve pending discovery motions.

**I. <u>Standard for relief.</u>**

Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Courts consider: the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id*. The proportionality factor is not "intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." *Id*., Cmt to 2015 Amendment.

Where the discovery requested falls within Rule 26(b)(1), a party may move to compel discovery if it has conferred with the opposing party in good faith. *See* Fed. R. Civ. P. 37(a)(1). The sufficiency of the meet and confer requirement is not at issue.

**II. <u>Discovery compelled by the September 25, 2018 Order on Motion to Compel.</u>**

Plaintiff seeks to compel two areas of discovery that Plaintiff argues were previously compelled by the September 25, 2018 Order: (1) financial documents of Request for Production No. 9; and (2) two key documents referenced in an email (Wal-Mart 454-455)—2016 versions of "Discussion Points" and the "IMZ Toolkit." Dkt. 28 at 2.

**A. Production of financial documents.**

Request for Production No. 9 seeks "all documents relating to the financial performance of Defendant's Pharmacy Division from January 1, 2014 to present." Dkt. 23 at 30. In the September 25, 2018 Order, the Court made findings on Request for Production No. 9, ordering:

> At a minimum then, Defendant should produce financials for its pharmacy division as a whole and for all stores [Port Angeles and Sequim] where Plaintiff worked. This discovery should be produced within ten (10) days. The parties may meet and confer about production of financials for other individual stores, and to that extent, Plaintiff's motion should be denied without prejudice.

Dkt. 27 at 3.

According to Plaintiff, Defendant's production of financial documents was untimely and only partially responsive. Dkt. 28 at 3, 4. First, Plaintiff argues, a 'document dump' of over 5,000 financial documents on October 18, 2018, after Plaintiff filed this motion, is untimely, because production was ordered within ten days of the September 25, 2018 Order. Dkt. 50 at 3, 4. Second, Plaintiff argues, all financials discovery produced fails to satisfy Plaintiff's core request for profit and loss information for pharmacies, both national and local (Port Angeles and Sequim). *Id.*; *id*. at 2-4. The argument that Defendant lacks profit data is at best misinformed, Plaintiff contends, given Rule 30(b)(6) deposition testimony to the contrary. *Id*.

Defendant argues that it has complied with the September 25, 2018 Order, having produced over 5,500 financial documents. Dkt. 36 at 4. Defendant contends that it has provided discovery on the number of immunizations, both locally and nationally, as well as on the total net sales for the Pharmacy Department of all stores. *Id*. at 5. Further, Defendant explains, as expanded in the Declaration of Mr. Michael Glenn, Defendant's Director of Health and Wellness Finance, Defendant has provided "total national net sales" for its Pharmacy Department, but "does not generate gross profit computations, *id*. at 5, "nor can that information be accurately compiled from the data [Defendant] maintains in the normal course of business. *Id*. at 15.

As a threshold matter, Defendant's untimely production of financial documents is problematic. Notwithstanding that parties have ongoing obligations to exchange discovery as it becomes available, the Court ordered the production of the financials discovery within ten (10)

days of September 25, 2018. Defendant produced 5,500 pages of financials discovery on October 18, 2018. This was untimely, and at least in part caused the need for this round of motions briefing.

Beyond the untimeliness issue, the Court has had difficulty determining the sufficiency of Defendant's production. Defendant claims that it has provided what it has, and that it does not track what Plaintiff requests, gross profit and loss data for its local and national pharmacies. Defendant relies on the Declaration of Mr. Glenn. *See* Dkt. 36 at 14, 15. Plaintiff argues that a Rule 30(b)(6) deposition has revealed that Defendant does, in fact, possess monthly profit and loss statements. Dkt. 50 at 4. *See* Dkt. 57. Review of both Mr. Glenn's declaration and the deposition transcript shows some confusion about how Defendant itself interprets its financials, or it may reveal parties' reliance on different terms to talk about the same information. *See id*.

If the Rule 30(b)(6) deposition revealed to Defendant the existence of any additional financial documents not yet produced, including profit and loss information, this discovery should be produced immediately. Absent a further showing by either party, either that additional financials exist—or not—the Court is reluctant to make further findings. Plaintiff's motion should be granted in part, to the extent Defendant has not produced profit and loss information previously ordered and in its possession. This discovery, if it exists, should be produced immediately. If the requested information does not exist, the response to discovery should say so, under oath, by a person who knows it does not exist. The motion should otherwise be denied without prejudice on this issue.

**B. Production of "two key documents."**

In the September 25, 2018 Order, regarding "two key documents" attached to an email (Wal-Mart 454-455), the 2016 versions of "Discussion Points" and the "IMZ Toolkit," the Court

ordered Defendant to "produce the documents referenced in the email . . . within ten (10) days." Dkt. 27 at 6.

*1. Discussion Points.*

Plaintiff maintains that Defendant has not produced the 2016 version of Discussion Points, and that if, as Defendant has suggested, the version is overwritten or lost, Defendant should so verify. Dkt. 28 at 4.

