UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI JACOBS, <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC., a Delaware corporation, <br><br> Defendant. | CASE NO. 3:17-cv-05988-RJB <br><br> ORDER ON PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY AND MOTION TO SEAL |

THIS MATTER comes before the Court on Plaintiff's Third Motion to Compel Discovery. Dkt. 30. Plaintiff has filed a related Motion to Seal, Dkt. 60, because an exhibit to Plaintiff's motion has been marked "confidential" by Defendant. *See* Dkt. 17.

I. <u>BACKGROUND.</u>

Plaintiff seeks to compel responses to one interrogatory from its Third Discovery Requests, Interrogatory No. 14, and one request for production, Request for Production No. 25,

which requests all documents associated with Defendant's response to the interrogatory. Dkt. 30 at 1, 2. Plaintiff's discovery requests, and Defendant's responses, are as follows.

> INTERROGATORY NO. 14: Please identify and describe (including outcome) each accommodation request relating to Wal-Mart's new pharmacist immunization requirement imposed in 2017.
>
> ANSWER: Objection. This Interrogatory seeks information that is protected by the attorney-client privilege and work product doctrine, seeks information which is confidential and private, and seeks the disclosure of information that is protected by federal and state law from being disseminated. Further, this Interrogatory seeks the production of information which is not relevant to this litigation. To this extent, Defendant's response is limited to the production of information related to those individuals who requested a medical/disability accommodation only from Defendant's April 15, 2017 mandatory injection policy. With respect to the accommodation itself, Defendant's response will be limited to only those who were granted an accommodation after the April 15, 2017 policy became mandatory. For privacy reasons, and to ensure no laws are violated with respect to confidential and/or private information, Defendant will not disclose the names of the individuals who requested the accommodation or the specific type of accommodation requested if that accommodation reveals the medical condition/disability at issue.
> Further, the list below does not include those who were reassigned. Subject to and without waiving any objection and limitation, Defendant responds:

| Initials | Store No. | Determination | Accommodation Given | Date |
|---|---|---|---|---|
| K.C. | 1609 | Alt Given | Use buddy system to work through issues, and then immunize herself | 1/9/17 |
| E.U. | 1987 | Alt Given | Use magnifying glass | 1/16/17 |
| J.B | 1661 | Approved | Disposable gloves, possibly pre-loaded syringes | 4/11/17 |
| J.B. | 2610 | Alt Given | Get certified, double coverage available | 5/11/17 |
| P.G. | 2859 | Alt Given | Practice giving immunizations, then work in available double coverage store | 3/23/17 |
| M. R. | 1634 | Alt Given | Double coverage available | 3/28/17 |
| A.M. | 1233 | Alt Given | Double coverage available | 4/24/17 |
| T.C. | 4178 | Alt Given | Get certified; practice giving immunizations; then immunize | 4/17/17 |
| S.G. | 2646 | Alt Given | Give immunizations with non-dominate hand | 4/26/17 |

| D.F. | 347 | Alt Given | Become certified; then immunize | 4/17/17 |
| T.L. | 5403 | Alt Given | Use tool to hold small vials | 4/17/17 |
| M.M. | 5498 | Alt Given | Clothing to protect her from blood splattering | 7/9/17 |
| J.B. | 708 | Alt Given | Double coverage available | 9/1/17 |
| J.F. | 2522 | Alt Given | Become certified; then released to immunize | 4/11/18 |
| A.M. | 1987 | Approve in Part | Become certified; then immunize | 1/23/17 |

REQUEST FOR PRODUCTION NO. 25: Please produce all documents associated with the accommodation requests concerning the new immunization requirement identified in your response to Interrogatory No. 14.

RESPONSE: Objection. This Interrogatory seeks information that is protected by the attorney-client privilege and work product doctrine, seeks information which is confidential and private, and seeks the disclosure of information that is protected by federal and state law from being disseminated. Further, this Interrogatory seeks the production of information which is not relevant to this litigation.

Dkt. 31 at 8, 9.

