UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI JACOBS, <br><br> Plaintiff, <br> v. <br><br> WAL-MART STORES, INC., a Delaware corporation, <br><br> Defendant. | CASE NO. 3:17-cv-05988-RJB <br><br> ORDER ON DEFENDANT'S MOTION TO COMPEL RULE 35 PHYSICAL EXAMINATION |

THIS MATTER comes before the Court Defendant's Motion to Compel Rule 35 Physical Examination. Dkt. 34. Plaintiff has filed a corresponding motion to seal, which is not addressed by this Order because that has been renoted for consideration alongside a related motion to seal. Dkts. 87, 97. The Court has considered the motion to compel and the remainder of the file herein. As explained below, Defendant's motion should be granted.

A. <u>Background.</u>

According to the Complaint, Defendant wrongfully terminated and discriminated against Plaintiff on the basis of disability. It is alleged that Defendant terminated Plaintiff, a staff

ORDER ON DEFENDANT'S MOTION TO COMPEL RULE 35 PHYSICAL EXAMINATION - 1

pharmacist and employee for Defendant for approximately twenty years, because she was unable to perform immunization injections due to medical conditions of cerebral palsy and multiple sclerosis. Dkt. 1 at ¶¶8, 9, 11, 17. The Complaint alleges that although Defendant initially made accommodations for Plaintiff's physical disability, Defendant ultimately terminated Plaintiff and denied reasonable requests for accommodation. *Id.* at ¶¶19, 21, 23.

Defendant seeks an independent medical examination (IME) of Plaintiff under Fed. R. Civ. P. 35, under the theory that Plaintiff has placed her physical condition at issue. Dkt. 34 at 1. The purpose of the IME, Defendant summarizes, is "[t]o evaluate . . . [Plaintiff's] physical ability to use a Pharmajet® to inject vaccines into patients, perform necessary emergency measures, and whether she could continue to do both safely until 2022[1] as she claims[.]" *Id.* at 6. Defendant requests examination by neurologist Dr. Barbara Jessen "or another qualified physician" on a mutually agreeable date in the Seattle/Tacoma area. *Id.* at 2; Dkt. 88 at 4.

Plaintiff objects to the IME on two primary grounds, arguing that Defendant's motion is untimely and that Plaintiff's physical condition is not "in controversy," as required by the rule. Dkt. 64 at 9-13. Plaintiff also moves to strike two paragraphs of opposing counsel's declaration, *id.* at 8, but the motion to strike need not be reached, because neither paragraph is material to the merits of Defendant's motion.

Defendant filed the instant motion on October 19, 2018. Dkt. 34. Deadlines for discovery motions and discovery generally elapsed on October 9, 2018 and October 29, 2018, respectively. Dkt. 13.

B. <u>Rule 35 Standard.</u>

---

[1] The Reply refers to 2023, a difference with no bearing on the merits of this motion.

ORDER ON DEFENDANT'S MOTION TO COMPEL RULE 35 PHYSICAL EXAMINATION - 2

Under Rule 35, courts may order physical or mental examinations of a party whose physical or mental condition is in controversy. Fed. R. Civ. P. 35(a)(1). Examinations may be ordered upon a showing of good cause and notice, and courts "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).

C. Discussion.

According to Defendant, a Rule 35 examination is justified because "[t]he entire basis of plaintiff's claims is, literally, her physical condition." Dkt. 34 at 1. Defendant argues that allegations in the Complaint and the expert report of Mr. Bill Downing, Plaintiff's expert, have placed at issue whether Plaintiff's physical disability prevents her from using a Pharmajet® needle-less injection device, both now and in the future, which is an issue that could be inquired into with an IME. *Id*. at 3, 5.

Plaintiff counters by making two primary arguments. First, Plaintiff objects to the motion's untimeliness, because the discovery motions deadline elapsed on October 9, 2018, and Defendant filed this motion on October 19, 2018. Dkt. 64 at 9. Plaintiff acknowledges that she disclosed the expert report of Bill Downing on October 8, 2018, the day before the discovery motions deadline. However, Plaintiff argues, Defendant bears the fault for any delay, because Mr. Downing's report was based on discovery due in May but not provided by Defendant until late August, and Defendant possessed all information relied upon by Mr. Downing long before the issuance of his report. *Id*. at 9, 10.

Second, Plaintiff argues, Plaintiff's disability is not "in controversy" are required by Rule 35, because Plaintiff's disability has never been in dispute. Dkt. 64 at 10, 11. In support, Plaintiff cites *inter alia* internal decision-making communications of Defendant, deposition testimony,

and a letter from Defendant formally rejecting Plaintiff's request for accommodation of an injector pen. In the letter, Defendant denies accommodation "because the injection pens are not compatible with the immunizations that are provided in the Pharmacy[,]" not because of Plaintiff's physical inability. Dkt. 67 at 27.

Plaintiff's opposition to the IME is understandable, but ultimately unpersuasive. Viewing the record from the perspective of the defense, Plaintiff's physical condition is at issue, and reasonably so. After Defendant announced its policy that pharmacists would be required to immunize clients, Plaintiff filed two requests for accommodation, using Wal-mart forms. The first form submitted requests an accommodation that Plaintiff be exempted from doing any immunizations, ever, while the second form submitted seeks "use of an injection pen to perform vaccinations requiring injections." Dkt. 65 at 57, 69; Dkt. 65-1 at 35. Differences between the two requests for accommodation may raise the question of whether and why things shifted, and assessing Plaintiff's physical condition could shed light on the reason for any change. In addition, Plaintiff has testified that she would have continued to keep working "until I was a hundred at Wal-Mart[,]" Dkt. 65-1 at 11, or, ostensibly, until retirement. The proposed IME can assess the degree to which Plaintiff could have continued working, e.g., with accommodation of an injection pen. In short, Plaintiff's physical condition is in controversy.

Plaintiff's timeliness objection is not without some merit. However, Defendant's need for the IME came into better focus after the disclosure of Mr. Downing's expert report, which was provided to Defendant one day before the discovery deadline of October 9th. Thereafter, Defendant proposed scheduling the IME for October 24th, a date prior to the discovery cutoff of October 29th. Defendant may be at fault, at least in part, for the compressed timeline, but under the circumstances, extending the discovery motions deadline is appropriate.

Defendant's opportunity to conduct an IME is not without limits. The examination may assess Plaintiff Lori Jacobs' spasticity and lack of motor control, including whether she can and could continue to use a PharmaJet® or similar device. Because trial is quickly approaching, an IME must be conducted by December 28, 2018 or a date agreeable to both parties. It is expected that the parties will be able to come to an agreement about "another physician" other than Dr. Jessen. *See* Dkt. 88 at 4.

* * *

THEREFORE, it is HEREBY ORDERED:

Defendant's Motion to Compel Rule 35 Physical Examination (Dkt. 34) is GRANTED. Defendant may conduct an independent physical examination of Plaintiff Lori Jacobs under Fed. R. Civ. P. 35, subject to the following conditions:

(1) The examination shall be conducted by a person mutually agreeable to the parties.

(2) The examination shall be conducted by December 28, 2018 or a date agreeable to both parties in the Seattle/Tacoma area.

(3) The discovery deadline is otherwise not modified.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of November, 2018.

*[signature]*

ROBERT J. BRYAN
United States District Judge