UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI JACOBS,<br><br>                        Plaintiff,<br>     v.<br><br>WAL-MART STORES, INC., a Delaware corporation,<br><br>                        Defendant. | CASE NO. 3:17-cv-05988<br><br>ORDER ON PLAINTIFF'S MOTION TO QUASH SUBPOENAS AND DEFENDANT'S MOTION TO COMPEL THIRD-PARTIES TO COMPLY WITH SUBPOENAS DUCES TECUM |

TWO MATTERS come before the Court, Plaintiff's Motion to Quash Subpoenas and Defendant's Motion to Compel Third-Parties to Comply with Subpoenas Duces Tecum. Dkts. 48, 79. The motions have been consolidated, because they are, in essence, cross-motions.

**A. Background.**

The facts essential to resolving the motions are largely undisputed.

It is alleged that Defendant wrongfully terminated and discriminated against Plaintiff on the basis of disability. According to the Complaint, Defendant terminated Plaintiff, a staff

ORDER ON PLAINTIFF'S MOTION TO QUASH SUBPOENAS AND DEFENDANT'S MOTION TO COMPEL
THIRD-PARTIES TO COMPLY WITH SUBPOENAS DUCES TECUM - 1

pharmacist and employee of Defendant for approximately twenty years, because she was unable to perform immunization injections due to medical conditions of cerebral palsy and multiple sclerosis. Dkt. 1 at ¶¶8, 9, 11, 17.

On October 18, 2018, Defendant notified Plaintiff via email of three third-party subpoenas for disability benefit and insurance records. Defendant served subpoenas on the Social Security Administration (SSA), Liberty Mutual Insurance, and Lincoln Financial Group on October 24th, October 26th, and October 19th, respectively. Dkt. 49 at 6, 7, 11, 15; Dkt. 69-1 at 24, 26, 29. Although the discovery deadline was to elapse on October 29, 2018, Dkt. 13, the subpoenas requested discovery by November 2, 2018. By phone conference held on October 25, 2018, the parties discussed the subpoenas' timeliness, which was unresolved by the meeting. *Id.* at 3. Thereafter, on October 26, 2018, Defendant amended subpoenas seeking return of discovery by October 29, 2018. *See id.* at 8. Because of office closures, Defendant did not serve the amended subpoena on the SSA until after the discovery deadline.

At least as of April of 2017, Defendant possessed internal files documenting short-term disability benefits received by Plaintiff. Dkt. 80 at ¶6; Dkt. 49 at ¶4. Internal files also point to Defendant's knowledge of Plaintiff's long-term disability benefits, at least by April of 2018, if not before. Dkt. 92 at ¶¶2-5. On October 29, 2018, Defendant deposed the spouse of Plaintiff, Mr. Jon Jacobs, who testified[1] that Plaintiff received retroactive SSA benefits, and that Plaintiff receives monthly SSA benefits beginning in November of 2018. Dkt. 80 at ¶5.

Plaintiff filed the motion to quash the subpoenas on October 25, 2018. Dkt. 48. Defendant filed its motion to compel the third-parties to comply with the subpoena duces tecum

---

[1] In an attachment to Plaintiff's pleadings, Plaintiff objects to the representation by defense counsel about Mr. Jacobs' testimony as hearsay that should be stricken. Dkt. 92 at ¶6.

ORDER ON PLAINTIFF'S MOTION TO QUASH SUBPOENAS AND DEFENDANT'S MOTION TO COMPEL THIRD-PARTIES TO COMPLY WITH SUBPOENAS DUCES TECUM - 2

1  on November 8, 2018. Dkt. 79. Both the SSA and Liberty Life Assurance Group ("Liberty"), on

2  behalf of Liberty Mutual Insurance and Lincoln Financial Group, are apparently willing to

3  produce discovery if ordered by the Court. *Id*. at 1, 2.

**B. Discussion.**

Plaintiff objects to the third-party subpoenas on two primary grounds, untimeliness and overbroad scope. Each argument is addressed in turn.

1.  <u>Untimeliness.</u>

In Plaintiff's view, issuing the subpoenas on October 18, 2018 was far too late, because the existence of the discovery sought, disability benefit and insurance records, has been known to Defendant at least since 2017, when Plaintiff applied for short-term disability. Dkt. 48 at 1, 2. Defendant was aware of long-term benefits at least by April of 2018, if not before, Plaintiff contends. Dkt. 92 at ¶¶2-5. Payout of social security benefits was disclosed in tax returns possessed by Defendant in April of 2018, Dkt. 83 at 2, but at the very latest, Plaintiff argues, Defendant was aware of the existence of SSA records when Plaintiff testified about them, on September 11, 2018, yet Defendant waited another five weeks to subpoena them. *Id*.

Defendant argues that any error with its subpoenas, if any, was clerical in nature. Although the subpoenas inadvertently requested discovery by November 2, 2018, a date after the discovery deadlines, once Defendant realized the mistake, it immediately took steps to amend subpoenas for discovery by October 29, 2018. Dkt. 79 at 3, 4. Defendant acknowledges that, due to office closures, service of the amended subpoena to the SSA was not completed prior to the discovery deadline, but, Defendant highlights, the third-parties subpoenaed are willing to comply with the subpoenas, if ordered to produce discovery. *Id*. at 4.

It appears that Defendant has intended to comply with the spirit, if not the rule, of the discovery deadline, and that the original return date for the discovery was an oversight. When Defendant notified Plaintiff of the third-party subpoenas, but for its error noting them for November 2nd, the subpoenas could have requested return of discovery by the discovery deadline of October 29th, or sooner. When notified of its erroneously-noted subpoenas, Defendant immediately took steps to amend them. The subpoenas are served not on Plaintiff, but on third-parties, which have assured Defendant of their willingness to produce discovery if so ordered. Plaintiff is probably correct that Defendant could have first served third-party discovery earlier in the case, but given the pace of the discovery exchange during the last couple months, the clerical error in noting the wrong date on the third-party subpoenas is the type of mistake easily made, but easily remedied.

In short, the discovery deadline should be extended for Defendant to obtain discovery from the SSA and Liberty.

2. <u>Scope</u>.

Plaintiff argues that the scope of information sought should be limited to statements by Plaintiff and her physicians, which is the "the only potentially relevant information." Dkt. 48 at 4. Information about disability payout is irrelevant, Plaintiff argues, because the collateral source rule bars deducting such payouts from any award of damages. Dkt. 83 at 4-6. As elaborated at length in other precedent, Plaintiff opines, allowing such a deduction from an award of damages would amount to a windfall and "discrimination bonus" to Defendant. *Id*.

Citing counter-authority, Defendant argues that the collateral source rule does not apply. Dkt. 99 at 3. Defendant distinguishes Plaintiff's authority on the basis that Plaintiff's cases involved deducting medical expenses from damages awarded to a tortfeasor who was previously

ORDER ON PLAINTIFF'S MOTION TO QUASH SUBPOENAS AND DEFENDANT'S MOTION TO COMPEL THIRD-PARTIES TO COMPLY WITH SUBPOENAS DUCES TECUM - 4

paid-out. *Id*. at 2, 3. Defendant argues in the alternative that if the collateral source rule does apply, its application may be discretionary, which is all the more reason to give Defendant the chance to complete discovery on award of disability and social security benefits. *Id*.

Plaintiff's scope argument is better framed as a motion in limine to be resolved at or before trial. The discovery sought is relevant and proportionate in scope.

3. <u>Conclusion</u>.

Plaintiff's motion to quash should be denied.

Defendant's motion to compel should be granted to the extent that the subpoenas issued by Defendant as to the SSA and Liberty are valid and enforceable, and should be complied with. The discovery deadline for this third-party discovery is extended.

* * *

THEREFORE, it is HEREBY ORDERED:

(1) Plaintiff's Motion to Quash Subpoenas (DKT. 48) is DENIED.

(2) Defendant's Motion to Compel Third-Parties to Comply with Subpoenas Duces Tecum (Dkt. 79) is GRANTED as follows.

The October 18, 2018 subpoena to the Social Security Administration and October 18 and 26, 2018 subpoenas to Liberty Life Assurance Company of Boston, which seek records pertaining to Plaintiff Lori Jacobs, are valid and enforceable, and should be complied with. The discovery deadline is extended to December 28, 2018 to allow the Social Security Administration and Liberty Life Assurance Company of Boston to produce third-party discovery.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of November, 2018.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge