UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI JACOBS,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WAL-MART STORES, INC.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 3:17-cv-05988-RJB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

　　　　THIS MATTER comes before the Court on two matters, Defendant's Motion for Leave to Amend Answer, Dkt. 93, and Plaintiff's Motion for Partial Summary Judgment. Dkt. 71. Defendant's Motion for Leave to Amend Answer seeks leave to add three affirmative defenses, two of which are opposed by Plaintiff in her Motion for Partial Summary Judgment. *Id*. at 22-24. Other than the extent to which this Order addresses leave to amend for Defendant's proposed affirmative defenses, this Order does not reach the merits of Plaintiff's motion for summary judgment.

ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

In summary, Defendant's motion for leave should be granted, and Plaintiff's motion should be denied in part to the extent it seeks to preclude leave to amend.

**1. Background.**

This action was initiated by Complaint on November 28, 2017, and Defendant filed an Answer on March 6, 2018. Dkts. 1, 14. The Scheduling Order set deadlines, including those for discovery (October 29, 2018), dispositive motions (November 27, 2018), and trial (February 15, 2019). Dkt. 13. On November 8, 2018, Plaintiff filed a Motion for Partial Summary Judgment. Dkt. 71. Plaintiff's motion seeks to preclude two affirmative defenses not previously raised, undue hardship and failure to mitigate damages. *Id*. at 22-24. On November 15, 2018, Defendant filed this pending motion, seeking leave to amend its Answer to add several affirmative defenses. Dkt. 93.

The Answer filed by Defendant on March 6, 2018 raises two affirmative defenses:

1. Plaintiff fails to state . . . claims upon which relief can be granted.

2. Giving customers injections became part of the essential functions of all Wal-Mart pharmacists as of April 15, 2017, and Defendant attempted to work with Plaintiff after that date in an attempt to find other positions which did not require giving injections[.]

*Id*. at 4.

The Proposed Amended Answer (PAA) proposes three additional affirmative defenses: (1) undue hardship, (2) failure to mitigate damages, and (3) judicial estoppel. Dkt. 94-1 at 86-92. Defendant would sustain <u>undue hardship</u>, the PAA alleges, because of the financial hardship that would result from two suggested accommodations, double staffing pharmacists whenever Plaintiff is on duty, or asking immunization customers to return on another date or time, which would decrease customer satisfaction and retention. *Id*. at ¶8. The PAA alleges that Plaintiff <u>failed to mitigate damages</u> by not making reasonably diligent efforts to secure other employment.

*Id.* at ¶6. The PAA alleges that Plaintiff is <u>judicially estopped</u> from alleging a "disability" because of incompatible contentions made in her application for Social Security benefits, and as a result, any claims for lost pay or future pay should be barred or offset by any benefits received. *Id.* at ¶¶5, 7.

**2. Rule 15 standard.**

"Rule 15(a) is designed to facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011).Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." This is a policy to be applied with extreme liberality. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Courts may consider numerous factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice is the touchstone of the inquiry, wherein "[n]ot all of the factors merit equal weight." *Id*.

**3. Discussion.**

Before applying the *Foman* factors, the Court should first address two preliminary arguments raised by Plaintiff.

Plaintiff argues that before analyzing leave to amend under Rule 15(a), the Court must first find "good cause" to modify the Scheduling Order under the more stringent standard of Rule 16. Dkt. 98 at 2. The argument lacks merit, because there is no deadline for filing motions for leave to amend in the Scheduling Order. *See* Dkt. 13 at 1. If the motion for leave to amend

proposed to join parties, the good cause standard would apply, because the Scheduling Order set an April 30, 2018 deadline for motions to join parties, *see id.* at ln 14, but the motion for leave here seeks to add affirmative defenses. The Scheduling Order has no deadline for filing motions for leave to amend generally or for asserting affirmative defenses, so Rule 16 is inapposite. The proper framework for analyzing Defendant's motion is Rule 15, and the *Foman* factors.

Plaintiff argues that the affirmative defenses proposed should have been pleaded affirmatively by Defendant under Rule 8. Dkt. 71 at 22. Defendant does not directly respond to this argument. *See* Dkt. 83; Dkt. 107 at 9, 10; Dkt. 144. Rule 8(c)(1) enumerates defenses that must be affirmatively stated, including "estoppel," a doctrine arguably related to judicial estoppel. Undue hardship and failure to mitigate are not specifically listed in the non-inclusive list of defenses that must be affirmatively stated. *See* Fed. R. Civ. P. 8(c)(1). Ultimately, however, whether the three proposed affirmative defenses must be affirmatively stated or not is immaterial, because Defendant has affirmatively proposed them.

Turning first to prejudice, the Court finds that Plaintiff will suffer only minimal prejudice, if any. As developed in Defendant's motion, and apparent from the attachments thereto, all three proposed affirmative defenses were explored in discovery. Plaintiff explored financial hardship to Defendant through multiple witnesses. Dkt. 94-1 at 27, 28, 33, 50. At Plaintiff's deposition, Defendant queried Plaintiff about searching for other jobs, an issue also addressed in an expert report. Dkt. 72-2 at 80, 81; *id.* at 62, 63. At the deposition of Mr. Jon Jacobs, Defendant inquired about Plaintiff's social security benefits, and disability benefits had been at least partially disclosed previously. Dkt. 69 at ¶11; Dkt, 49 at 2 ¶5, 20-25. None of the subject areas should surprise Plaintiff. In fact, at least as to the undue hardship and failure to mitigate affirmative defenses, it could be argued, although Defendant has not done so, that

neither affirmative defense need be affirmatively pleaded, and Defendant has only developed its counter-evidence, with no formal pleading and notice required. *See* Fed. R. Civ. P. 8(c)(1).

Plaintiff argues that prejudice is "inherent" by Defendant's belated amendment, and that late change will require the reopening and repeat of discovery, increasing the cost of litigation and potentially delaying trial. Dkt. 98 at 4, 5. Plaintiff offers no specifics about how many witnesses or what written discovery remains outstanding, *see id.*, with two exceptions, when opining that Defendant has not produced discovery on (a) suitable Wal-Mart jobs that Plaintiff should have applied for, and (b) the financial hardship on Defendant for accommodations. Dkt. 71 at 23, 24. If not already produced, any discovery on these two issues should be requested and produced immediately. This Order makes no ruling on whether any particular discovery is admissible evidence at trial.

These two objections aside, the three proposed affirmative defenses center on information already explored and/or in Plaintiff's control or possession. In short, Plaintiff has not shown that it will be materially prejudiced if Defendant is permitted to pursue its three proposed affirmative defenses, especially where Defendant, not Plaintiff, has the burden to prove affirmative defenses at trial. *See, e.g., Sias v. City Demonstration Agency*, 588 F.2d 692, 696 (9th Cir.1978) (failure to mitigate).

Next, considering bad faith, this factor favors Defendant. According to Plaintiff, bad faith is illustrated by Defendant deliberately failing to plead the three proposed affirmative defenses until now, where Defendant "conceded during discovery that there is no evidence to support them, yet now bring[s] an untimely delayed motion[.]" Dkt. 98 at 6. Nothing in the record supports the conclusion that Defendant's delay was deliberate. There is no showing of bad faith.

Next, the futility factor favors Defendant, because the record supports at least an initial, preliminary showing for each affirmative defense. For the undue burden affirmative defense, the record indicates that, in Defendant's view, requesting injection customers to return at a later date or time would cause "significant difficulty or expense." *See* 42 U.S.C. § 12111(10) (definition of undue hardship). Although Defendant has not attached a specific dollar amount or analysis to its alleged hardship, the defense has been developed through deposition testimony and an expert report. Dkt. 94-1 at 28; Dkt. 103-1 at 81-85.

For the failure to mitigate affirmative defense, Plaintiff argues that Defendant has no evidence that a suitable position opened that Plaintiff could have applied to, but did not. Dkt. 98 at 6. However, as Defendant highlights, Dkt. 107 at 10, at least some facts support Defendant's view that Plaintiff should have applied for jobs, but did not. Dkt. 94-1 at 81, 82; Dkt. 102 at 24, citing Dkt. 103-1 at 83, 84.

For the affirmative defense of judicial estoppel, Defendant theorizes that because Plaintiff is "disabled" for WLAD purposes and receives disability benefits, she cannot simultaneously claim that she is not disabled under the ADA and that she can perform the essential job functions of a pharmacist. Dkt. 107 at 9. If she is disabled, Defendant's argument continues, Defendant should be entitled to an offset of any benefits received. Dkt. 93 at 11. Plaintiff argues that the defense is inapplicable, because a Social Security benefits hearing is not a "judicial proceeding," and the definition of "disability" applicable to her disability proceedings differs from the definition applicable to an ADA claim. Dkt. 98 at 6-8.

The parties' arguments on this defense are legal in nature and intertwined with the merits of their summary judgment motions. To avoid prematurely reaching the merits of the parties'

summary judgment motions, the Court should refrain from analyzing the parties' arguments, suffice to find that it does not appear beyond doubt that this this defense is futile.

Finally, considering undue delay, this factor favors Plaintiff. Plaintiff argues that Defendant has no excuse for its undue delay, because considerable time has passed since Defendant had knowledge of the facts underlying the three additional proposed affirmative defenses. Dkt. 98 at 4. Defendant tacitly acknowledges its own delay, arguing that it "moves to conform its technical pleading to the evidence that has been developed here through discovery[.]" Dkt. 144 at 2.

In conclusion, on balance, the *Foman* factors favor granting leave to amend. Although the undue delay factor favors Plaintiff, the factors need not be weighed equally, and the prejudice factor, which favors Defendant, is the touchstone of the inquiry. *Eminence Capital, LLC*, 316 F.3d at 1052. Defendant's motion for leave to amend granted. Defendant should file a clean copy of its Amended Answer within five (5) days of the issuance of this Order. Plaintiff's motion for summary judgment should be denied to the extent the motion seeks to preclude leave to amend.

Other than reaching the issue of whether Defendant should be granted leave to amend, this Order makes no findings on the merits of the three proposed affirmative defenses as raised by Plaintiff's motion for summary judgment.

\* \* \*

THEREFORE, it is HEREBY ORDERED that Defendant Wal-Mart Stores, Inc.'s Motion for Leave to Amend Answer (Dkt. 93) is GRANTED. Defendant Wal-Mart shall file the Amended Answer forthwith, but not later than five (5) days from issuance of this Order.

Plaintiff Lori Jacobs' Motion for Partial Summary Judgment (Dkt. 71 at 22-24) is DENIED IN PART as to the request to preclude leave to amend.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 3rd day of December, 2018.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge