UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI JACOBS, <br><br>                      Plaintiff, <br>    v. <br><br> WAL-MART STORES, INC., <br><br>                      Defendant. | CASE NO. 3:17-cv-5988-RJB <br><br> OMNIBUS ORDER ON FIVE MOTIONS TO SEAL |

    BEFORE the Court are five (5) motions to seal, which have been consolidated for ease of administration. Dkts. 66, 75, 87, 109, and 140. The Court has reviewed each sealed exhibit individually, as well as the parties' briefing filed in support of and in opposition to the motions to seal. The motions to seal should be granted in part and denied in part.

    The parties have agreed to a Stipulated Protective Order, wherein the parties may designate discovery as "confidential" and have agreed to observe the procedure set out in W.D. Local Court Rule 5(g). Dkt. 17. In line with that agreement, Plaintiff has filed several motions to

OMNIBUS ORDER ON FIVE MOTIONS TO SEAL - 1

seal *pro forma*, though Plaintiff's opposes the exhibits' sealing. Dkt. 66, 75, and 140, 148. Separately, Defendant has filed two motions to seal, Dkts. 87, 109, one of which sets out Defendant's support for sealing the exhibits in Plaintiff's two motions and raises three exhibits that, according to Defendant, should have been filed under seal. Dkt. 87 at 3, 4.

In general, the exhibits fall into one of three categories: (1) Wal-Mart internal correspondence with and/or about Plaintiff Lori Jacobs, e.g., Dkt. 29 at 20, 21, Dkt. 67, Dkt. 76 at 23-31; (2) Wal-Mart policies and procedures, e.g., Dkt. 29 at 15-17, Dkt. 32, 76 at 10-22; and (3) Wal-Mart immunization and financial records, e.g., Dkt. 29 at 18, 19, Dkt. 52/147, Dkt. 76 at 69, 70.

In the Western District of Washington "[t]here is a strong presumption of public access to the court's files." W.D.Wash. LCR 5(g). Under LCR 5(g), a motion to seal must include a certification that the parties have met and conferred, which is not disputed in this case, as well as the following:

> A specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
>
> i. The legitimate private or public interests that warrant the relief sought;
>
> ii. The injury that will result if the relief sought is not granted;
>
> iii. Why a less restrictive alternative . . . is not sufficient

LCR 5(g)(3)(B). Where the parties have entered into a stipulated protective order, the party who designates documents as confidential has the burden to satisfy subpart (3)(B). *Id*.

For all pending motions to seal, Defendant has designated the exhibits at issue as confidential, so Defendant has the burden to overcome the presumption of public access. Specific findings for each exhibit are below, but with one exception, Defendant has not met its burden under subpart (3)(B).

1    Defendant argues its exhibits are "confidential," and that they contain proprietary and
2  confidential business and financial matters. Dkt. 87 at 4-7; Dkt. 109 at 6. Defendant disclaims
3  any intent to have certain documents disclosed outside of this litigation and to the public,
4  because the Pharmacy industry is "extremely competitive." *Id.*; *id*. For certain exhibits
5  Defendant proposes that its "business decisions" be redacted. *Id*.
6    Defendant's arguments are conclusory and not compelling. Defendant makes no effort to
7  elaborate <u>what</u> is proprietary or confidential about each exhibit or what injury will be suffered if
8  the documents are open. The private interests, even if legitimate, are not substantiated, and
9  naming the private interest is insufficient to overcome the presumption in favor of open courts.
10  For example, Defendant offers no explanation for why a job description of "Staff Pharmacist,"
11  which appears repeatedly in exhibits, should be withheld from public record. Presumably the job
12  description was available for review by at least Wal-Mart employees, if not the general public.
13  But even if Defendant substantiated its private interests, Defendant has made no effort to show
14  that its interests outweigh the public interest in public proceedings.
15    The exception to Defendant's showing is a document that discusses the personal health
16  information of another employee. Dkt. 141. The document contains enough identifying
17  information about the store and the employee's health condition, and even with redactions the
18  person's identity could be ascertained. Particularly because the person is a non-party, sealing the
19  exhibit is warranted. The same cannot be said for correspondence about Plaintiff, because
20  Plaintiff opposes the motions to seal. Dtk. 148.
21    The Court acknowledges that findings in this Order about certain exhibits may conflict
22  with findings of a prior Order. Dkt. 85. *See* Dkt. 38. The prior Order did not with any depth
23  analyze the merits of the motion to seal, which was filed early in the case and not opposed.
24

OMNIBUS ORDER ON FIVE MOTIONS TO SEAL - 3

1   THEREFORE, the Court HEREBY FINDS that the following exhibits shall be sealed or

2   not sealed, as follows:

| Underlying motion | Exh. #/Dkt. # | Mot to Seal Dkt. # | Finding |
|---|---|---|---|
| Plaintiff's Second Mot. To Compel (Dkt. 28) | | | |
| *Decl. of Stephanie Bloomfield (Dkt. 29)* | Ex. B/Dkt. 29 | Dkt. 87 | Not sealed. |
| | Ex. C/Dkt. 29 | Dkt. 87 | Not sealed. |
| | Ex. D/Dkt. 29 | Dkt. 87 | Not sealed. |
| *Decl. of James Beck (Dkt. 31)* | Ex. C/Dkt. 32 | Dkt. 87 | Not sealed. |
| *Decl. of Stephanie Bloomfield (Dkt. 51)* | Ex. D/Dkts. 52, 147 | Dkt. 87 | Not sealed. |
| Def. Motion to Compel CR Rule 35 Exam (Dkt. 34) | | | |
| *Decl. of Stephanie Bloomfield (Dkt. 65)* | Ex. 3/Dkt. 67 | Dkts. 66, 87 | Not sealed. |
| | Ex. 4/Dkt. 67 | Dkts. 66, 87 | Not sealed. |
| | Ex. 5/Dkt. 67 | Dkts. 66, 87 | Not sealed. |
| | Ex. 6/Dkt. 67 | Dkts. 66, 87 | Not sealed. |
| | Ex. 8/Dkt. 67 | Dkts. 66, 87 | Not sealed. |
| | Ex. 9/Dkt. 67 | Dkts. 66, 87 | Not sealed. |
| Plaintiff's Mot. for Partial SJ (Dkt. 71) | | | |
| *Decl. of James Beck (Dkt. 72)* | Ex. E/Dkt. 76 | Dkt. 75 | Not sealed. |
| | Ex. F/Dkt. 76 | Dkt. 75 | Not sealed. |
| | Ex. G/Dkt. 76 | Dkt. 75 | Not sealed. |
| | Ex. H/Dkt. 76 | Dkt. 75 | Not sealed. |
| | Ex. I/Dkt. 76 | Dkt. 75 | Not sealed. |
| | Ex. K/Dkt. 76 | Dkt. 75 | Not sealed. |
| | Ex. L/Dkt. 76 | Dkt. 75 | Not sealed. |
| | Ex. M/Dkt. 76 | Dkt. 75 | Not sealed. |
| | Ex. N/Dkt. 76 | Dkt. 75 | Not sealed. |
| | Ex. O/Dkt. 76 | Dkt. 75 | Not sealed. |
| | Ex. P/Dkt. 76 | Dkt. 75 | Not sealed. |
| | Ex. R/Dkt. 76 | Dkt. 75 | Not sealed. |
| | Ex. S/Dkt. 76 | Dkt. 75 | Not sealed. |
| | Ex. T/Dkt. 76 | Dkt. 75 | Not sealed. |
| *Decl. of Stephanie Bloomfield (Dkt. 74)* | Ex. E/Dkt. 77 | Dkt. 75 | Not sealed. |
| *Decl. of Stephanie Bloomfield (Dkt. 139)* | Ex. F/Dkt. 141 | Dkt. 140 | SEALED. |
| | Ex. G/Dkt. 142 | Dkt. 140 | Not sealed. |
| Def. Motion for Summary Judgment (Dkt. 102) | | | |
| *Decl. of Lara Kruse (Dkt. 103)* | Ex. B/Dkt. 111 | Dkt. 109 | Not sealed. |
| | Ex. C/Dkt. 112 | Dkt. 109 | Not sealed. |
| | Ex. D/Dkt. 113 | Dkt. 109 | Not sealed. |
| | Ex. G/Dkt. 114 | Dkt. 109 | Not sealed. |

OMNIBUS ORDER ON FIVE MOTIONS TO SEAL - 4

|  | Ex. I/Dkt. 115 | Dkt. 109 | Not sealed. |
|---|---|---|---|
|  | Ex. K/Dkt. 116 | Dkt. 109 | Not sealed. |
|  | Ex. M/Dkt. 117 | Dkt. 109 | Not sealed. |
|  | Ex. N/Dkt. 118 | Dkt. 109 | Not sealed. |
|  | Ex. O/Dkt. 119 | Dkt. 109 | Not sealed. |
|  | Ex. P/Dkt. 120 | Dkt. 109 | Not sealed. |
|  | Ex. Q/Dkt. 121 | Dkt. 109 | Not sealed. |
|  | Ex. R/Dkt. 122 | Dkt. 109 | Not sealed. |
|  | Ex. S/Dkt. 123 | Dkt. 109 | Not sealed. |
|  | Ex. Z/Dkt. 124 | Dkt. 109 | Not sealed. |
|  | Ex. AA/Dkt. 125 | Dkt. 109 | Not sealed. |
|  | Ex. CC/Dkt. 126 | Dkt. 109 | Not sealed. |
|  | Ex. GG/Dkt. 127 | Dkt. 109 | Not sealed. |
|  | Ex. KK/Dkt. 128 | Dkt. 109 | Not sealed. |
|  | Ex. LL/Dkt. 129 | Dkt. 109 | Not sealed. |
|  | Ex. MM/Dkt. 130 | Dkt. 109 | Not sealed. |
|  | Ex. PP/Dkt. 131 | Dkt. 109 | Not sealed. |
| *Decl. of Susanne Hiland (Dkt. 105)* | Ex. A/Dkt. 132 | Dkt. 109 | Not sealed. |
|  | Ex. B/Dkt. 133 | Dkt. 109 | Not sealed. |
|  | Ex. C/Dkt. 134 | Dkt. 109 | Not sealed. |
|  | Ex. D/Dkt. 135 | Dkt. 109 | Not sealed. |
| *Decl. of Patti Bennett (Dkt. 106)* | Ex. 1/Dkt. 136 | Dkt. 109 | Not sealed. |
|  | Ex. 2/Dkt. 137 | Dkt. 109 | Not sealed. |

Given the above findings about the sealing of exhibits, it is FURTHER ORDERED that the following motions to seal are DENIED:

- Plaintiff's Motion to Seal Exhibits 3-6 and 8-9 to the Declaration of Stephanie Bloomfield in Opposition to Defendant's Motion for Rule 35 Exam (Dkt. 66)

- The Motion to File Under Seal Exhibits to the Declarations of James W. Beck and Stephanie Bloomfield in Support of Plaintiff's Motion for Partial Summary Judgment (Dkt. 75)

- Defendant's Motion For an Order to Seal Exhibits (Dkt. 87)

- Defendant's Motion For an Order to Seal Exhibits (Dkt. 109)

The Motion to Seal Exhibits F and G to Reply Declaration of Stephanie Bloomfield (Dkt. 140) is GRANTED IN PART as to Exhibit F (Dkt. 141), which shall remain sealed. The motion is OTHERWISE denied.

The Clerk is directed to unseal exhibits accordingly.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 14th day of December, 2018.

 *Robert J. Bryan*
 ROBERT J. BRYAN
 United States District Judge