The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI JACOBS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WAL-MART STORES, INC., a Delaware corporation,<br><br>　　　　　Defendant. | NO. 3:17-CV-05988-RJB<br><br>DEFENDANT'S MOTION TO STAY COURT PROCEEDINGS PENDING APPEAL<br><br>**Note on Motion Calendar:**<br>**February 15, 2019** |

### I.　INTRODUCTION AND RELIEF REQUESTED

Defendant Wal-Mart Stores, Inc. respectfully moves the Court for a stay of proceedings pending the resolution of Defendant's appeal currently pending in the United States Court of Appeals for the Ninth Circuit, No. 19-35053. Specifically, Defendant requests the Court stay unsealing the documents that are the subject of the appeal and stay the February 25, 2019 trial pending the outcome of this appeal.

Defendant's appeal addresses the application of the "compelling reasons" standard in this Court's Order Denying Defendant's Motion for Reconsideration of Omnibus Order on Five Motions to Seal (Dkts. 179 and 167, respectively). Because this appeal involves the sealing of exhibits currently filed with the court and to be used at trial, a stay of all proceedings pending the resolution of the appeal should be granted. Further, requiring Defendant to continue to trial with

DEFENDANT'S MOTION TO STAY
COURT PROCEEDINGS PENDING    - 1 -
APPEAL - NO. 3:17-CV-05988-RJB

1360087.docx/020119 1438/8247-0015

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

unsealed documents would cause Defendant substantial hardship, irreparable harm and injury, and inequity. Thus, law, equity, and the interests of economy and efficiency all weight in favor of a stay pending appeal.

## II.   BACKGROUND

As this Court knows, the parties agreed to enter into the Protective Order to ensure, in part, that confidential business documents are not disclosed outside of this litigation or to the public through court filings. In accordance with the signed Protective Order (Dkt. 17), both parties filed various Motions to Seal (Dkts. 38, 60, 66, 75, 87, 109, 140). Prior to the Omnibus Order (Dkt 151), the Court entered orders sealing documents (Dkts. 82 and 85). Upon receipt of Plaintiff's Opposition to Defendant's Motion to File Under Seal Exhibits to the Kruse, Hiland and Bennett Declarations (Dkt. 148), counsel for Defendant began preparing a Reply in Support of Defendant's Motion to Seal; however, prior to the passing of the deadline to file its Reply and without filing said Reply, the Court entered its Omnibus Order. Accordingly, Defendant moved for reconsideration of the Omnibus Order (Dkt. 167). Having read the Defendant's Motion for Reconsideration, and apologizing for the premature entry of the Omnibus Order, the Court did not find manifest error in the prior ruling or a showing of new facts or legal authority and entered the Order Denying Motion for Reconsideration (Dkt. 179).

Thus, Defendant filed a Notice of Appeal to the Ninth Circuit on January 22, 2019. The Ninth Circuit issued its Docketing Letter on January 23, 2019, and ordered Defendant's opening brief to be due on March 25, 2019 and Plaintiff's answering brief to be due on April 22, 2019. Trial in this case is scheduled for February 25, 2019, well before the briefing deadline established by the Ninth Circuit.

### A.   **Collateral Order Doctrine**

At first glance, Defendant's appeal of the Order Denying Motion for Reconsideration has the appearance of an interlocutory ruling (i.e., preceding final judgment) that would require

DEFENDANT'S MOTION TO STAY COURT PROCEEDINGS PENDING APPEAL - NO. 3:17-CV-05988-RJB   - 2 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1360087.docx/020119 1438/8247-0015

discretionary review with the appellate court. However, the Collateral Order Doctrine allows an appeal from an interlocutory ruling so long as those rulings conclusively decide an issue separate from the merits of the case and would be effectively unreviewable after final judgment. The Collateral Order Doctrine is a narrow exception to the final-judgment rule. In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), the Supreme Court held to be appealable those orders which "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id*. at 546. For an order to fall under this doctrine, it must "'[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.'" *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008) quoting *Coopers & Lybrand & Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). The *Copley* court found that all three factors were present in its case. *Id.*

> Secrecy is a one-way street: Once information is published, it cannot be made secret again. An order to unseal thus "conclusively determines[s]" that the information will be public. *Id.* For the same reason, such an order is "effectively unreviewable on appeal from a final judgment." *Id.*

*Id.* Here, Defendant is appealing an order that *un*seals corporate financial documents and other internal corporate documents which would make it unreviewable at the end of the case where the documents have already been disclosed and the damage has been done. The court in *Copley* goes on to distinguish *United States v. Hickey*, 185 F.3d 1064 (9th Cir. 1999) where the same found that they lacked jurisdiction to hear the appeal of an order sealing financial affidavits. The court found that "[t]hat order did not conclusively determine the affidavits' secrecy because the government could file a renewed motion to unseal after the trial was over." *In re Copley Press, Inc.*, 518 F.3d at 1025. Additionally, whether the documents in this case are sealed is an issue

DEFENDANT'S MOTION TO STAY
COURT PROCEEDINGS PENDING         - 3 -
APPEAL - NO. 3:17-CV-05988-RJB

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1360087.docx/020119 1438/8247-0015

"completely separate" from Plaintiff's claims and the merits of the case where, even if sealed, the documents could still be used at trial. Although this appealed order was ruled upon prior to the close of the case, the Ninth Circuit has jurisdiction under the Collateral Order Doctrine.

### III.   STATEMENT OF ISSUES

Whether this Court should grant Defendant's Motion to Stay Pending Appeal?

### IV.   EVIDENCE RELIED UPON

Defendant's Motion is based on the records and pleadings on file with the Court.

### V.   ARGUMENT AND AUTHORITY

A.   **Applicable Legal Standard**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v North American Co.*, 299 U.S. 248, 254 (1936). Indeed, a "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). It is therefore well within this Court's discretion to grant a stay of its own proceedings pending the outcome of proceedings in another court, *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)--particularly where that other court is the Federal Circuit Court and the other proceedings entail review of the District Court's rulings in the same case, *c.f.,CREW v. Office of Admin.*, 593 F.Supp.2d 156 (D.D.C. 2009) (D.C. District Court granting stay pending appeal to the D.C. Circuit); *United States v. Fourteen Various Firearms*, 897 F.Supp. 271, 273 (E.D.Va. 1995) (District Court granting motion to stay pending appeal by holding that United States would suffer irreparable harm absent entry of stay); *Isaly Co. v. Kraft, Inc.*, 622 F.Supp. 62 (M.D. Fla. 1985) (District Court held that defendant was entitled to stay pending appeal since denying stay would moot appeal).

The factors governing the issuance of a stay pending appeal are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the

DEFENDANT'S MOTION TO STAY COURT PROCEEDINGS PENDING APPEAL - NO. 3:17-CV-05988-RJB    - 4 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1360087.docx/020119 1438/8247-0015

applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  Each factor, however, need not be given equal weight.  *See Providence Journal Co. v. Federal Bureau of Investigation*, 595 F.2d 889, 890 (1st Cir. 1979) (granting stay pending appeal).  "To obtain a stay, pending appeal, a movant must establish a strong likelihood of success on the merits, or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor." *Merial Ltd. v. Cipla Ltd.*, 426 Fed. App'x 915, 915 (Fed. Cir. 2011) (unpublished) (citing *Hilton v. Braunskill*, 481 U.S. at 778).

The likelihood of success and irreparable injury prongs are accorded more weight than the balance of hardships and the public interest.  *See In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent, Litig.*, 449 Fed. App'x 35, 36 (Fed. Cir. 2011); *Standard Havens Prods. Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990) ("When harm to applicant is great enough, a court will not require 'a strong showing' that applicant is 'likely to succeed on the merits.' "); *E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278 (Fed. Cir. 1987) ("In considering whether to grant a stay pending appeal, this court assesses movant's chances for success on appeal and weighs the equities as they affect the parties and the public."); *accord County of Sonoma*, 2011 WL 4536894, at *1.

Here, Defendant has a strong likelihood of success on appeal since the Court did not apply the "compelling reasons" standard.  It also erred in holding that highly confidential financial information is not sealable.  Thus, absent a stay, this case will proceed to trial with the exhibits at issue being open to the public, both through the now unsealed filings and in open court, and will cause Defendant significant harm, while causing no injury to Plaintiff, or to the public.  Quite simply, absent a stay, the public, including Defendant's competitors, will receive sufficient information to understand the parties' claims and defenses during the course of trial,

DEFENDANT'S MOTION TO STAY
COURT PROCEEDINGS PENDING         - 5 -
APPEAL - NO. 3:17-CV-05988-RJB

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1360087.docx/020119 1438/8247-0015

such that this information can be used in future cases against Defendant and as a means to gain a competitive marketing and business edge against Defendant in a highly competitive pharmacy market.  A stay would simply postpone disclosure for a limited period of time until the Federal Circuit has had an opportunity to rule on Defendant's appeal.  A stay pending appeal is therefore warranted.

### B. The Court Erred In Not Applying The Compelling Reasons Standard

Defendant moved to seal the exhibits based on existing Ninth Circuit precedent that documents attached to dispositive motions would be sealed as long as Defendant presented compelling reasons that outweigh the public interest.  Courts applying the "compelling reasons" standard have consistently found that information of the precise type that is at issue here should be sealed.  The Court quoted six decisions from Defendant's Motion for Reconsideration in its Order Denying Defendant's Motion in an attempt to show that Defendant only provided scenarios that **would** result in competitive harm, but did not specify injury as required by the local rule.  The Court called these "statements," but they were Ninth Circuit case law opinions.  Otherwise stated, the case law does not provide that the harm must be actual harm already inflicted; rather, the harm must only be "potential" or that it "could" occur if the documents were to be disclosed.  *SMD Software, Inc. v. EMove, Inc.*, 2011 WL 3652754, at *3 (E.D.N.C. Aug. 18, 2011) (profit and loss statements should be sealed because they "contain business information <u>potentially</u> harmful to their competitive standing.") (emphasis added); *In re Elec. Arts Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008); *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978) ("[t]here are compelling reasons to seal confidential business information where judicial documents, if disclosed, <u>could</u> cause a litigant to suffer competitive harm.") (emphasis added).  The harm that will result from the disclosure of the detailed financial information and internal corporate policies and procedures at issue here is not speculative.  For instance, as Defendant established through the declaration of Michael Glenn in support of its motion for

DEFENDANT'S MOTION TO STAY COURT PROCEEDINGS PENDING APPEAL - NO. 3:17-CV-05988-RJB

- 6 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1360087.docx/020119 1438/8247-0015

reconsideration, competitors will be able to use Defendant's comparable profit, loss and cost information to Defendant's disadvantage. (Dkt. 167).

The Court erred by only applying the local rule and failing to apply the Ninth Circuit precedent "compelling reasons" standard to the documents that Defendant sought to seal. Defendant is thus likely to succeed on the merits of its appeal.

**C.    Defendant Will Be Irreparably Harmed If The Trial Is Not Stayed Pending Appeal, Whereas, Plaintiff And The Public Will Not Be Injured At All**

Denial of a stay pending appeal will cause substantial and irreparable injury to Defendant's interests, with no counterbalancing benefit to the public. Absent a stay, Defendant's highly confidential information will be filed publicly and will be discussed in open court without limitation —thereby ringing a bell that cannot be un-rung.

On the other hand, there is no indication that a stay pending appeal would result in substantial harm to Plaintiff or to the public. Granting the stay would merely maintain the status quo of the litigation pending appellate review. As explained above, neither Plaintiff nor the public has a substantial interest in the exhibits at issue being unsealed. This would be the first time this trial would have been delayed, as neither party has ever requested a trial continuance. Additionally, Defendant is not requesting another continuance of the discovery deadline. All necessary and court-ordered discovery will be completed at the time of the noting of this motion. Finally, even if there were a legitimate public interest in such information, it would not be furthered by requiring release *now* rather than after the Ninth Circuit has fully considered the Defendant's appeal. The balance of the interests tips in favor of protecting Defendant from harm by preserving the status quo of this litigation pending appeal. *See Prometheus Radio Project v. FCC*, No 03-0338, 2003 WL 22052896, at *1 (3rd Cir. Sept. 3, 2003) ("Given the magnitude of this matter and the public's interest in reaching the proper resolution, a stay is warranted pending thorough and efficient judicial review.") The standard for a grant of a stay pending appeal has accordingly been met, and the Court should grant Defendant's motion.

DEFENDANT'S MOTION TO STAY
COURT PROCEEDINGS PENDING         - 7 -
APPEAL - NO. 3:17-CV-05988-RJB

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1360087.docx/020119 1438/8247-0015

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court stay all proceedings and the prior Court's ruling unsealing the records pending the resolution of the appeal in the United States Court of Appeals for the Ninth Circuit, No. 19-35053.

DATED this 1st day of February, 2019.

                BETTS, PATTERSON & MINES, P.S.

                By  */s Laura E. Kruse*
                    Laura E. Kruse, WSBA #32947
                    Lisa W. Lackland, WSBA #27373
                    Nicole Brodie Jackson, WSBA #35090
                    S. Karen Bamburger, WSBA #18478
                Betts, Patterson & Mines, P.S.
                One Convention Place, Suite 1400
                701 Pike Street
                Seattle WA  98101-3927
                Telephone:    (206) 292-9988
                Facsimile:    (206) 343-7053
                E-mail:    lkruse@bpmlaw.com
                E-mail:    llackland@bpmlaw.com
                E-mail:    nbrodiejackson@bpmlaw.com
                E-mail:    kbamberger@bpmlaw.com
                Attorneys for Wal-Mart Stores, Inc.

DEFENDANT'S MOTION TO STAY COURT PROCEEDINGS PENDING APPEAL - NO. 3:17-CV-05988-RJB

- 8 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1360087.docx/020119 1438/8247-0015

# CERTIFICATE OF SERVICE

I, Laura Kruse, hereby certify that on February 1, 2019, I electronically filed the following:

- **Defendant's Motion to Stay Court Proceedings Pending Appeal; and**
- **Certificate of Service.**

with the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Plaintiff Lori Jacobs*
Stephanie Bloomfield
James W. Beck
Janelle Chase-Fazio
Kristina Southwell
Gordon Thomas Honeywell LLP
1201 Pacific Ave Ste 2100
Tacoma, WA 98402-4314

DATED this 1st day of February 2019.

BETTS, PATTERSON & MINES, P.S.

By  /s Laura E. Kruse
    Laura E. Kruse, WSBA #32947
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle WA  98101-3927
Telephone:   (206) 292-9988
Facsimile:    (206) 343-7053
E-mail:        lkruse@bpmlaw.com
Attorneys for Wal-Mart Stores, Inc.

DEFENDANT'S MOTION TO STAY COURT PROCEEDINGS PENDING APPEAL - NO. 3:17-CV-05988-RJB

- 9 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1360087.docx/020119 1438/8247-0015