The Honorable Robert J. Bryan

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LORI JACOBS,

Plaintiff,

vs.

WAL-MART STORES, INC., a Delaware
corporation,

Defendant.

NO. 3:17-CV-05988-RJB

DEFENDANT'S MOTION FOR
BIFURCATION

Note on Motion Calendar:
February 15, 2019

## I. INTRODUCTION

Defendant Wal-Mart Stores, Inc. moves for an order bifurcating punitive damages from liability and compensatory damages issues at trial.  As discussed below, Plaintiff has recently supplemented her exhibits to introduce evidence at trial that has no bearing on the particular facts and circumstances of this case.  This matter deals with Plaintiff Lori Jacobs' ADA and WLAD claims.  However, Plaintiff has manifested a clear intent to interject numerous extraneous issues into the trial of this matter, especially in support of her alleged claims for punitive damages.  Respectfully, the Court should bifurcate trial of the issue of liability and compensatory damages from trial of potential liability for punitive damages. The issues and evidence necessary to prove punitive damages are separate and distinct from those needed to prove liability and compensatory damages.  Judicial convenience and economy, as well as the interests of Plaintiff

DEFENDANT'S MOTION TO
BIFURCATE - NO. 3:17-CV-05988-RJB

- 1 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

and Defendant, will best be served by bifurcating liability and compensatory damages from punitive damages issues.

## II. FACTS[1]

As this Court noted in its January 7, 2019 Order on Summary Judgments, "[t]he Complaint alleges two claims, disability discrimination and failure to make reasonable accommodation, under both the ADA and the WLAD" with the three primary issues being (1) essential job function, (2) reasonable accommodation, and (3) estoppel from claiming "disability." (Dkt. 180 at 13; 14-19).

## III. ARGUMENT

### A. Bifurcation of the Punitive Damages Phase of Trial Is Appropriate Under the Circumstances of this Case, and Is Within this Court's Broad Discretion.

Bifurcation of the trial as proposed is clearly appropriate and within the Court's discretion. Federal Rule of Civil Procedure 42(b) permits this Court to bifurcate trials or issues "for convenience, to avoid prejudice, or to expedite and economize … [to] separate trial of one or more separate issues [or] claims ….." Rule 42(b) "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). A district court's refusal to bifurcate a trial is accordingly reviewed for an abuse of discretion. *Hilao v. Estate of Marcos*, 103 F.3d 767, 782 (9th Cir. 1996).

The party moving to bifurcate has the "burden of proving that the bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties." *Clark v. I.R.S.*, 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009) (citing *Spectra–Physics Lasers, Inc. v. Uniphase*

---

[1] For a more complete factual background, see Defendant's Motion for Summary Judgment (Dkt. 102 at 3-10) and Order on (1) Plaintiff's Motion for Partial Summary; (2) Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment Dismissal, or, in the Alternative, Motion for Partial Summary Judgment on Damages; and (3) Plaintiff's Motion to Seal (Dkt. 180 at 2-8).

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1    *Corp.,* 144 F.R.D. 99, 101 (N.D. Cal. 1992)).   Because "the existence of liability must be

2    resolved before damages are considered," bifurcation of liability from damages is an obvious and

3    common use of Rule 42(b).  Wright & Miller, et al., 9A Fed. Prac. & Proc. Civ. § 2388 (3d ed.).

4    This holds true for punitive damages, specifically.   Whether bifurcation is justified depends on

5    the facts of the case.   However, past decisions have found that the following factors are generally

6    considered relevant to the Court's decision:  (1) minimizing prejudice; (2) whether liability and

7    damages issues are so intertwined that separation would lead to confusion; (3) risk of jury

8    confusion; (4)  judicial economy; (5) judicial and party convenience; (6) separability of the

9    bifurcated issues; (7) overlap of relevant evidence; (8) whether discovery benefits from

10   bifurcation; and (9) whether the first bifurcated issue is dispositive.  *See Bates v. United Parcel*

11   *Serv.,* 204 F.R.D. 440, 448 (N.D. Cal. 2001); *Clark,* 772 F. Supp. 2d at 1269 (citing *Dallas v.*

12   *Goldberg,* 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001); *Drennan v. Maryland Cas. Co.,* 366 F.

13   Supp. 2d 1002, 1007 (D. Nev. 2005); *Miller v. Fairchild Indus., Inc.,* 885 F.2d 498, 511 (9th Cir.

14   1989)); *see also United Air Lines, Inc. v. Wiener,* 286 F.2d 302, 306 (9th Cir. 1961).

15          In this case, bifurcating the issue of punitive damages will promote judicial economy and

16   further the convenience of all parties and the Court.   Bifurcation may allow the parties to avoid

17   the time and expense of proceedings on punitive damages that may ultimately be unnecessary.

18   Bifurcation will prevent unfair prejudice by keeping punitive considerations from entering into

19   the jury's deliberation of liability and compensatory damages.

20          Additionally, Plaintiff proposes to present inflammatory evidence that is wholly distinct

21   from, and irrelevant to, the particular facts and evidence pertaining to Defendant's liability under

22   Plaintiff's substantive causes of action.   On February 4, 2019, Plaintiff's counsel submitted

23   additional exhibits that providing the following information:

24          • Store Finder printout – Walmart – Port Angeles (Plaintiff's Ex. 49)

25          • Store Finder printout – Walmart – Sequim (Plaintiff's Ex. 50)

DEFENDANT'S MOTION TO
BIFURCATE - NO. 3:17-CV-05988-RJB
- 3 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

- Walmart Supercenter – Google Maps Port Angeles Photo (Plaintiff's Ex. 51)

- Walmart – Google Maps Sequim Photo (Plaintiff's Ex. 52)

- Pages from Walmart 2018 Annual Report listing total revenue, operating cash flow, cash returned to shareholders through dividends and share repurchases, capital expenditures, Walmart U.S. eCommerce sales, number of customers served, and number of stores in other countries (Plaintiff's Ex. 53)

- Pages from Walmart 2018 Annual Report – Consolidated Statements of Income and Consolidated Statements of Comprehensive Income (Plaintiff's Ex. 54)

- Pages from Q3FY19 – Earnings (Plaintiff's Ex. 55)

Kruse Decl.  Such evidence, if relevant at all, can only pertain to the issue of punitive damages. Thus, a separate trial on punitive damages can be accomplished with minimal delay or duplication of evidence.

> 1. *Bifurcation Will Promote Judicial Economy By Avoiding Presentation of Evidence that Has No Bearing on Liability.*

As set forth above, it is likely that a portion of Plaintiff's proposed evidence on punitive damages will have no bearing on the question of Defendants' liability for the particular conduct at issue with respect to Plaintiff's employment claims.   However, if Plaintiff is allowed to present evidence based on Walmart's financial earnings and status, and Defendant is forced to marshal evidence to defend against such extraneous claims, the time required for trial of this matter willbe greatly extended before the threshold question of whether liability and damages exists on Plaintiff's substantive causes of action.   The Ninth Circuit favors bifurcation for the sake of judicial economy, as a means of preventing precisely such a situation.  *See Danjaq, LLC v. Sony Corporation*, 263 F.3d 942 (9th Cir. 2001) (affirming the trial court's bifurcating trial and noting, "[o]ne favored purpose of bifurcation is to accomplish just what the district court sought to do here – avoiding a difficult question by first dealing with an easier, dispositive issue."), citing *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).  Birfucation is appropriate because it

DEFENDANT'S MOTION TO
BIFURCATE - NO. 3:17-CV-05988-RJB                - 4 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1366672.docx/020719 1142/8247-0015

will eliminate the risk that the jury, the Court, and the Defendant will have to expend considerable time and resources litigating over issues that may ultimately prove to be unnecessary.

> ### 2. Bifurcation of the Punitive Damages Issue Is Necessary to Minimize Prejudice to Defendant during the Liability and Damages Phases of Trial.

There is a substantial risk that the evidence Plaintiff apparently seeks to present – *e.g.*, a stream of financial numbers and figures critical of Defendant or large companies in general – will inappropriately influence the jury's decision on liability as to substantive claims.  Courts have long recognized bifurcation as its "preferred method" for protecting the parties' respective interests in punitive damages cases.  *Smith v. Lightning Bolt Production, Inc.*, 861 F.2d 363, 374 (2nd Cir. 1988) (observing that "it often would be prejudicial to a defendant to attempt to litigate its financial condition during the trial on the issues of liability and compensatory damages," and that bifurcation is "the preferred method of accommodating the various interests ….").

Bifurcation is necessary to prevent punitive considerations from influencing the jury's decision on liability and compensatory damages in this case.  Plaintiff has signaled her intent to present and focus her case on evidence of generalized misconduct at the hands of a large company.

If the jury were to consider the issues of liability and damages on Plaintiff's punitive damages claim during the same trial of her substantive causes of action, there is a significant risk that the jury's deliberation on liability and compensatory damages in Plaintiff's particular case will be tainted by innuendo or suggestion that Walmart or large companies as a whole are guilty of generalized misconduct, or that this is a "Little Guy vs. Big Guy" situation.  This risk is particularly heightened given the possibility of pre-existing juror opinions and prejudices relating to the unemployment crisis from recent history.  In such circumstances, it is entirely appropriate for the Court to employ bifurcation as an extra safeguard in this case.

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1366672.docx/020719 1142/8247-0015

3.   *The Issue of Liability for Punitive Damage, and the Amount of any Punitive Damages Award, Can be Bifurcated Without Duplication of Evidence.*

Bifurcation is appropriate in this case because the evidence supporting liability on Plaintiff's underlying substantive claims is largely distinct and easily separated from the evidence pertaining to purported punitive damages.  This case is comparable to *Hilao v. Estate of FerdinandM Marcos*, 103 F.3d 767, 782 (9th Cir. 1996), where the Ninth Circuit upheld a district court's decision to bifurcate in cases where the bifurcated issues were distinct.  In *Hilao*, the district court ordered three separate trials on liability, compensatory damages and exemplary damages.  The Ninth Circuit held that the trial court had not abused its discretion by the sequence in which it conducted the proceedings, reasoning that the compensatory-damage phase of the trial presented much more complex questions than the liability or exemplary damages phases. *Id.*

Likewise, the issues and evidence pertaining to liability and compensatory damages on the Plaintiff's substantive claims in this case are straightforward and largely unrelated to the evidence that purportedly would support Plaintiff's punitive damages claim, as set forth above.

To determine Walmart's liability on Plaintiff's substantive causes of action, the jury must examine the facts and circumstances of Plaintiff's employment and disability, taking into account the particular conduct of Walmart in handling reasonable accommodations and implementing the same.  These  straightforward considerations of liability are easily segregable from the extraneous issues Plaintiff apparently plans to use to pursue her claim for punitive damages.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court grant its motion to bifurcate the issues of liability for, and amount of, punitive damages from the trial on the issues of liability and compensatory damages on Plaintiff's substantive causes of action.

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1

DATED this 7th day of February, 2019.

2

BETTS, PATTERSON & MINES, P.S.

3

4

By  _/s/ Laura E. Kruse_

5

Laura E. Kruse, WSBA #32947

Lisa W. Lackland, WSBA #27373

6

Nicole Brodie Jackson, WSBA #35090

One Convention Place, Suite 1400

7

701 Pike Street

Seattle WA  98101-3927

8

Telephone:        (206) 292-9988

Facsimile:         (206) 343-7053

9

E-mail:    lkruse@bpmlaw.com

E-mail:    llackland@bpmlaw.com

10

E-mail:    nbrodiejackson@bpmlaw.com

_Attorneys for Wal-Mart Stores, Inc._

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1366672.docx/020719 1142/8247-0015

## CERTIFICATE OF SERVICE

I, hereby certify that on February 7, 2019, I electronically filed the following:

- **Defendant's Motion to Bifurcate; and**

- **Certificate of Service.**

with the Court using the CM/ECF system which will send notification of such filing to the following:

***Counsel for Plaintiff Lori Jacobs***
Stephanie Bloomfield
James W. Beck
Janelle Chase-Fazio
Kristina Southwell
Gordon Thomas Honeywell LLP
1201 Pacific Ave Ste 2100
Tacoma, WA 98402-4314

DATED this 7th day of February 2019.

/s/ Tatyana Stakhnyuk
Tatyana Stakhnyuk, Legal Secretary

DEFENDANT'S MOTION TO
BIFURCATE - NO. 3:17-CV-05988-RJB

- 8 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1366672.docx/020719 1142/8247-0015