UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LORI JACOBS,

Plaintiff,

vs.

WAL-MART STORES, INC., a Delaware corporation,

Defendant.

NO. 3:17-cv-5988-RJB

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR BIFURCATION

NOTED FOR FEBRUARY 22, 2019

## I. INTRODUCTION

The same evidence that supports liability for disability discrimination is inextricably intertwined with the evidence supporting an award of punitive damages. Wal-Mart's financial resources and size are directly relevant to three key issues in this case: (1) the reasonableness of the proposed accommodation; (2) the claimed "undue hardship" by Wal-Mart (in other words the "unreasonableness" of the proposed accommodation); and (3) in assessing an appropriate amount of punitive damages. Because there is no way to reasonably separate the evidence on these three issues, trial should proceed in the most just and efficient manner possible, with the evidence of Wal-Mart's size and financial resources before the jury so it may properly evaluate all of these issues at one trial. Defendant's last-minute motion to bifurcate should be denied.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

## II. FACTUAL BACKGROUND

Plaintiff asserted claims for punitive damages in her original Complaint. Dkt. 1 at 5-6. In the Joint Status Report filed some months later, Wal-Mart jointly represented that "**[t]he parties do not see a basis for bifurcation**." Dkt. 11 at 5. Then, on the eve of trial, long past the deadline for filing motions in limine, Wal-Mart filed a motion to bifurcate the punitive damages phase of the trial. Wal-Mart cites to information about its profits and resources and wrongly claims that "[s]uch evidence, if relevant at all, can only pertain to the issue of punitive damages." Dkt. 203 at 4. This misstatement underscores why the Court should deny Wal-Mart's motion. This same evidence of financial resources is directly relevant to undue hardship.

Ninth Circuit Model Civil Jury Instruction 12.8 outlines the elements of the "Undue Hardship" defense as follows:

> A defendant is not required to provide an accommodation that will impose an undue hardship on the operation of the defendant's business.
>
> The term undue hardship means an action requiring significant difficulty or expense. It takes into account the financial realities of the particular defendant and refers to any accommodation that would be unduly costly, extensive, substantial, or disruptive, or that would fundamentally alter the nature or operation of the business.
>
> The factors to be considered in deciding whether an accommodation would cause undue hardship include:
>
> (1) [the nature and net cost of the accommodation, accounting for tax credits or deductions and other outside funding][;]
>
> (2) [the overall financial resources of the defendant's facility involved in the provision of the reasonable accommodation, the number of persons employed at such facility, the effect on expenses and resources, or the impact otherwise of such accommodation upon the operation of the facility][;]
>
> (3) [the overall financial resources of the defendant's facility, the overall size of the business of a defendant's facility with respect to the number of its employees, the number, type, and location of its facilities][;]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

(4) [the number of persons employed by defendant and the effect of accommodation][;]

(5) [the type of operations the defendant is involved in and the composition, structure, and functions of the work force][;]

(6) [the geographic separateness and administrative or fiscal relationship of the facility in question to the defendant][;] [and]

(7) [the overall impact of the proposed accommodation on the operation of the defendant's facilities, including the impact on other employees and the ability to conduct business].

In addition, the evidence required to establish Defendant's "reckless disregard for Plaintiff's rights, will broadly overlap with the same evidence required to prove the underlying disability discrimination and failure to accommodate claim.

In the way of "facts" to overcome the presumption that all issues will be tried together, Defendant points to seven exhibits (four are Wal-Mart's "store finder" map locations from its website and two google maps exterior photos of the Sequim and Port Angeles Wal-Mart stores where Plaintiff worked). The remaining three exhibits are Wal-Mart's current earnings and two succinct excerpts from Wal-Mart's 2018 annual report. Plaintiff intends to use the first four exhibits generally to show the location of the two pharmacies where Plaintiff worked relative to her home and the double coverage option available there. The remaining information, about the number of Wal-Mart employees, revenues, stores, net income and the like are directly relevant to the reasonableness of the accommodation Plaintiff sought and lack of any undue hardship the proposed accommodation would pose to Wal-Mart.

## III. LEGAL ANALYSIS

For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third party claims . . .." Fed. R. Civ. P. 42(b). While the Court has broad discretion to

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

bifurcate the damages and liability phases of trial, *M2 Software, Inc. v. Madacy Entm't,* 421 F.3d 1073, 1088 (9th Cir. 2005), bifurcation is the exception rather than the rule. Fed. R. Civ. P. 42(b) advisory committee's note. The moving party bears the burden of demonstrating that bifurcation would further the goals of the rule. *Burton v. Mountain W. Farm Bureau Mut. Ins. Co.*, 214 F.R.D. 598, 612 (D. Mont. 2003).

Defendant's belated proposal to depart from the "normal" trial procedure of trying punitive and compensatory damage claims together (with appropriate instructions to the jury) is unwarranted. *Hangarter v Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). Defendants have not provided any facts to support how bifurcation would be convenient, would avoid prejudice, expedite proceedings, or promote judicial economy. The presumption is that all claims will be resolved in a single trial, barring exceptional situations where there are special and persuasive reasons for bifurcating. *See Miller v. Am. Bonding Co.,* 257 U.S. 304, 307 (1921). Defendant fails to overcome this presumption and offers no evidence other than conclusory argument relating to this issue.

**A. Bifurcation would not Expedite or Economize the Proceedings.**

Evidence of intentional discrimination is generally sufficient to support a punitive damages instruction. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 515 (9th Cir. 2000). As the Ninth Circuit explained, "in general, intentional discrimination is enough to establish punitive damages liability." *Id.* (emphasis added). Here, evidence relating to issues of liability and the bases for punitive damages are inextricably intertwined. This is not a negligence case; to prevail on her ADA claims Jacobs

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

must prove an intentional violation of federal law.[1] As a result, the degree of recklessness of this violation and the surrounding evidence must be presented to the jury so it can properly assess culpability and whether punitive damages are warranted. Because Defendant cannot show that separate trials of liability/compensatory and punitive damages issues in this action would result in any significant savings of time or money and separate trials of liability/compensatory and punitive damages issues would certainly lengthen the time required for trial in this action it is clear that a consolidated trial of both liability/compensatory and punitive damages issues would better serve the interests of judicial efficiency and economy.

It is common knowledge that Wal-Mart is a huge company, the largest retailer in the world. Wal-Mart is the largest private employer in 22 states, employing over 1.5 million employees in the United States and over 16,000 pharmacists. Its own proposed exhibit A-66 shows billions of dollars in prescription sales. These issues are already involved in trial, and Wal-Mart cannot avoid evidence of its resources being involved in establishing the reasonableness of accommodations and its claimed “hardship”. Repeating a second trial to focus on punitive damage issues after the first trial concludes would in no way economize or streamline the proceedings.

**B. Any Potential Prejudice Will Be Addressed by Appropriate Jury Instructions.**

Any potential prejudice that might conceivably result from a consolidated trial of all liability/compensatory and punitive damages issues is routinely and adequately addressed through proper instructions to the jury by the Court. Pattern instructions address that corporations are entitled to the same consideration as any other individual.

---

[1] Because WLAD is also based on intentional violation of law, this same evidence would be necessary to assess liability on the WLAD claims, even if no punitive damages are at issue.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

While the court can propose an appropriate limiting instruction for punitive damage issues to the extent it is appropriate, in light of the substantial overlapping relevance with respect to Wal-Mart's size and resources between the liability issues of appropriate accommodation and undue hardship, as well as punitive damage issues, any limiting instruction will have to address the elements of these claims as well.

Moreover, the potential prejudice to Plaintiff and the court system that will likely result from separate trials of substantive and punitive damage issues in this action outweighs any claimed minimal benefit by Wal-Mart. This is especially true when the same evidence will be required on other issues. The proposed bifurcation would be inefficient, time consuming and only increase the burden on the jurors who will have their jury service unnecessarily extended. Wal-Mart fails to identify which particular evidence or witness would be unnecessary in the main case, and only relevant to punitive damages. The few exhibits Wal-Mart points to – information relating to Wal-Mart's overall finances -- are also relevant to the accommodation issue and the related undue hardship analysis. This is not a situation where there is a clear demarcation of witnesses or exhibits that would solely be relevant to the jury's punitive damages analysis. Because Wal-Mart fails to persuasively identify evidence relevant only to punitive damages, there is no reasoned basis for bifurcation.

## IV. CONCLUSION

Bifurcating trial as proposed by Defendant is untimely and not warranted. Bifurcation will neither expedite nor economize trial proceedings, because the same evidence will relate to the undue hardship defense and cause unnecessary duplication of evidence and testimony that is relevant to both undue hardship and punitive damages

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

liability. Therefore, bifurcation will not save time and resources at trial. Accordingly, the court should deny Defendant's motion.

Dated this 18th day of February, 2019.

GORDON THOMAS HONEYWELL LLP

By ______________________________

Stephanie Bloomfield, WSBA No. 24251
sbloomfield@gth-law.com
James Water Beck, WSBA NO. 34208
jbeck@gth-law.com
Attorneys for Plaintiff

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

DECLARATION OF SERVICE

I hereby certify that on February 11, 2019, pursuant to Federal Rule of Civil Procedure 5(b), the foregoing document was served upon the counsel of record via email: therein:

| | | |
|---|---|---|
| Laura E. Kruse | ☐ | Via Legal Messenger |
| Lisa Wong Lackland | ☐ | Via U.S. Mail |
| Nicole Brodie Jackson | ☐ | Via Facsimile: |
| Steven Goldstein | ☒ | Via CM/ECF |
| S. Karen Bamberger | ☐ | Via E-Service Agreement |

lkruse@bpmlaw.com
llackland@bpmlaw.com
nbrodiejackson@bpmlaw.com
sgoldstein@bpmlaw.com
kbamberger@bpmlaw.com
***Attorneys for Defendant***

/s/ James Beck
James W. Beck, WSBA No. 34208
Attorney for Plaintiff
Gordon Thomas Honeywell LLP

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565