1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LORI JACOBS,

              Plaintiff,

vs.

WAL-MART STORES, INC., a Delaware
corporation,

              Defendant.

NO.  3:17-cv-5988-RJB

AGREED PRETRIAL ORDER

## I.      JURISDICTION

Jurisdiction is vested in this Court pursuant to federal law (42 U.S.C. § 12101 *et seq.*, and 29 U.S.C. § 2601 *et seq.*) under 28 U.S.C. § 1331, and this Court has supplemental jurisdiction over Plaintiff's related state law claims under 28 U.S.C. § 1367.

## II.      CLAIMS AND DEFENSES

**A.**    **The Plaintiff's Claims**:

1.    Plaintiff asserts that Defendant violated Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, by failing to provide reasonable accommodation for her disability and terminating her employment based upon her disability, causing damages to Plaintiff.

Agreed Pretrial Order - 1 of 32
(3:17-cv-5988)
[4817-3260-3016]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

2.     Plaintiff asserts that the Defendant's conduct, acts, and omissions constitute disability discrimination by failing to provide reasonable accommodation for her disability and wrongfully terminating Plaintiff because of her disability. Such acts, singularly and collectively, are also in violation of Washington's Law Against Discrimination ("WLAD") RCW Chapter 49.60 *et seq*.

3.     Plaintiff asserts that the Defendant's conduct, acts, and omissions were in reckless disregard for Plaintiff's rights, such that Plaintiff is entitled to punitive damages under federal law.

**B.     The Defendants' Defenses:**

1.     Administering immunizations was an essential job function of Walmart staff pharmacists as of April 16, 2017.

2.     Defendant had no duty to accommodate Plaintiff because she is unable to perform the essential job function of administering immunizations.  Even though Defendant had no duty to accommodate Plaintiff, Defendant engaged in an interactive process with Plaintiff in an attempt to provide her with an alternative accommodation for her disability.

3.     Alternatively, if administering immunizations is determined to not be an essential job function of a Walmart staff pharmacist, Defendant engaged in an interactive process with Plaintiff in an attempt to reasonably accommodate her disability.

4.     Plaintiff never proposed a reasonable accommodation that would have allowed her to administer immunizations.  Plaintiff also failed to engage in the interactive process.

5.     Even though Defendant had no duty to accommodate Plaintiff's disability, Defendant was unable to provide a reasonable accommodation to Plaintiff without causing Defendant undue burden and/or hardship.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

6.      Defendant is entitled to an offset or setoff for any payment or benefit made to or on behalf of Plaintiff related to any damages claimed herein. Specifically, Plaintiff's receipt of disability benefits, including short-term disability, long-term disability and Social Security Disability (SSDI), should offset or reduce Plaintiff's claimed damages herein.

7.      Plaintiff failed to mitigate, minimize, or avoid the damages allegedly sustained and recovery, if any, should be reduced accordingly. After Plaintiff stopped actively working at Walmart, Plaintiff failed to use reasonable diligence to secure replacement employment and/or voluntarily left the job market.

8.      Defendant has not engaged in any discriminatory practice with malice or with reckless indifference to Plaintiff's federally or state protected rights and, therefore, Defendant is not be liable for punitive damages.

### III.    ADMITTED FACTS

The following facts are admitted by the parties:

1.      Defendant Walmart is a Delaware corporation and does business in Port Angeles, Clallam County and in Sequim, Jefferson County, Washington.

2.      Plaintiff resides in Port Angeles, Clallam County, Washington and worked for Defendant in its Port Angeles and Sequim pharmacies.

3.      The events that form the basis for Plaintiff's claims occurred in Clallam County, Washington.

4.      Plaintiff began her employment with Defendant in 2007 as a staff pharmacist.

5.      Since childhood, Plaintiff has suffered from Cerebral Palsy. In 1978 she was also diagnosed with Multiple Sclerosis. Each of these conditions is an impairment that substantially limits one or more of Plaintiff's major life activities.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

6.      Plaintiff continued to work as a pharmacist despite her ongoing and disabling painful conditions and performed her duties well during her employment with Defendant, until April 15, 2017.

7.      The combination of these afflictions on Plaintiff's upper extremities, specifically the resulting spasticity and lack of motor control, cause her to be unable to perform injections on the general public.

8.      Plaintiff obtained her immunization certification in June 2015.

9.      Plaintiff also obtained her CPR certification.

10.     In response to Defendant's new job requirement of providing immunizations, Plaintiff provided a note from her physician dated August 29, 2016, confirming that, due to her physical disabilities, Plaintiff is unable able to administer injections to the general public

11.     Plaintiff did not return to work at any Defendant pharmacy after April 15, 2017.

## IV.   PARTIES' CONTENTIONS

**A.      The Plaintiff contends as follows:**

1.      Plaintiff can perform all pharmacist duties other than administering needle injections.

2.      Plaintiff can perform all other services relating to immunizations other than the physical act of injecting.

3.      Less than .5% of the prescriptions filled at the locations where plaintiff worked involved immunizations.  In other words, 99.5% of the prescriptions filled at the Wal-Mart Pharmacies in Sequim and Port Angeles did not involve providing needle injections.

4.      Plaintiff requested that Wal-Mart continue her reasonable accommodation due to her disability.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

5.      Wal-Mart was able to accommodate Plaintiff's disabilities and Plaintiff continued to work with accommodation and successfully perform her duties until Plaintiff received a letter dated February 6, 2017 stating her request for accommodation had been denied and her employment would be terminated on April 15, 2017.

6.      Plaintiff attempted to engage Defendant to have it reconsider continuing her accommodation.

7.      Defendant failed to engage in the interactive process, failed to respond to her request, and terminated her employment.

8.      Defendant accommodated other Wal-Mart pharmacists by scheduling them to work in a double coverage situation or defer immunizations where there was not double coverage.

9.      Pharmacists with moral or religious objections to providing certain services, including immunizations were allowed to defer providing immunizations to another pharmacist, or ask customers to return or visit another pharmacy if there was not another pharmacist on duty.

10.      Defendant violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, by failing to provide reasonable accommodation for her disability and terminating her employment based upon her disability.

11.      Defendant violated the WLAD, RCW Chapter 49.60 *et seq.* by failing to provide reasonable accommodation for her disability and wrongfully terminating Plaintiff because of her disability.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

12.     Plaintiff has suffered general and special damages that include lost wages, benefits, and emotional distress, as well as liquidated damages exemplary, and/or punitive damages.

13.     Plaintiff is entitled to a supplemental judgment to offset the tax impact of her damages.

**B.      The Defendant contends as follows:**

1.     Plaintiff's claims are based on her work as a staff pharmacist at Defendant's Port Angeles store, where she worked 24 hours per work while making approximately $80,000 a year as a salaried employee.

2.     Although Plaintiff has not physically worked for Defendant since April 15, 2017, she is still employed by Defendant and receives benefits as a result of that employment, including health insurance.

3.     Defendant employs approximately 16,270 pharmacists nationwide.

4.     In 2013, Defendant began planning to have pharmacists perform immunizations.

5.     In 2013, Defendant launched a pilot program in three states, where its pharmacists could "opt-in" to receive training to administer immunizations.  The "opt-in" program continued to expand after 2013 because Defendant wanted to address customer demand to provide consistent and predictable care by administering immunizations on a regular basis to all customers, during a pharmacy's operating hours.

6.     Defendant also recognized that it was at a competitive disadvantage as compared to other large retail establishments, by not providing consist immunization services.  This is because Defendant's competitors had already required their pharmacists to administer immunizations.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

7.      In April 2016, Defendant announced that all of its store staff pharmacists and pharmacy managers would be required to provide immunizations, including physically administering injections by April 15, 2017.

8.      In accordance with its prior announcement and to further the business goals of providing "a baseline of in-store care" and "holistic care service no matter which store [a patient] visits," Defendant revised its job description for a staff pharmacist to state under the "Essential Functions" headed that "[a]n heading that "[*a]n individual must be able to successfully perform the essential functions of this position with or without reasonable accommodation.*"

9.      "[C]omprehensive patient care" is listed as an essential function:

> Provides comprehensive patient care to customers by processing and accurately dispensing prescription orders; **administering immunizations**; counseling customers regarding health care and prescription medication needs; and maintaining confidential information, controlled medications and required documentation.

10.      This revised job function description applied to all staff pharmacists and pharmacy managers, company-wide, and was published to Defendant's internal "WIRE" website, to which Plaintiff had access, on or about 11/17/16.

11.      Defendant continues to accomplish its business purpose by requiring all staff pharmacists to be certified to administer immunizations on demand and by including administering immunizations as an essential job function. With respect to the Port Angeles pharmacy (Store 2196), Defendant increased the number of immunizations administered substantially from Fiscal Year (FY) 2017 (which ended January 31, 2017, before the mandatory immunization policy went into effect in April 2017), from 405 immunizations administered to 602 in FY2019, a 53.5 percent increase.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

12.     This is also true with the Sequim pharmacy (Store 5273), which also increased its immunization numbers substantially, more than doubling the number immunizations administered from 404 in FY2017 to 932 for FY2019 (which ended on January 31, 2019) - a 130.69 percent increase.

13.     From a financial perspective, although the number of immunizations provided is small compared to the number of overall scripts filled, administering immunizations is a critical service to customers and a "driver of sales for other pharmacy and store products."

14.     Although Defendant's overall financial performance increased substantially as a result of its mandatory immunization policy, this policy has also enhanced its professional goodwill and community reputation.

15.     Thus, it is important for both business and community health reasons that Defendant be able to offer consistent immunization service, on demand. This is because a customer who has had a prior experience of being unable to obtain an immunization at a Wal-Mart store is less likely to return to that store in the future the next time they need an immunization or other product or service.

16.     The impact of being able to provide a full-service pharmacy on demand, especially to smaller communities like Port Angeles, cannot be measured by numbers alone.

17.     By providing a base-line of in-store pharmacy care, Defendant's mandatory immunization policy plays a vital role in the health of the community.

18.     To advance this important community function, it is imperative a pharmacist be able to provide immunizations on demand and at the customer's convenience.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

19.     A customer, who leaves the pharmacy without having received a desired immunization, may never return to Defendant's pharmacy or any other pharmacy to be immunized.

20.     Lack of access to immunization providers is a significant barrier to vaccine compliance, and if it is not a resource provided consistently at the customer's convenience, then Defendant's goal of promoting a healthy community baseline cannot be met.

21.     Washington State pharmacists may legally administer immunizations only when done pursuant to a Collaborative Drug Therapy Agreement (CDTA) approved by and filed with the Washington State Department of Health's Pharmacy Quality Assurance Commission (PQAC).

22.     A CDTA is an agreement between a pharmacist and a prescriber that allows a prescriber (*e.g.*, physician) to delegate certain prescribing and prescription administration functions to a pharmacist who has completed certification. In Washington, a pharmacist is the only class of Walmart pharmacy employee that may administer IMZ. The governing CDTA here defines the scope and conditions for pharmacists to administer IMZ that have been approved by the PQAC.

23.     The CDTA determine[s] the scope of practice delegated and shall set any limitations of the prescribing that has been delegated."

24.     Defendant's CDTA sets forth, *inter alia,* the types of vaccines that a pharmacist may administer (*e.g.*, measles, hepatitis, etc.), the ages of patients permitted to be immunized (here, approval was granted for ages 8 and over) and that the pharmacist is also responsible for "emergency management," including CPR and administering rescue medications in the event of an "adverse outcome" (*i.e.*, an allergic reaction or another emergency).  Defendant's CDTA

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

explicitly states that "pharmacists shall comply with the recommendations of the Advisory Committee on Immunization Practices (ACIP)."

25.     On or about January 25, 2017, Plaintiff submitted a Request for Accommodation to be excused from the "administering immunizations" requirement of her job description. She went through Defendant's accommodation process, including requesting a "permanent" exemption from "performing immunizations." Her application included a doctor's note dated August 29, 2016, stating she has cerebral palsy and MS and that "[a]s a pharmacist, these combined afflictions cause her to be unable to perform immunizations to the general public." Plaintiff then explained, in her own words, her history of injecting herself with MS medications over the past 17 years: "I inject myself weekly in my thigh, sometimes all goes well but other times that is not the case. I really enjoy my job, but I am not able to control my hands to feel comfortable immunizing the general public."

26.     On January 25, 2017, Plaintiff requested that Defendant excuse her from administering immunizations and it did so temporarily, until administering immunizations became an essential job function of a staff pharmacist on April 16, 2017.

27.     On February 6, 2017, Defendant initiated the interactive process by conducting a call with Plaintiff to discuss her request to be "accommodated" by requiring Defendant to waive the essential job function of administering immunizations, after April 15, 2017.

28.     On February 6, 2017, Defendant advised Plaintiff that her "request to be excused from administering immunizations has been **temporarily** approved through **April 15, 2017**…because administering immunizations is not yet considered to be a requirement for your position relative to your hire date with the company."

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

29.     Defendant made clear the excuse would be valid only until administering immunizations becomes an essential job function, and that the excuse was only temporary. Although Defendant did not require Plaintiff to give immunizations through April 15, 2017, *before the new mandatory immunization policy went into effect*, Defendant never excused Plaintiff from performing the "essential function" of "administering immunizations" *after the new policy went into effect on April 16, 2017*, the compliance due date Defendant had announced a year earlier. After that, Plaintiff continued to emphasize her inability to give immunizations, emailing her supervisor to reiterate "how curled up my right arm can be!" and also raising her prior "grand-mal seizures."

30.     On February 23, 2017, Plaintiff submitted, via her attorney, a formal Request for Reconsideration of her accommodation request, again emphasizing that "[d]ue to her disabilities and limitations, the use of her right side, Ms. Jacobs lacks the fine motor skills required to administer injections."

31.     Plaintiff continued to work for Defendant until April 15, 2017, and was then offered an alternative accommodation of job reassignment for a period of 60-days thereafter.

32.     On May 10, 2017, Defendant denied Plaintiff's request to be excused entirely from administering immunizations, stating specifically: "[y]our specific request to be permanently excused from administering immunizations (IMZ) cannot be approved because granting your request would require that we excuse the performance of an essential job function." In her initial accommodation request and in her request for reconsideration, Plaintiff did not propose any type of accommodation other than to be completely excused from administering immunizations altogether. In fact, throughout the interactive process, she

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

repeatedly advised Defendant that there was no accommodation available to her that would allow her to administer immunizations.

33.     As of April 16, 2017, Plaintiff was placed on an unpaid Leave of Absence with the goal of finding another position within the organization for which she met the minimum requirements.  As a goodwill gesture, Defendant offered to assist Plaintiff with providing an "alternative accommodation" of reassignment. Despite searching, no open positions were found that conformed within 60 days that Plaintiff's exacting job requirements.

34.     Throughout this interactive process, Defendant advised Plaintiff she could work in one of Defendant's "central fill" pharmacies, a non-retail location that does not require pharmacists to immunize.

35.     In offering an "alternative" accommodation to reassign Plaintiff to facility/position where she would not be required to immunize, Defendant did not concede that it would excuse her from performing the essential job function of administering immunizations.

36.     Plaintiff has not been terminated; she has been on an unpaid leave of absence since April 16, 2017 through the present date. She continues to receive benefits as Defendant's employee, including an employee discount (which she uses regularly), access to Defendant's internal job postings, and health insurance.

37.     In February 2017, after retaining counsel, and while going through the accommodations and interactive process, Plaintiff filed a charge of discrimination with the EEOC.

38.     The EEOC investigated and dismissed the charge, explaining that it was unable to conclude there was any statutory violation, nor certification of compliance, and issued a right to sue letter, on September 13, 2017. Plaintiff filed this suit on November 28, 2017.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

39.     While on unpaid leave, Plaintiff filed for and obtained payment from her short term disability provider. She is also receiving long-term disability payments through Liberty Mutual, since November 2017.

40.     In July 2018, Plaintiff filed for and, recently, as of October 2018, was awarded Social Security Disability Insurance (SSDI) from the Social Security Department (SSD). Plaintiff recently received approximately $31,700 reflecting past SSDI payments from November 2017 through October 2018, and began receiving payments starting in November 2018 in the approximate amount of $2,652 per month.

41.     Plaintiff's MS diagnosis has been rendered so severe that she cannot be gainfully employed as a pharmacist, whether accommodated or not.

42.     In her application for short-term disability, Dr. Kita also stated that Plaintiff could not physically perform the EJF of administering IMZ at all, and that she should be exempt from doing so.

43.     Plaintiff has failed to mitigate her alleged damages by seeking suitable alternative employment. Plaintiff continues to have access to Defendant's internal job posting search engine, but waited six months after discontinuing work with Defendant to conduct a search on it.

44.     Plaintiff has only conducted cursory Internet searches about mail order pharmacies, for which she did not further analyze if any such positions were suitable for her skills.

## V.     ISSUES OF LAW

The following are the issues of law to be determined by the Court:

Agreed Pretrial Order - 13 of 32
(3:17-cv-5988)
[4817-3260-3016]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

**A.     PLAINTIFF:**

1.     Did Defendant violate Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, by failing to provide reasonable accommodation for her disability and removing her from her job based upon her disability causing her past and future damages?

2.     Did the Defendant violate Washington's Law Against Discrimination, RCW Chapter 49.60 et seq. and discriminate against Plaintiff based upon her disability, by failing to provide reasonable accommodation for her disability and wrongfully removing Plaintiff from her job because of her disability causing her past and future damages?

3.     Did Defendant act with reckless disregard for Plaintiff's rights under federal law entitling her to punitive damages?

4.     Is Plaintiff entitled to a tax offset to ameliorate the tax impact of any damages awarded?

**B.     DEFENDANT:**

1.     Is administering immunizations an essential job function of Defendant's staff pharmacists?

2.     Could Plaintiff do the essential job function of administering immunization with or without a reasonable accommodation?

3.     Did Plaintiff fail to meet her burden of establishing that a reasonable accommodation existed to enable her to perform her essential job functions?

4.     In the alternative, did Defendant fulfill its duties to participate in the interactive process, whereas Plaintiff did not?

Agreed Pretrial Order - 14 of 32
(3:17-cv-5988)
[4817-3260-3016]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

5.      Does the fact that Plaintiff has been declared disabled for social security disability insurance eligibility negate her claims herein that she can perform her essential job functions with or without an accommodation?

6.      Should Plaintiff's damages be barred or reduced to the extent she failed to mitigate her damages by securing a suitable replacement job?

7.      In applying for and continuing to accept SSDI benefits, did Plaintiff voluntarily remove herself from the workforce, thereby foreclosing any claim for back pay and front pay?

8.      Are Plaintiff's damages, if any, offset by her receipt of short-term and long-term disability, her SSDI payments, and any and all employee benefits received after April 15, 2017?

9.      Does Plaintiff prevail on punitive damages even though Defendant's alleged conduct was not willful or intentional?

## VI.      EXPERT WITNESSES

**A.      On behalf of Plaintiff:**

| NAME & ADDRESS | WILL TESTIFY OR MAY TESTIFY | AREA OF TESTIMONY |
|---|---|---|
| Donald F. Downing, R.Ph.<br>1959 NE Pacific<br>HSC H-375, Box 357630<br>Seattle, WA 98195-7630 | Will testify | The standard of practice of pharmacists dispensing or administering medications in Washington state and related opinions as to reasonableness of PharmaJet accommodation, the business and practice or retail community pharmacies, and other related matters as outlined in his October 2018 report, deposition testimony and December 2018 Declaration. |
| Christina Tapia, Ph.D.<br>NW Economics<br>1416 NW 46th Street<br>Suite 105 – PMB 337<br>Seattle, WA 98107 | Will testify | The past and future economic damages suffered by Plaintiff. |

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

**B.**     **On behalf of Defendant:**

| NAME & ADDRESS | WILL TESTIFY OR MAY TESTIFY | AREA OF TESTIMONY |
|---|---|---|
| Dr. Ann Wheeler, PhD c/o Machaon Medical Evaluations, Inc. 509 Olive Way, Suite 1045 Seattle, WA 98101 | Will testify | Dr. Wheeler will testify about the background, benefits and impact Walmart's immunization program; she will address why plaintiff's proposed accommodations were not reasonable, including addressing and rebutting testimony that PharmaJet and/or other needless injection device was a reasonable alternative for providing immunizations; and all other matters outlined in her reports and deposition testimony. |
| William Partin Mueller & Partin, PS, Inc. Washington Federal Center 400 108th Avenue N.E. Suite 615 Bellevue, WA 98004 | Will testify | The past and future economic damages suffered by Plaintiff, or lack thereof; offset; and all other matters outlined in his reports and deposition testimony. |
| Shelley Lewis Owings Lewis 1201 Pacific Avenue Suite 600 Tacoma, WA 98402 | Will testify | Plaintiff's opportunities and the plaintiff's efforts to mitigate her damages; and all other matters outlined in her reports and deposition testimony |

## VII.     OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

**A.**     **On behalf of Plaintiff:**

| NAME & ADDRESS | WILL TESTIFY OR MAY TESTIFY | AREA OF TESTIMONY |
|---|---|---|
| Lori Jacobs c/o Gordon Thomas Honeywell 1201 Pacific Ave., Suite 2100 Tacoma, WA 98402 | Will testify | Plaintiff will testify as to her disability, abilities, reasonable accommodations, Defendant's wrongful conduct including acts of discrimination and retaliation, and damages. |

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

| NAME & ADDRESS | WILL TESTIFY OR MAY TESTIFY | AREA OF TESTIMONY |
|---|---|---|
| Jon Jacobs<br>c/o Gordon Thomas Honeywell<br>1201 Pacific Ave., Suite 2100<br>Tacoma, WA 98402 | Will testify | Plaintiff's spouse will testify as to Plaintiff's disability, abilities, reasonable accommodations, Defendant's wrongful conduct including acts of discrimination and retaliation, and damages. |
| Melissa Benz<br>4807 N. Island Dr. E<br>Lake Tapps, WA 98362 | May testify | Knowledge of Plaintiff's abilities, disabilities, reasonable accommodations, and damages. |
| Megan Domoszlay<br>29513 235th Ave. SE<br>Black Diamond, WA 98010 | May testify | Knowledge of Plaintiff's abilities, disabilities, reasonable accommodations, and damages. |
| Anita Colley<br>5011 Scott Road NW<br>Olympia, WA  98502 | May testify | Knowledge of Plaintiff's abilities, disabilities, reasonable accommodations, and damages. |
| Barb Ervin<br>617 West 12th Street<br>Port Angeles, WA 98362 | May testify | Knowledge of Plaintiff's abilities, disabilities, reasonable accommodations, and damages. |
| Kim Carson<br>c/o Wal-Mart<br>508 SW 8th Street<br>Bentonville, AR 72716-3500 | Will testify | Knowledge of events giving rise to this case. |
| Cherie Hope-Jurado<br>c/o Wal-Mart<br>508 SW 8th Street<br>Bentonville, AR 72716-3500 | Will testify | Knowledge of events giving rise to this case and Rule 30(b)(6) topics. |
| Joe Rubino<br>c/o Wal-Mart<br>508 SW 8th Street<br>Bentonville, AR 72716-3500 | Will testify via video deposition or live | Knowledge of events giving rise to this case and Rule 30(b)(6) topics. |
| Ken Sasse<br>c/o Wal-Mart<br>508 SW 8th Street<br>Bentonville, AR 72716-3500 | Will testify via video deposition or live | Knowledge of events giving rise to this case and Rule 30(b)(6) topics. |

LAW OFFICES<br>GORDON THOMAS HONEYWELL LLP<br>1201 PACIFIC AVENUE, SUITE 2100<br>POST OFFICE BOX 1157<br>TACOMA, WASHINGTON  98401-1157<br>(253) 620-6500  -  FACSIMILE (253) 620-6565

| NAME & ADDRESS | WILL TESTIFY OR MAY TESTIFY | AREA OF TESTIMONY |
|---|---|---|
| Susanne Hiland<br>c/o Wal-Mart<br>508 SW 8th Street<br>Bentonville, AR 72716-3500 | May testify via video deposition | Knowledge of events giving rise to this case. Susanne Hiland was a late disclosed witness by Defendant. *The Court issued an Order extending the discovery deadline until February 1, 2019 or a date agreeable to both parties for the limited purpose of deposing Ms. Hiland.  At Defendant's request, Ms. Hiland is being deposed on February 5, 2019. Plaintiff reserves the right to designate portions of Ms. Hiland's video deposition for use at trial.* |
| Mariko Kita, MD<br>Virginia Mason<br>1100 9th Avenue<br>Seattle, WA 98101 | Will testify | Knowledge of Plaintiff's medical condition, treatment, abilities, disabilities and related issues. |
| Dan Addison, MD<br>Primary Care Physician<br>8289 E 8th Street<br>Port Angeles, WA 98362 | Will testify via video deposition | Knowledge of Plaintiff's medical condition, treatment, abilities, disabilities and related issues. *Because Dr. Addison was just deposed on January 29, 2019 and his deposition designations will be provided as soon as the transcript and synced video is received.* |
| Sherry Bishop, LMHC<br>Bishop Counseling<br>77 W. Nelson Rd.<br>Sequim, WA 98382 | May testify | Knowledge of her treatment of Plaintiff and Plaintiff's medical and emotional condition, abilities, disabilities and related issues; particularly with respect to emotional damages. |

## B.     On behalf of Defendant:

| NAME & ADDRESS | WILL TESTIFY OR MAY TESTIFY | AREA OF TESTIMONY |
|---|---|---|
| Ken Sasse<br>c/o<br>Betts, Patterson & Mines, P.S.<br>701 Pike Street, Suite 1400<br>Seattle, WA 98101 | Will testify; live | Plaintiff's employment with Walmart, Walmart's policies and procedures related to its immunization program, essential job functions, accommodations (interactive process, undue burden analysis, business reasons, etc.) anti-discrimination, and other topics listed on plaintiff's 30(b)(6) notice to Walmart. |

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

| NAME & ADDRESS | WILL TESTIFY OR MAY TESTIFY | AREA OF TESTIMONY |
|---|---|---|
| Joe Rubino<br>c/o<br>Betts, Patterson & Mines, P.S.<br>701 Pike Street, Suite 1400<br>Seattle, WA 98101 | Will testify; live | Plaintiff's employment with Walmart, Walmart's policies and procedures related to its immunization program, essential job functions, accommodations (interactive process, undue burden analysis, business reasons, etc.) anti-discrimination, and other topics listed on plaintiff's 30(b)(6) notice to Walmart. |
| Susanne Hiland<br>c/o<br>Betts, Patterson & Mines, P.S.<br>701 Pike Street, Suite 1400<br>Seattle, WA 98101 | Will testify, live | Plaintiff's employment with Walmart, Walmart's policies and procedures related to its immunization program, essential job functions, accommodations (interactive process, undue burden analysis, business reasons, etc.) anti-discrimination, and other topics listed on plaintiff's 30(b)(6) notice to Walmart. |
| Cherie Hope-Jurado<br>c/o<br>Betts, Patterson & Mines, P.S.<br>701 Pike Street, Suite 1400<br>Seattle, WA 98101 | Will testify; live | Plaintiff's employment with Walmart, Walmart's policies and procedures related to its immunization program, essential job functions, accommodations (interactive process, undue burden analysis, business reasons, etc.) anti-discrimination, and other topics listed on plaintiff's 30(b)(6) notice to Walmart. |
| Jon Jacobs<br>c/o<br>Gordon Thomas Honeywell LLP<br>1201 Pacific Ave., Suite 2100<br>Tacoma, WA 98402 | Will testify; live | Plaintiff's spouse will testify as to Plaintiff's disability, abilities and her medical and emotional condition, her alleged damages and offsets/plaintiff's failure to mitigate such. |
| Kim Carson<br>c/o<br>Betts, Patterson & Mines, P.S.<br>701 Pike Street, Suite 1400<br>Seattle, WA 98101 | Will testify; live | Plaintiff's employment with Walmart, Walmart's policies and procedures related to its immunization program, essential job functions, accommodations (interactive process, undue burden analysis, business reasons, etc.) anti-discrimination, and other topics listed on plaintiff's 30(b)(6) notice to Walmart. |

LAW OFFICES<br>GORDON THOMAS HONEYWELL LLP<br>1201 PACIFIC AVENUE, SUITE 2100<br>POST OFFICE BOX 1157<br>TACOMA, WASHINGTON  98401-1157<br>(253) 620-6500  -  FACSIMILE (253) 620-6565

| NAME & ADDRESS | WILL TESTIFY OR MAY TESTIFY | AREA OF TESTIMONY |
|---|---|---|
| Patti Bennet<br>c/o<br>Betts, Patterson & Mines, P.S.<br>701 Pike Street, Suite 1400<br>Seattle, WA 98101 | May testify | Plaintiff's employment with Walmart, Walmart's policies and procedures related to its immunization program, essential job functions, accommodations (interactive process, undue burden analysis, business reasons, etc.) anti-discrimination, and other topics listed on plaintiff's 30(b)(6) notice to Walmart. |
| Jenny Arnold<br>Director of Pharmacy Practice Development,<br>Washington State Pharmacy Association<br>41 Williams Ave South<br>Renton, WA 98057 | May testify | Applicable pharmacy practice standards, including CDTAs, FDA, her role in Walmart's evaluation of plaintiff's injector pen request for accommodation. |
| Mariko Kita, MD<br>Virginia Mason<br>1100 9th Avenue<br>Seattle, WA 98101 | May testify live or via deposition | Knowledge of Plaintiff's medical condition, treatment, abilities, disabilities and related issues. |
| Dan Addison, MD<br>Primary Care Physician<br>8289 E 8th Street<br>Port Angeles, WA 98362 | May testify live or via deposition | Knowledge of Plaintiff's medical condition, treatment, abilities, disabilities and related issues. |

## VIII.  EXHIBITS

**A.      Admissibility Stipulated**

**1.      Plaintiff's Exhibits**

| EX | DESCRIPTION | BATES NUMBER | # OF PAGES | ELECTRONIC PRESENT. |
|---|---|---|---|---|
| 1. | Licensing documents for Jacobs from Department of Health | Hope-Jurado Dep. Ex. 32 | 1 | Yes |
| 4. | Wal-Mart Personnel Documents for 2011 Transfer | Walmart-Jacobs 293-295 | 3 | Yes |
| 5. | September 23, 2013 Staff Pharmacist Job Description | Walmart-Jacobs 1825-1827, Hope-Jurado Dep. Ex. 31 | 3 | Yes |
| 8. | May 22, 2014 Immunization Policy Memo | Walmart-Jacobs 1683-87, Rubino Dep. Ex. 20 | 5 | Yes |
| 9. | Immunization FAQ | Walmart-Jacobs 1342-47 | 6 | Yes |

LAW OFFICES<br>GORDON THOMAS HONEYWELL LLP<br>1201 PACIFIC AVENUE, SUITE 2100<br>POST OFFICE BOX 1157<br>TACOMA, WASHINGTON  98401-1157<br>(253) 620-6500  -  FACSIMILE (253) 620-6565

| EX | DESCRIPTION | BATES NUMBER | # OF PAGES | ELECTRONIC PRESENT. |
|---|---|---|---|---|
| 11. | Wal-Mart Personnel Document for 2016 Conversion to Salary | Walmart-Jacobs 275 | 1 | Yes |
| 12. | Jacobs APhA Pharmacy-Based Immunization Delivery Certificate | Walmart-Jacobs 7961 | 1 | Yes |
| 13. | Jacobs Basic Life Support Certificate | Walmart-Jacobs 7959 | 1 | Yes |
| 14. | November 17, 2016 Staff Pharmacist Job Description | Walmart-Jacobs 1689-692 | 4 | Yes |
| 15. | January 25, 2017 Fax | Walmart-Jacobs 361-367 | 7 | Yes |
| 22. | February 5, 2017 Email from Jacobs | Walmart-Jacobs 50 | 1 | Yes |
| 24. | Jacobs Accommodation Notes | Walmart-Jacobs 351-358, Rubino Dep. Ex. 1 **Defendant objects to redacted entries on 354 and 355; see below.** | 8 | Yes |
| 25. | February 6, 2017 Accommodation Determination | Walmart-Jacobs 38-39 | 2 | Yes |
| 26. | February 6, 2017 Letter re Accommodation Determination | Walmart-Jacobs 229-230 | 2 | Yes |
| 28. | March 14, 2017 Email from Jacobs | Walmart-Jacobs 710-772 **Defendant objects to 770, see below.** | 3 | Yes |
| 30. | May 4, 2017 Email Chain Between Hope-Jurado and Rubino | Walmart-Jacobs 80-81 | 2 | Yes |
| 31. | May 18, 2017 Denial of Reconsideration Request | Walmart-Jacobs 7-9 | 3 | Yes |
| 32. | April 15, 2017 Email from Hope Jurado | Walmart-Jacobs 650-53, Rubino Dep. Ex. 8 | 4 | Yes |

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

| EX | DESCRIPTION | BATES NUMBER | # OF PAGES | ELECTRONIC PRESENT. |
|---|---|---|---|---|
| 33. | Current through FY 2019 Immunization Sales Totals for Store Nos. 2196 and 5296 and Updated Nationwide "Script Sales" | Walmart-Jacobs 11209-11210 **CONFIDENTIAL** | 2 | Yes |
| 34. | May 10, 2017 Decision on Reconsideration Request | Walmart-Jacobs 43-46, Rubino Dep. Ex. 10 | 4 | Yes |
| 36. | March 29, 2018 Fax Requesting Accommodation | Rubino Dep. Ex. 11 | 3 | Yes |
| 37. | Second Jacobs Accommodation Notes | Walmart-Jacobs 439-440, Rubino Dep. Ex. 2 **Defendant objects to redacted portions of the exhibit; see below.** | 2 | Yes |
| 38. | May 17, 2018 Email from Hope-Jurado | Walmart-Jacobs 888 | 1 | Yes |
| 39. | May 22, 2018 Email from Hope-Jurado | Walmart-Jacobs 866 | 1 | Yes |
| 40. | 5/22/18 Decision on Accommodation | Walmart-Jacobs 74-76, Rubino Dep. Ex. 17 | 3 | Yes |
| 41. | Jacobs 2016 W-2 | L.J. 116 | 1 | Yes |
| 42. | Jacobs Pay Statement end of year 2016 | L.J. 110 | 1 | Yes |
| 43. | Jacobs 2017 W-2 | L.J. 117 | 1 | Yes |
| 44. | Jacobs Pay Statement end of year 2017 | L.J. 111 | 1 | Yes |

## 2.    Defendants' Exhibits

| EX | DESCRIPTION | BATES NUMBER | # OF PAGES | ELECTRONIC PRESENT. |
|---|---|---|---|---|
| A-4 | February 13, 2017 Email from Plaintiff to Hope-Jurado | Walmart-Jacobs 52 | 1 | Yes |
| A-5 | March 22, 2018 email from Plaintiff to Hope-Jurado | Walmart-Jacobs 207 | 1 | Yes |

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

| EX | DESCRIPTION | BATES NUMBER | # OF PAGES | ELECTRONIC PRESENT. |
|----|-------------|--------------|------------|---------------------|
| A-6 | March 31, 2018 email between Plaintiff and Hope-Jurado | Walmart-Jacobs 153-154 | 2 | Yes |
| A-8 | February 6, 2017 email from Hope-Jurado to J. Rubino and Plaintiff | Walmart-Jacobs 1-2 | 2 | Yes |
| A-10 | April 1, 2016 email re Immunization Certification – Minimum Qualification for all Pharmacists directed to all Market Health and Wellness Directors | Walmart-Jacobs 454-455 | 2 | Yes |
| A-11 | April 8, 2016 email re Immunization Certification – Minimum Qualification for all Pharmacists directed to all Pharmacy Mangers, Assistant Pharmacy Managers, Pharmacy Area Managers and Staff Pharmacists | Walmart-Jacobs 1873-1874 | 2 | Yes |
| A-18 | October 6, 2016 email from A. Cole to Plaintiff | Walmart-Jacobs 106 | 1 | Yes |
| A-21 | August 5, 2016 – August 20, 2018 Collaborative Drug Therapy Agreement Process | Walmart-Jacobs 1732-1770 | 39 | Yes |
| A-22 | February 8, 2018 – February 7, 2020 Collaborative Drug Therapy Agreement | Walmart-Jacobs 1693-1721 | 29 | Yes |
| A-23 | February 2, 2017 Email from J. Rubino to Hope-Jurado | Walmart-Jacobs 62 | 1 | Yes |
| A-36 | February 13, 2017 email from Hope-Jurado to Plaintiff | Walmart-Jacobs 3–6 | 4 | Yes |
| A-37 | May 18, 2017 email to Plaintiff from Hope-Jurado | Walmart-Jacobs 7-10 | 4 | Yes |

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

| EX | DESCRIPTION | BATES NUMBER | # OF PAGES | ELECTRONIC PRESENT. |
|---|---|---|---|---|
| A-39 | Exempt Pharmacist Compensation Change Form | Walmart-Jacobs 37 | 1 | Yes |
| A-40 | February 21, 2015 email from Plaintiff to Hope-Jurado | Walmart-Jacobs 49 | 1 | Yes |
| A-55 | April 19, 2017 email exchange with Rubino and Hope-Jurado | Walmart-Jacobs 171-173 | 3 | Yes |
| A-76 | April 6, 2017 email between Jacobs and Hamilton | Walmart-Jacobs 212, | 1 | Yes |
| A-79 | April 18, 2017 email from Slovarp to Hamilton | Walmart-Jacobs 263 | 1 | Yes |

**B.      Authenticity Stipulated, Admissibility Disputed**

**1.   Plaintiffs' Exhibits, Admissibility Disputed**

| EXH | DESCRIPTION | BATES NUMBER | # OF PAGES |
|---|---|---|---|
| 2. | Jacobs's Wal-Mart application | Walmart-Jacobs 570-71, Hope-Jurado Dep. Ex. 36 | 2 |
| 6. | FY 16 Annual Performance Evaluation for Jacobs | Walmart-Jacobs 508-510 | 3 |
| 7. | FY 17 Annual Performance Evaluation for Jacobs | Walmart-Jacobs 511-513 | 3 |
| 10. | March 11, 2015 Email from Hope-Jurado | Walmart-Jacobs 565-66 | 2 |
| 16. | POM 204 Respectful Treatment of Patients/Customers | Unsealed Ex. 1 (Dkt. 136) to Bennett Dec. (Dkt. 106) | 2 |
| 17 | Claim Info for Claim #B783020741-0001-01 | Walmart-Jacobs 11307-310 | 4 |
| 18. | Claim Info for Claim #B783030109-0001-01 | Walmart-Jacobs 11253-256 | 6 |
| 19. | Claim Info for Claim #B783079240-0001-01 | Walmart-Jacobs 11253-256 | 4 |
| 20. | Claim Info for Claim #B7830B3724-0001-01 | Walmart-Jacobs 11836-841 | 6 |

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

| EXH | DESCRIPTION | BATES NUMBER | # OF PAGES |
|---|---|---|---|
| 21. | Defendant's Responses to Plaintiff's Third Discovery – Interrogatory 14 | | 4 |
| 23. | Select Medical Records re: accommodation | LJ 43-51, LJ 60-64 | 14 |
| 24 | Jacobs Accommodation Notes | Walmart-Jacobs 354 and 355, but only to the extent they contain redactions for attorney-client communications.  This issue will be addressed through Motion in Limine. | 2 |
| 27. | February 22, 2017 Reconsideration Request | Walmart-Jacobs 375-78 | 4 |
| 28. | March 31, 2017 Redacted Emails and March 16 and 17 Emails between Defendant's employees | Walmart-Jacobs 770 only | 1 |
| 29 | April 6, 2017 Email from Bloomfield | Walmart-Jacobs 241-245 | 5 |
| 35 | POM 204 Conscientious Objection | Ex. 2 to Bennett Dec  CONFIDENTIAL | 3 |
| 37. | Second Jacobs Accommodation Claim Notes | Walmart-Jacobs 439-440, but only to the extent these notes contain redactions for attorney-client communications. This issue will be addressed through Motion in Limine. | 2 |
| 46. | Rubino Deposition Notice | Rubino Dep. Ex. 3 | 4 |
| 47 | Sasse Deposition Notice | Sasse Dep. Ex. 21 | 5 |
| 48 | Hope-Jurado Deposition Notice | Hope-Jurado Dep. Ex. 28 | 5 |
| 49. | Walmart Storefinder – Port Angeles www.walmart.com/store/finder?location=Port%angeles%2C%20wa&distance=50 | Author: Walmart, Inc. 702 S.W. 8th Street Bentonville, Arkansas 72716 | 1 |
| 50. | Walmart Storefinder – Sequim www.walmart.com/store/finder?location=Port%angeles%2C%20wa&distance=50 | Author: Walmart, Inc. 702 S.W. 8th Street Bentonville, Arkansas 72716 | 1 |

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

| EXH | DESCRIPTION | BATES NUMBER | # OF PAGES |
|---|---|---|---|
| 53. | Walmart by the Numbers (Excerpt from Walmart 2018 Annual Report) | Author: Walmart, Inc. 702 S.W. 8th Street Bentonville, Arkansas 72716 | 1 |
| 54. | Consolidated Net Income (Excerpt from Walmart 2018 Annual Report) | Author: Walmart, Inc. 702 S.W. 8th Street Bentonville, Arkansas 72716 | 2 |
| 55. | Walmart Q3FY19 Earnings Release | Author: Walmart, Inc. 702 S.W. 8th Street Bentonville, Arkansas 72716 | 3 |

### 2. Defendant's Exhibits, Admissibility Disputed:

| EXH | DESCRIPTION | BATES NUMBER | # OF PAGES |
|---|---|---|---|
| A-1 | February 13, 2017 Email from Plaintiff to Hope-Jurado | Walmart-Jacobs 51 | 1 |
| A-2 | June 15, 2017 Notice of Discrimination, EEOC | Walmart-Jacobs 450-452 | 3 |
| A-3 | September 13, 2017 Dismissal and Notice of Rights, EEOC | Walmart-Jacobs 447-449 | 3 |
| A-7 | Plaintiff's Virginia Mason Medical Records | VMMC 1-170 | 170 |
| A-9 | August 3, 2017 application for disabled parking, signed by Plaintiff and by Dr. Addison | DA 49 | 1 |
| A-12 | November 17, 2016 Pharmacy Manager Job Description | | 4 |
| A-13 | June 4, 2018 email from Plaintiff to Hope-Jurado | Walmart-Jacobs 793 | 1 |
| A-14 | April 16, 2018 email from Hope-Jurado to P. Bennett | Walmart-Jacobs 794 | 1 |
| A-15 | Plaintiff's Coaching Record | Walmart-Jacobs 7673-7677 | 5 |
| A-16 | Plaintiff's Walmart benefit record | Walmart-Jacobs 1688 | 1 |
| A-17 | April 9, 2018 email exchange between J. Coleman and J. Rubino | Walmart-Jacobs 1861-1863 | 3 |

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

| A-19 | February 5, 2017 email from Plaintiff to Hope-Jurado | Walmart-Jacobs 50 | 1 |
|------|------|------|------|
| A-20 | Open Door Record Re Plaintiff's Complaint | Walmart-Jacobs 1864-1872 | 9 |
| A-24 | July 14, 2017 email from Hope-Jurado to HR Shared Services | Walmart-Jacobs 54 | 1 |
| A-25 | May 4, 2017 email from Hope-Jurado to J. Rubino | Walmart-Jacobs 80-81 | 2 |
| A-26 | May 5, 2011 Central Fill Job Description | Walmart-Jacobs 11824-11826 | 3 |
| A-27 | March 30, 2016 Frequently Asked Questions | Walmart-Jacobs 1642-1646 | 5 |
| A-28 | April 1, 2016 Frequently Asked Questions | Walmart-Jacobs 1647-1652 | 6 |
| A-29 | July 21, 2016 Frequently Asked Questions | Walmart-Jacobs 1665-1670 | 6 |
| A-30 | July 22, 2016 Frequently Asked Questions | Walmart-Jacobs 1671-1676 | 6 |
| A-31 | October 21, 2016 Frequently Asked Questions | Walmart-Jacobs 1677-1682 | 6 |
| A-32 | April 19, 2017 Frequently Asked Questions | Walmart-Jacobs 1659-1664 | 6 |
| A-33 | Liberty Mutual Insurance/Liberty Life Assurance Company of Boston Disability Claims | LL000001-218 | 218 |
| A-35 | Social Security Disability Records | SSDI 000001-250 | 250 |
| A-38 | Associate Salary | Walmart-Jacobs 36 | 1 |
| A-41 | February 13, 2017 email from Plaintiff to Hope-Jurado | Walmart-Jacobs 51 | 1 |
| A-42 | August 4, 2017 Email from Hope-Jurado to WMCC HRSS | Walmart-Jacobs 55 | 1 |
| A-44 | April 19, 2017 email from Hope-Jurado to Rubino | Walmart Jacobs 64-65 | 2 |
| A-43 | February 12, 2017 Email from Hope-Jurado to WMCC-HRSS | Walmart-Jacobs 56 | 1 |

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

| A-45 | April 13, 2018 email from Rubino to Hope-Jurado and letter from Accommodation Service Center to Plaintiff | Walmart-Jacobs 107-108 | 2 |
|------|------|------|------|
| A-46 | April 2, 2018 email exchange with Shiley and Rubino and Hope-Jurado | Walmart-Jacobs 78-79 | 2 |
| A-47 | Email from HR Services, Casey and Rubino | Walmart-Jacobs 87-88 | 2 |
| A-48 | February 6, 2017 email between Slovarp and Hope-Jurado | Walmart-Jacobs 123-124 | 2 |
| A-49 | April 13, 2018 email exchange between Plaintiff and Hope-Jurado, with April 13, 2018 letter attached | Walmart-Jacobs 136-138 | 3 |
| A-50 | June 12, 2017 email from Hope-Jurado to WMCC HRSS | Walmart-Jacobs 421-422 | 2 |
| A-51 | March 14, 2017 email note to/from Slovarp | Walmart-Jacobs 235 | 1 |
| A-52 | June 1, 2018 email from Plaintiff to Hope-Jurado | Walmart-Jacobs 209 | 1 |
| A-53 | February 2, 2017 email exchange between Rubino and Hope-Jurado | Walmart-Jacobs 119-200 | 2 |
| A-54 | May 18, 2017 email from Hope-Jurado to Plaintiff | Walmart-Jacobs 183-186 | 4 |
| A-56 | March 21/23, 2018 email between Plaintiff and Hope-Jurado | Walmart-Jacobs 143 | 1 |
| A-57 | March 29 - April 1, 2018 email exchange with Hope-Jurado and Rubino | Walmart-Jacobs 141-142 | 2 |
| A-58 | March 29 - March 31, 2018 email exchange with Plaintiff and Hope-Jurado | Walmart-Jacobs 153-154 | 2 |
| A-59 | May 24 – June 1, 2018 email exchange with Hope-Jurado and P. Bennett and J. Rubino | Walmart-Jacobs 146-147 | 2 |
| A-60 | June 5, 2018 email exchange with P. Bennett and Hope-Jurado | Walmart-Jacobs 144-145 | 2 |
| A-61 | February 6, 2017 email between Hope-Jurado and Slovarp | Walmart-Jacobs 213-214 | 2 |

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

| A-63 | February 1 and 2, 2017 email exchange between Rubino to Hope-Jurado | Walmart-Jacobs 62 | 1 |
| A-64 | June 12 – 20, 2017 email exchange between Hope-Jurado and HR Shared Services | Walmart-Jacobs 57-60 | 4 |
| A-65 | April 13, 2018 letter from Accommodation Service Center to Jacobs | Walmart-Jacobs 77 | 1 |
| A-66 | Current through FY 2019 IMZ totals for Store Nos. 2196 and 5296 and updated Nationwide script sales | Walmart-Jacobs 11209-11210 **CONFIDENTIAL** ***Only objection to the extent it Duplicates Exhibit 33*** | |
| A-67 | December 5, 2016 Disabled Parking Permit signed by Plaintiff and Dr. Addison | N/A (produced at Dr. Addison's deposition on January 29, 2019 | 1 |
| A-69 | March 14, 2017 email exchange between Jacobs and Hamilton | Walmart-Jacobs 104 | 1 |
| A-70 | March 26/27, 2018 email from Hope-Jurado to Jacobs | Walmart-Jacobs 109-110 | 2 |
| A-71 | July 10, 2017 email exchange between Slovarp and Hope-Jurado | Walmart-Jacobs 114-116 | 3 |
| A-72 | April 24, 2017 email between Navarrette and Hope-Jurado | Walmart-Jacobs 120-121 | 2 |
| A-73 | Webex Meeting Schedule with Hamilton, Sr. HR Manager | Walmart-Jacobs 122, 211 | 1 |
| A-74 | April 16, 2018 email exchange between Hope-Jurado and Rubino | Walmart-Jacobs 139-140 | 2 |
| A-75 | April 18, 2017 email exchange between Hope-Jurado and Slovarp | Walmart-Jacobs 193-195 | 3 |
| A-77 | February 6, 2017 Email exchange between Slovarp, Hope-Jurado and Hamilton | Walmart-Jacobs 222-224 | 3 |
| A-78 | March 14, 2017 email from Jacobs to Hamilton, Slovarp, and March 15, 2017 email from Hamilton to HR Shared Services | Walmart-Jacobs 380-381 | 1 |

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

| A-80 | May 12, 2017 Request to Start Reassignment Leave | Walmart-Jacobs 415-417 | 3 |
| A-81 | July 17, 2017 email between J. Prescott and Hope-Jurado | Walmart-Jacobs 111-113 | 3 |

### C.    Authenticity and Admissibility Disputed

#### 1.    Plaintiff's Exhibits

| EXH | DESCRIPTION | BATES NUMBER | # OF PAGES |
|-----|-------------|--------------|------------|
| 3. | Photographs of Jacobs | L.J. 447-456 | 10 |
| 45. | PharmaJet User Guide | N/A | 2 |
| 51. | Walmart Port Angeles Photo Google.com/maps Oct 2015 Street View Photo | Google.com/maps | 1 |
| 52. | Walmart Sequim Photo Google.com/maps Aug 2015 Street View Photo | Google.com/maps | 1 |

#### 2.    Defendant's Exhibits

| EXH | DESCRIPTION | BATES NUMBER | # OF PAGES |
|-----|-------------|--------------|------------|
| A-34 | Total National Net Sales for Pharmacy Dept. (Dept. 38) | Walmart-Jacobs 7667 **CONFIDENTIAL** | 1 |
| A-62 | WITHDRAWN (PharmaJet Video) | | |
| A-68 | FRE 1006 Summary of IMZ Totals for all stores, nationwide, for years 2014 – FY 2019. | Document based off of Walmart-Jacobs 2093-7666 and supplemental production related to the same **CONFIDENTIAL** | 1 |

## IX.    ACTION BY THE COURT

(a)    This case is scheduled for a jury trial on February 25, 2019 at 9:30 a.m.

(b)    Trial briefs shall be submitted to the Court on or before February 15, 2019.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

(c)     Jury instructions requested by either party shall be submitted to the Court on or before February 15, 2019.  Suggested questions of either party to be asked of the jury by the Court on voir dire shall be submitted to the court on or before February 15, 2019.

(d)     An agreed juror questionnaire may be submitted to the Court on or before February 15, 2019.

This Order has been approved by the parties as evidenced by the signatures of their counsel. This Order shall control the subsequent course of the action unless modified by a subsequent order. This Order shall not be amended except by order of the Court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this 19th day of February, 2019.


_____
ROBERT J. BRYAN
United States District Judge


Presented By:


GORDON THOMAS HONEYWELL LLP

By: /s/ James W. Beck_____
        Stephanie Bloomfield, WSBA No. 24251
        sbloomfield@gth-law.com
        James W. Beck, WSBA No. 34208
        jbeck@gth-law.com
        Attorneys for Plaintiff


Agreed Pretrial Order - 31 of 32
(3:17-cv-5988)
[4817-3260-3016]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

1

BETTS PATTERSON & MINES P.S.

2

By: /s/ *Laura Kruse*

3
    Laura E. Kruse, WSBA No. 32947
    lkruse@bpmlaw.com
4
    Lisa W. Lackland, WSBA #27373
    llackland@bpmlaw.com
5
    Nicole Brodie Jackson, WSBA #35090
    nbrodiejackson@bpmlaw.com
6
    S.Karen Bamberger
    kbamberger@bpmlaw.com
7
    Steve Goldstein
    sgoldstein@bpmlaw.com
8
    Attorneys for Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Agreed Pretrial Order - 32 of 32
(3:17-cv-5988)
[4817-3260-3016]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565