The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI JACOBS, | NO. 3:17-CV-05988-RJB |
| Plaintiff, | DEFENDANT'S REPLY IN SUPPORT OF MOTION TO BIFURCATE |
| vs. | |
| WAL-MART STORES, INC., a Delaware corporation, | **Note on Motion Calendar: February 22, 2019** |
| Defendant. | |

## I.    INTRODUCTION

This case involves claims of disability discrimination and failure to make reasonable accommodations, under both the ADA and WLAD with the three primary issues being (1) essential job function, (2) reasonable accommodation, and (3) estoppel from claiming "disability." Defendant's Motion to Bifurcate is based on the fact that in the course of discovery and trial preparation conducted in recent weeks,[1] it has become increasingly apparent that to a great extent, Plaintiff will seek to establish liability for her substantive claims based not on the

---

[1] Plaintiff complains that Defendant did not raise the issue of bifurcation sooner, and has only done so now "on the eve of trial." *See* Dkt. 224 at 2. However, the need for bifurcation became apparent only after Defendant's Motion for Summary Judgment was denied on January 7, 2019 (which sought the complete dismissal of Plaintiff's punitive damages claim) and through discovery conducted more recently. Thus, Walmart could not have anticipated at an earlier time that Plaintiff would attempt to try her case based largely on extraneous evidence and issues, which has become increasingly apparent through Plaintiff's response to Defendant's Motion in Limine relating to issues of redaction, Plaintiff's deposition designations (where she includes counsel's instruction to witnesses to not testify about attorney-client communications), and Plaintiff's trial brief, where she attempts to argue Walmart's reliance on an attorney for legal advice somehow proves punitive conduct.

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO BIFURCATE - NO. 3:17-CV-
05988-RJB
- 1 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Jacobs reply bifurcate_3.docx/022019 1647/8247-0015

particular facts and circumstances of Plaintiff's case, but by seeking to interject numerous extraneous issues. As a result, a substantial portion of the evidence Plaintiff has indicated she plans to introduce at trial has no bearing on the particular facts of Plaintiff's discrimination claims and bifurcation is appropriate.

## II.     REPLY

### A.     Jury Instructions Will Not Protect Walmart from Unfair Prejudice.

Plaintiff's Opposition Brief does not address the broader concerns of unfair prejudice raised by Walmart's Motion to Bifurcate. Plaintiff baldly asserts that any prejudice to Walmart would be addressed by jury instructions. Plaintiff is incorrect. Here, bifurcation is necessary to prevent evidence regarding punitive damages to be considered by the jury before it reaches its decision on liability and compensatory damages sought under Plaintiff's substantive causes of action. There is no sufficient jury instruction to protect Walmart from being unfairly prejudiced through presentation of evidence of financial status and/or alleged malice or reckless indifference.

Much of the evidence Plaintiff seeks to introduce is wholly distinct from, and irrelevant to, the particular facts of Plaintiff's discrimination claims, the accommodations offered, or Walmart's liability for the specific conduct at issue in Plaintiff's substantive causes of action. As explained below, bifurcation is an effective and necessary tool to prevent that unfair result, and can be accomplished with relatively minimal delay or duplication of evidence.

### B.     Bifurcation Will Promote Judicial Economy and Further the Convenience of the Parties and the Court.

The Court may "for convenience, to avoid prejudice, or to expedite and economize … order a separate trial of one or more separate issues [or] claims …" Fed. R. Civ. P. 42(b). This rule confers "broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possible unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivokovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). A district

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO BIFURCATE - NO. 3:17-CV-     - 2 -
05988-RJB

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Jacobs reply bifurcate_3.docx/022019 1647/8247-0015

court's refusal to bifurcate a trial is accordingly reviewed for an abuse of discretion. *Hilao v. Estate of Marcos*, 103 F.3d 767, 782 (9th Cir. 1996).

### 1. *Bifurcation Will Protect Against Undue Prejudice and Delay.*

If Plaintiff is allowed to present evidence based on Walmart's financial earnings and status, it will require Walmart to, in turn, present evidence to defend against these various extraneous claims. For example, if Walmart needs to respond to each listing of total revenue, operating cash flow, cash returned to shareholders through dividends and share repurchases, etc. and claims of malice or reckless indifference, a series of ancillary "mini-trials" will ensue, needlessly extending the trial before the jury even has the opportunity to consider more basic questions of whether liability and/or compensatory damages exist on Plaintiff's substantive causes of action. The core issues are whether any disability discrimination took place and whether there was a failure to accommodate. If the answer is in the negative, the trial will result in a defense verdict and this evidence need not be considered in the first instance.

To be clear, Walmart disputes the relevance and admissibility of much of the evidence Plaintiff will rely on *for any purpose*, and has moved the Court *in limine* preventing the introduction of such evidence. Additionally, Walmart maintains that punitive damages are not proper in this case for the reasons more particularly set forth in Walmart's Motion for Summary Judgment. Dkt. 102 at 9. But even if Plaintiff's punitive damages claim survives, the Court should still bifurcate trial as a way to simplify this case and potentially avoid these difficult issues altogether. The Ninth Circuit favors bifurcation for the sake of judicial economy, as a means of preventing precisely such a situation. *See Danjaq, LLC v. Sony Corporation*, 263 F.3d 942 (9th Cir. 2001) (affirming the trial court's order bifurcating trial and noting, "[o]ne favored purpose of bifurcation is to accomplish just what the district court sought to do here – avoiding a difficult question by first dealing with an easier, dispositive issue."), citing *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). Bifurcation is appropriate because it will allow the jury to

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO BIFURCATE - NO. 3:17-CV-05988-RJB  - 3 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Jacobs reply bifurcate_3.docx/022019 1647/8247-0015

consider threshold questions of liability and compensatory damages and eliminate the risk that the jury, the Court, and the parties will have to expend considerable time and resources litigating over financial status and alleged malice or reckless indifference, which may ultimately prove to be unnecessary. In such circumstances, it is entirely appropriate for the Court to employ bifurcation as an extra safeguard.

### 2. The Issues of Liability for Punitive Damages, and the Amount of Any Punitive Damages Award, Can Be Bifurcated with Minimal Duplication of Evidence.

Plaintiff argues that "separate trials of liability/compensatory and punitive damages issues would certainly lengthen the time required for trial in this action." Although bifurcation may necessarily result in some duplication of evidence, Plaintiff's claims are overstated and any delay due to duplication of evidence in a bifurcated punitive damages proceeding would be minimal.

The issues and evidence pertaining to liability and compensatory damages on the Plaintiff's substantive claims are straightforward. To determine Walmart's liability on Plaintiff's substantive causes of action, the jury must examine the facts and circumstances of Plaintiff's employment. These relatively straightforward considerations of liability can easily be tried separately from the extraneous issues Plaintiff apparently plans to use to support a punitive damages claim, as set forth above. Duplication of evidence, if any, would be minimal, and is outweighed by the potential benefits that bifurcation offers.

### III.   CONCLUSION

For the foregoing reasons, Walmart respectfully requests the Court grant its motion to bifurcate the issues of liability for, and amount of, any punitive damages from the trial on the issues of liability and compensatory damages on Plaintiff's substantive causes of action.

/ / /

/ / /

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO BIFURCATE - NO. 3:17-CV-05988-RJB   - 4 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Jacobs reply bifurcate_3.docx/022019 1647/8247-0015

1   DATED this 20th day of February, 2019.

2                                               BETTS, PATTERSON & MINES, P.S.

4                                               By  */s/ Laura E. Kruse*
                                                    Laura E. Kruse, WSBA #32947
5                                                   Lisa W. Lackland, WSBA #27373
                                                    Nicole Brodie Jackson, WSBA #35090
6                                                   S. Karen Bamberger, WSBA #18478
7                                               Betts, Patterson & Mines, P.S.
                                                One Convention Place, Suite 1400
8                                               701 Pike Street
                                                Seattle WA  98101-3927
9                                               Telephone:    (206) 292-9988
                                                Facsimile:    (206) 343-7053
10                                              E-mail:       lkruse@bpmlaw.com
                                                E-mail:       llackland@bpmlaw.com
11                                              E-mail:       nbrodiejackson@bpmlaw.com
                                                E-mail:       kbamberger@bpmlaw.com
12
                                                *Attorneys for Walmart Stores, Inc.*

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO BIFURCATE - NO. 3:17-CV-     - 5 -
05988-RJB

Jacobs reply bifurcate_3.docx/022019 1647/8247-0015

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

**CERTIFICATE OF SERVICE**

I, , hereby certify that on February 20, 2019, I electronically filed the following:

- **Defendant's Reply In Support Of Motion to Bifurcate; and**

- **Certificate of Service.**

with the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Plaintiff Lori Jacobs*
Stephanie Bloomfield
James W. Beck
Janelle Chase-Fazio
Kristina Southwell
Gordon Thomas Honeywell LLP
1201 Pacific Ave Ste 2100
Tacoma, WA 98402-4314

DATED this 20th day of February 2019.

/s/ Tatyana Stakhnyuk
Tatyana Stakhnyuk, Legal Assistant

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO BIFURCATE - NO. 3:17-CV-05988-RJB   - 6 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Jacobs reply bifurcate_3.docx/022019 1647/8247-0015