Defendant has verified the discovery, Defendant states. Dkt. 36 at 7, 8. According to Defendant, in August of 2018, Defendant produced all discovery responsive to the request for Discussion Points, which is intranet "Wire" content accessed via hyperlink. *Id*. Defendant acknowledges that the discovery produced references a date subsequent to the 2016 email, from which it could be inferred that the intranet content may have differed in 2016, but, Defendant argues, to the extent content may have looked different in 2016, Plaintiff has had the chance to depose Defendant's Rule 30(b)(6) representative. *Id*.

On the issue of verifying the discovery, Defendant's showing is sufficient. An authorized person has sworn to the discovery's veracity. Dkt. 37 at 46. Next, on the issue of compelling the 2016 version of Discussion Points, the Court finds sufficient Defendant's showing that it has produced all discovery in its possession. Defendant represents that, to the best of Defendant's knowledge, the discovery produced reflects the same content a person would have viewed as the Discussion Points hyperlink in 2016. Because Defendant has satisfied its discovery obligations, there is no discovery to compel at present. To that extent, Plaintiff's motion should be denied.

*2. IMZ Toolkit.*

Defendant maintains that it has undertaken extensive efforts to produce the IMZ Toolkit, also a web-based resource. Dkt. 36 at 6. Defendant represents that on October 18, 2018,

Defendant produced much of the possible material in written format, and invited Plaintiff's counsel to review the intranet "Wire" site, because the IMZ Toolkit is a series of hyperlinks. Dkt. 36 at 6, 7. Although Plaintiff's counsel requested review of some topics not relevant to this case, such as Hepatitis B for Immunization Pharmacists, Defendant contends, Defendant "intends to comply with this request to avoid further conflict . . . [but] it will take Defendant an additional 8—12 hours of uninterrupted time" to produce the remainder of the IMZ Toolkit. *Id*.

Defendant's showing is lacking. The September 25, 2018 Order required production "within ten (10) days." It appears that Defendant's first effort to produce the IMZ Toolkit in a reviewable format was on October 18, 2018, after Plaintiff filed this motion to compel. Defendant produced only part of the IMZ Toolkit, offering to give Plaintiff's counsel the chance to review the intranet hyperlinks, but this offer coincided with a substantial production of other discovery. These actions in the aggregate violate the spirit and the letter of the September 25, 2018 Order. If Defendant has not already produced the remainder of the IMZ Toolkit in a reviewable format, its production is due immediately. To that extent, Plaintiff's motion should be granted.

## III. Discovery requested by Plaintiff's Second Discovery Requests.

### A. Background.

Plaintiff argues that Defendant's response to Plaintiff's Second Discovery Requests are "woefully inadequate," where Defendant has not produced any documents not previously produced, and has responded with boilerplate objections. Dkt. 28 at 4-6. Plaintiff requests that Defendant be immediately ordered to produce documents responsive to Requests for Production Nos. 21-24.

Plaintiff's Requests for Production Nos. 21-24, and Defendant's responses and amended responses thereto, are as follows:

Request for Production No. 21: For each immunization identified in response to Interrogatory No. 12, produce documents that identify how many doses were administered each month from January 21, 2016 to present at the Port Angeles and the Sequim Wal-Mart locations.
Response: Consistent with, and without waiving the limitations set forth in Rules 26, 33 and 34 and/or any objection as to relevancy, the attorney-client privilege or work product doctrine, Defendant provides the following response: Defendant's response to this Request for Production is provided in a manner consistent with, and as an objection to, the proportionality standard set forth in Rule 26 when measuring whether such documents requested are relevant given the nature of the litigation and the costs associated with it, and the efforts expended to date to locate relevant information. Defendant is in the process of obtaining information responsive to this request, and will supplement its response as soon as possible, if any such information is available.
Amended Response: Subject to and without waiving the foregoing objections and limitations, Defendant responds: See Walmart-Jacobs 2090-2092.

Request for Production No. 22: Produce documents reflecting the total sales revenue generated from immunizations and the gross profit associated with such immunizations from January 1, 2016 to present for the following: Wal-Mart Port Angeles Wal-Mart Sequim Wal-Mart Washington State Wal-Mart Northwest Region[.] Production of a profit and loss statement or other spreadsheet that summarizes this information would be sufficient.
Response: Consistent with, and without waiving the limitations set forth in Rules 26, 33 and 34 and/or any objection as to relevancy, the attorney-client privilege or work product doctrine, Defendant provides the following response: Defendant's response to this Request for Production is provided in a manner consistent with, and as an objection pursuant to, the proportionality standard set forth in Rule 26 when measuring whether such documents requested are relevant given the nature of the litigation and the costs associated with it, and the efforts expended to date to locate relevant information. Defendant is in the process of obtaining information responsive to this request, and will supplement its response as soon as possible, if any such information is available.
Amended Response: Subject to and without waiving the foregoing objections and limitations, Defendant responds: See Walmart-Jacobs 1821, 2090-209, 2093-7666, 7667. Defendant is unable to generate reports that show "gross profits" without causing undue hardship and burden. Any further demand for financial records violates the proportionality standard set forth in Rule 26, as such request is not proportionate to the needs of this case given the efforts so far expended to date to comply with Defendant's discovery obligations.

Request for Production No. 23: Documents related to all efforts Wal-Mart made to identify other positions for Lori Jacobs before or after her termination, including the duties and location of the position(s) identified and the related salary and benefits.

Response: Defendant objects to the extent any document contained privilege and/or protected attorney-client privilege or work product information. Consistent with, and without waiving the limitations set forth in Rules 26, 33 and 34 and with waiving these objections, Defendant provides the following response: Defendant fully incorporates the documents it's already produced in response to Plaintiff's First Discovery Requests, by way of response to this Request for Production. Defendant is also in the process of obtaining and processing additional documents, and will produce responsive and relevant documents, as soon as possible, if such documents exist.
Amended Response: Subject to and without waiving the foregoing objections, and without waiving any reliance on the documents previously produced, Defendant responds: See Walmart-Jacobs 1 . . . 1864-1872.

Request for Production No. 24: If you claim that providing any accommodation to plaintiff would be an undue burden, produce all documents supporting this claim.
Response: Defendant objects to the extent any document contained privilege and/or protected attorney-client privilege or work product information. Further, this response is provided without waiving and/or asserting any alleged defenses, which would be preserved for trial. Consistent with, and without waiving the limitations set forth in Rules 26, 33 and 34 and with waiving these objections, Defendant provides the following response: Defendant fully incorporates the documents it's already produced in response to Plaintiff's First Discovery Requests, by way of response to this Request for Production. Defendant is also in the process of obtaining and processing additional documents, and will produce responsive and relevant documents, as soon as possible, if such documents exist.
Amended Response: Subject to and without waiving the foregoing objections, and without waiving any reliance on the documents previously produced, Defendant responds: See Walmart-Jacobs 1 . . . 1821, 2090-2092, 2093-7666; 7667.

Dkt. 28 at 4-6; Dkt. 37 at 52-54.

**B. Discussion.**

As a threshold matter, the Court observes that Defendant's initial response to the discovery requests is boilerplate language. The substantive response, served on October 19, 2018 as an "amended response" after Plaintiff filed this motion, and is the type of substantive response that Defendant should have provided in the first instance. Defendant provided no explanation for the delay.

On the merits, the RFPs should be examined individually.

RFP No. 21 seeks dosage information "[f]or each immunization identified," but Plaintiff represents that to date Defendant has only provided the information for the number of doses in the aggregate, with no breakdown for immunization types. Dkt. 50 at 5. Plaintiff needs to know the immunization types, Plaintiff represents, because this information relates to her accommodation request to use an injector pen, which is approved for only some, not all, immunization types. *Id*. Defendant argues that its production is sufficient, Dkt. 36 at 8, but according to Plaintiff, Defendant has pledged to "look into" whether it can produce the information in the format requested. *Id*.

As to RFP No. 21, Plaintiff's motion should be granted. If not yet produced, immunization information broken down by type and should be produced within ten (10) days.

RFP No. 22 seeks total sales and gross profit revenue for immunizations for all stores in Port Angeles, Sequim, the State of Washington, and the Northwest Region. Plaintiff opines that Defendant has only provided "net sales" information. Dkt. 50 at 6. Defendant argues that it has complied with this request, having provided over 5,500 financial documents, including documentation of its net sales "for all US pharmacies." Dkt. 36 at 8. Further, Defendant repeats, as explained by the Declaration of Mr. Glenn, data of gross profits is not available. *Id*.

Findings as to RFP No. 22 overlap with prior findings above. If Defendant has not yet produced profit and loss information, e.g., that which it may have discovered for the first time during the Rule 30(b)(6) deposition, the discovery should be produced immediately. As to this RFP, Plaintiff's motion should be denied without prejudice, the Court lacking information to make further findings.

From Plaintiff's Reply, it appears that Plaintiff has abandoned the request to compel RFP Nos. 23 and 24. *See* Dkt. 50 at 5, 6. For both RFPs, Plaintiff's primary issue with Defendant's

response was the boilerplate language used, which Defendant has amended. Dkt. 28 at 4. Plaintiff's Reply makes no further substantive arguments about the sufficiency of Defendant's response for either RFP. *See* Dkt. 50 at 5, 6.

As to RFP Nos. 23 and 24, Plaintiff's motion should be denied.

* * *

THEREFORE, it is HEREBY ORDERED:

Plaintiff's Second Motion to Compel Discovery (Dkt. 28) is GRANTED IN PART and DENIED IN PART as follows:

(1) Financial documents of Request for Production No. 9: GRANTED as to profit and loss information in Defendant's possession and not already produced. OTHERWISE DENIED without prejudice.

(2) Two key documents: Denied without prejudice as to Discussion Points. GRANTED as to IMZ Toolkit discovery.

(3) Requests for Production:

#21: GRANTED.

#22: DENIED WTHOUT PREJUDICE.

#23: DENIED.

#24: DENIED.

(4) The discovery deadline, which has elapsed, is otherwise not modified.

Defendant's Motion to Seal (Dkt. 38) is GRANTED.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 9th day of November, 2018.

ROBERT J. BRYAN
United States District Judge