Plaintiff served the Third Discovery Requests, including Interrogatory No. 14 and RFP No. 25 on September 14, 2018, and Defendant responded on October 15, 2018[1]. On October 16, 2018, Plaintiff emailed Defendant a list of deficiencies in Defendant's response, requesting to discuss them with Defendant "today or tomorrow." Dkt. 31 at 15. On October 18, 2018, the parties conferred by telephone to discuss the discovery issues, but they were unable to come to agreement. *Id* at 3; Dkt. 56 at 5. Defendant's counsel requested additional time for their client to consider the discovery request. *Id*. Plaintiff filed the instant motion on October 18, 2018. Dkt. 30.

The discovery cutoff was October 29, 2018.

II. STANDARD FOR RELIEF ON MOTION TO COMPEL.

---

[1] The parties dispute whether Defendant timely responded. Resolving the issue is inconsequential to the merits of the instant motion.

ORDER ON PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY AND MOTION TO SEAL - 3

1    Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any

2    party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

3    Courts consider: the importance of the issues at stake in the action, the amount in controversy,

4    the parties' relative access to relevant information, the parties' resources, the importance of the

5    discovery in resolving the issues, and whether the burden or expense of the proposed discovery

6    outweighs its likely benefit. *Id*. The proportionality factor is not "intended to permit the opposing

7    party to refuse discovery simply by making a boilerplate objection that it is not proportional."

8    *Id*., Cmt to 2015 Amendment.

9    Where the discovery requested falls within Rule 26(b)(1), a party may move to compel

10   discovery if it has conferred with the opposing party in good faith. *See* Fed. R. Civ. P. 37(a)(1).

11   The sufficiency of the meet and confer requirement is satisfied.

12   III.    DISCUSSION.

13   In moving to compel the discovery, Plaintiff argues that the discovery sought is relevant

14   and proportional, and that Defendant's responses are inadequate and its objections unavailing.

15   Dkt. 30 at 6-12. Plaintiff contends that its discovery request should be construed to include

16   requests for accommodation on religion grounds.

17   Defendant defends its discovery responses by making two primary arguments. First,

18   Defendant argues, religious accommodation requests are irrelevant discovery and have never

19   been at issue in previous discovery exchanges. Dkt. 55 at 8, 9. Second, Defendant argues,

20   Defendant should only be required to produce discovery for a narrowly tailored number of

21   disability/medical accommodation requests. *Id*. at 9-12. Defendant seeks to limit the scope of its

22   production to include only stores within the same division where Plaintiff worked and to

23   accommodation requests granted after the injection policy became effective, in April of 2017.

24

Defendant also seeks protection from producing invasive, private and person employee information. *Id*. at 9-12.

As an initial matter, the Court finds that Plaintiff's discovery requests, Interrogatory No. 14 and RFP No. 25, seek relevant discovery.

Concerning the proportionality of the discovery Plaintiff seeks to compel, Defendant's self-imposed limits on its production of discovery, outlined in its Objections, provide a useful framework for analysis.

**1. Request for religious accommodation.**

Defendant's Objections would limit production of discovery to "medical/disability accommodations only from [the] April 15, 2017 mandatory injection policy." Plaintiff interprets this to exclude production of any discovery on religious accommodations. The parties disagree about the discoverability of Defendant's religious accommodations to the policy.

According to Defendant, discovery on its religious accommodations to the April 15, 2017 policy is irrelevant, because in this case, Plaintiff on disability grounds requested a complete exemption from injecting any patients, whereas in the religious accommodation context, pharmacist-employees seek exemption from only certain types of immunizations. Dkt. 55 at 8. The Court disagrees. This argument ignores Plaintiff's core theory that Defendant denied the accommodation of a needle-less injection device, which apparently works for some, but not all immunization types.

Defendant next argues that producing discovery on its religious accommodations to the April 15, 2017 policy is unduly burdensome. Defendant opines that religious accommodation requests are not organized and tracked like disability accommodation requests, and it is difficult for Defendant to discern where the information is located, because it cannot be found within a

particular department. Dkt. 55 at 8, 9. Defendant represents that it could take several weeks to locate this discovery, which must then be reviewed prior to its production. *Id*.

As a general matter, the corporate organizational structure of Defendant should not shield its production of otherwise discoverable information. However, because trial is quickly approaching, other discovery remains outstanding, and Plaintiff did not expressly request discovery on religious accommodations previously, religious accommodations discovery should be cabined, in two ways. First, Defendant may limit production of its religious accommodations discovery to Division M. Second, Defendant may limit production of its religious accommodations discovery to accommodation letters issued by Defendant, and Defendant need not produce claim file notes. Defendant may redact information as appropriate. These limitations should not be construed to apply beyond religious accommodations discovery. For medical/disability accommodations, case file notes and accommodation letters should be produced, although Defendant may redact as appropriate.

Defendant is HEREBY COMPELLED to produce discovery for both medical/disability and religious accommodations to the April 15, 2017 policy as follows. Defendant may limit production of religious accommodations discovery to Division M only and to accommodation letters. Defendant shall produce both claim file notes and accommodation letters for medical/disability accommodation requests.

**2. Granted/denied requests for accommodation and their timing.**

Defendant's Objections would limit production of discovery to "only those who were <u>granted</u> an accommodation <u>after</u> the April 15, 2017 policy became mandatory." These two conditions, which limit discovery to only granted accommodation requests and to accommodations made after the policy became mandatory, are indefensible limitations on

discovery. As a practical matter, because Defendant announced its mandatory immunization policy in April of 2016, *see* Dkt. 41 at 2, 3, the timing of accommodation requests would not appear to an undue burden.

Defendant is HEREBY COMPELLED to produce discovery for denied, granted, and otherwise processed accommodation requests to the April 15, 2017 policy, without limitation as to their timing, whether before or after the policy became mandatory.

### 3. Confidential and privacy concerns.

Defendant's Objections would limit "[f]or privacy reasons, and to ensure no laws are violated" both "the names of the individuals who requested the accommodation" and "the specific type of accommodation requested if that accommodation reveals the medical condition/disability at issue."

Plaintiff has not shown a compelling reason for Defendant to disclose identifying information of non-parties, such as their names. The probative value would appear minimal. Defendant may redact identifying information. However, even if the specific type of accommodation requested reveals the medical conditions/disability at issue, the discovery should be produced, and to that extent, the discovery is HEREBY COMPELLED.

### 4. Accommodation requests involving reassignment.

Defendant has unilaterally limited its discovery production to "not include those who [requested accommodations to the policy and] were reassigned."

Discovery to be produced should include discovery for employees who requested an accommodation to the April 15, 2017 policy and were reassigned, and to that extent, Defendant is HEREBY COMPELLED to produce this discovery.

IV. MOTION TO SEAL (Dkt. 60).

Pursuant to the stipulated Protective Order (Dkt. 17), Plaintiff filed Exhibit G (Dkt. 61) under seal, because Defendant designated the document as "confidential." Dkt. 60. However, Plaintiff states, "if . . . the Court finds that the . . . designation should be removed from the document, Plaintiff agrees with that determination." *Id*. at 2, 3.

Defendant did not file a Response to the motion.

Exhibit G appears to be an internal claims log narrating communications between Wal-Mart employees and Plaintiff regarding her request for accommodations. *See* Dkt. 61. The document discusses "medical documentation" and some details of Plaintiff's disability. *Id*.

Although the sensitivity of medical records could provide reason to Exhibit G under seal, Plaintiff, whose disability is at issue, would like to unseal the document. The undersigned is aware of no other basis to keep Exhibit G under seal, nor are any redactions apparent. *See* W.D.Wash. LCR 5.2. Therefore, the Motion to Seal should be denied, and Exhibit G should be unsealed.

* * *

The above rulings on specific discovery requests are HEREBY INCORPORATED herein. Plaintiff's Third Motion to Compel Discovery is (Dkt.30) is GRANTED IN PART.

Defendant SHALL PRODUCE all discovery ordered above, except for religious accommodation discovery, by Monday, November 19, 2018. The religious accommodation discovery shall be produced on a rolling basis, but no later than Monday, December 3, 2018.

The discovery deadline, which has elapsed, is otherwise not modified.

The Motion to Seal (Dkt. 60) is DENIED. The Clerk is directed to unseal Exhibit G (Dkt. 61).

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 9th day of November, 2018.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge