UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LORI JACOBS,

                    Plaintiff,

        v.

WAL-MART STORES, INC.,  a Delaware
corporation,

                    Defendant.

CASE NO. C17-5988RJB

COURT'S INSTRUCTIONS TO
THE JURY

*Original*

Dated this ___5ᵗʰ___ day of March, 2019.

_____
ROBERT J. BRYAN
United States District Judge

INSTRUCTION NO 1

Members of the Jury:

Now that you have heard all the evidence, it is my duty to instruct you as to the law of the case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding evidence or what your verdict should be.

INSTRUCTION NO 2

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO 3

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of the witnesses;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I have instructed you to accept as proved.

INSTRUCTION NO ___4___

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1 Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# INSTRUCTION NO 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony or supported it;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO $\underline{7}$

You have heard testimony from various witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reason given for the opinion, and all other evidence in the case.

INSTRUCTION NO 8

Some documentary evidence has specific portions covered or "redacted." The purpose of a redaction is to eliminate any confusion based on topics that are not at issue in this case. Do not draw any inferences from the fact that documents may have been redacted.

INSTRUCTION NO __9__

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

INSTRUCTION NO 10

The law treats all parties equally whether they are corporations or individuals. This means that corporations and individuals are to be treated in the same fair and unprejudiced manner.

INSTRUCTION NO ___11___

Any party, attorney or representative of a party has a right to interview a witness for the purpose of learning what testimony the witness will give. The fact that a witness has talked with any attorney, a party, or a party's representative does not, of itself, reflect adversely on the testimony of the witness.

INSTRUCTION NO __12__

Plaintiff makes claims against defendant under two separate laws – the federal Americans With Disabilities Act, known as the ADA, and the Washington State Law Against Discrimination, known as the WLAD.

While those laws are similar, they are different in some details, and must be separately decided.

Plaintiff claims that the defendant violated both laws by failing to provide reasonable accommodation of Plaintiff's disability and removed her from her work based on her disability, causing damages to Plaintiff.

The defendant denies all of Plaintiff's claims.

1

INSTRUCTION NO 13

2

3        To succeed on her federal American with Disabilities Act ("ADA") claim, Plaintiff has

4    the burden of proving the following elements by a preponderance of the evidence:

5        1. She had a disability;

6        2. She was a qualified individual as that term is defined below; and

7        3. She was removed from her work because of her disability.

8        If you find that Plaintiff has proved all of these elements, your verdict should be for her

9    on this claim.

         If, on the other hand, Plaintiff has failed to prove all of these elements, your verdict

11   should be for Defendant on this claim.

12

13

14

15

16

17

18

19

20

21

22

23

24

INSTRUCTION NO __14__

 

The parties agree that Plaintiff has a disability that causes her to be unable to perform injections on the general public.

1

INSTRUCTION NO 15

2

3       The second element of the ADA claim that the Plaintiff must prove is that the Plaintiff is

4   a qualified individual under the ADA.

5       The term qualified individual means an individual with a disability who, with or without

6   a reasonable accommodation, can perform the essential functions of the employment position

7   that such individual holds. The individual must satisfy the requisite skill, experience, education,

8   and other job-related requirements of the employment position.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

INSTRUCTION NO 16

As to Plaintiff's ADA claim, an "essential function" of an employment position means the fundamental job duties of the employment position the Plaintiff holds or desires. It does not include the marginal functions that may occur through the course of a job.

You must consider the employer's judgment as to what functions of a job are essential. If any employer has prepared a written description for the job, this description is evidence of the essential function of the job. Other factors that may bear upon whether a job function is essential include, but are not limited to:

1. whether the reason the position exists is to perform that function;

2. whether there are a limited number of employees available among whom the performance of that job function can be distributed;

3. whether the job function is highly specialized, and the person in that particular position is hired for his expertise or ability to perform the particular function;

4. the amount of time spent performing the job function;

5. the consequences of not requiring the individual holding the position to perform the function;

6. the work experience of past employees who have held that position; and

7. the work experience of current employees that hold similar positions.

INSTRUCTION NO 17

Under the ADA, to establish the defendant's duty to provide a reasonable accommodation, the Plaintiff must prove, by a preponderance of the evidence, both of the following elements:

1. the Plaintiff requested an accommodation from the Defendant due to a disability.

2. the Defendant could have made a reasonable accommodation that would have enabled the Plaintiff to perform the essential functions of the job.

It is for you to determine whether the accommodations requested by the Plaintiff were reasonable.

A reasonable accommodation does not include changing or eliminating any essential function of employment, shifting any of the essential functions of the subject employment to others, or creating a new position for the disabled employee.

INSTRUCTION NO 18

The ADA requires that the employer meet with the employee who requests an accommodation, request information about the condition and what limitations the employee has, ask the employee what she specifically wants, and show some sign of having considered the employee's request.

The interactive process requires (1) direct communication and cooperation between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is reasonable and effective, if such an accommodation is available.

Plaintiff has the burden of proving by a preponderance of the evidence, the following elements:

1. That Defendant failed to participate in such an interactive process in good faith; and

2. That a reasonable accommodation would have been possible.

If Plaintiff has proved both of these elements, your verdict should be for Plaintiff on her ADA claim. If both elements have not been proved, your verdict should be for Defendant on this claim.

INSTRUCTION NO <u>19</u>

Under the ADA, a defendant is not required to provide an accommodation that will impose an undue hardship on the operation of the defendant's business.

The term undue hardship means an action requiring significant difficulty or expense. It takes into account the financial realities of the particular defendant and refers to any accommodation that would be unduly costly, extensive, substantial, or disruptive, or that would fundamentally alter the nature or operation of the business.

The factors you may consider in deciding whether an accommodation would cause undue hardship include, but are not limited to:

1. The nature and net cost of the accommodation, accounting for tax credits or deductions and other outside funding;

2. The overall financial resources of the defendant's facility involved in the provision of the reasonable accommodation, the number of persons employed at such facility, the effect on expenses and resources, or the impact otherwise of such accommodation upon the operation of the facility;

3. The overall financial resources of the defendant's facility, the overall size of the business of defendant's facility with respect to the number of employees, the number, type and location of its facilities;

4. The number of persons employed by defendant and the effect of accommodation;

5. The type of operations the defendant is involved in and the composition, structure, and functions of the work force;

1

INSTRUCTION NO $\underline{19}$ (cont.)

2

3       6. The geographic separateness and administrative or fiscal relationship of the facility in

4    question to the defendant;

5       7. The overall impact of the proposed accommodation on the operation of the defendant's

6    facilities, including the impact on other employees and the ability to conduct business.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

INSTRUCTION NO 2D

To establish her WLAD claim of discrimination on the basis of failure to reasonably accommodate a disability, Plaintiff has the burden of proving each of the following propositions:

(1) That she would have been able to perform the essential functions of the job in question with reasonable accommodation; and

(2) That the employer failed to reasonably accommodate the disability.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for the Plaintiff on her WLAD claim.

On the other hand, if any of these propositions has not been proved, your verdict should be for the Defendant on this claim.

INSTRUCTION NO 21

Under the WLAD, discrimination in employment on the basis of disability is prohibited. To establish her WLAD claim of discrimination on the basis of disability, Plaintiff has the burden of proving each of the following propositions:

(1) that she has a disability;

(2) that she was able to perform the essential functions of the job in question with or without reasonable accommodation; and

(3) that her disability was a substantial factor in Defendant's decision to remove her from her work.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for Plaintiff on her WLAD claim.

On the other hand, if any of these propositions has not been proved, your verdict should be for Defendant on this claim.

The parties agree that Plaintiff has a disability that causes her to be unable to perform injections on the general public.

INSTRUCTION NO 22

"Substantial factor" means a significant motivating factor in bringing about the employer's decision. "Substantial factor" does not mean the only factor or the main factor in the challenged act or decision. "Substantial factor" also does not mean that Lori Jacobs would have been retained but for her disability.

INSTRUCTION NO 23

Under the WLAD, an essential function is a job duty that is fundamental, basic, necessary and indispensable to filling a particular position, as opposed to a marginal duty divorced from the essence of substance of the job.

In determining whether a function is essential to a position, you many consider, among others, the following factors:

    1.  whether the reasons the position exists include performing that function;

    2.  the employer's judgment as to which functions are essential;

    3.  the judgment of those who have experience working in and around the positon in question;

    4.  any written job descriptions such as those used to advertise the position; and

    5.  the amount of time spent on the job performing the particular function.

INSTRUCTION NO 24

Under the WLAD, a reasonable accommodation is a measure that enables the proper performance of the essential job functions; or enables the enjoyment of equal benefits, privileges, or terms and conditions of employment that are available to employees without disabilities. Once an employer is on notice of an impairment, the employer has a duty to inquire about the nature and extent of the impairment. The employee has a duty to cooperate with her employer to explain the nature and extent of the employee's impairment and resulting limitations as well as her qualifications.

An employer must provide a reasonable accommodation for an employee with a disability unless the employer can show that the accommodation would impose an undue hardship on the employer. The obligation to reasonably accommodate applies to all aspects of employment, and an employer cannot deny an employment opportunity to a qualified employee because of the need to provide reasonable accommodation.

There may be more than one reasonable accommodation of a disability.

A reasonable accommodation may include adjustments in the manner in which essential functions are carried out, and work schedules or conditions of employment that enable the person to perform the essential functions of the job.

An employer is not required to reassign an employee to a position that is already occupied, create a new position, or eliminate or reassign essential job functions as a reasonable accommodation.

# INSTRUCTION NO 25

Under the WLAD, an employer is not required to accommodate an employee's disability if it would impose an undue hardship on the operation of the employer's business. Defendant has the burden of proving that an accommodation would impose an undue hardship on it.

An accommodation is an undue hardship if the cost or difficulty is unreasonable, considering the size of and the resources available to the employer.

# INSTRUCTION NO 26

It is the duty of the court to instruct you about the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on either or both claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The reasonable value of wages and salaries lost up to the present time;

The reasonable value of wages and salaries that with reasonable probability that will be lost in the future;

If you find for Plaintiff on her Americans with Disabilities Act claim, you should consider: the nature and extent of the injuries; the loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future; and the mental and emotional pain and suffering experienced, and that with reasonable probability will be experienced in the future.

If you find for Plaintiff on her Washington Law Against Discrimination claim, you should consider: the emotional harm to plaintiff caused by defendant's wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced by plaintiff in the future.

INSTRUCTION NO **26**  (cont.)

Should you find for Plaintiff on both the Americans with Disabilities Act claim and her Washington Law Against Discrimination claim, damages for the same injury, based on the same evidence, should be awarded only once. In other words, if you find the damages for these claims to be partially or wholly duplicative, you will be asked in the Verdict Form to set forth the amount found in both awards. .

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

INSTRUCTION NO *27*

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. To establish a failure to mitigate under the Americans with Disabilities Act, the Defendant has the burden of proving by a preponderance of the evidence:

1. That the Plaintiff failed to use reasonable efforts to mitigate damages; and

2. The amount by which damages would have been mitigated.

INSTRUCTION NO. 23

The Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. To establish a failure to mitigate under Washington's Law Against Discrimination, the Defendant has the burden of proving:

1. There were openings in comparable positions available for Plaintiff elsewhere after Defendant removed plaintiff from work;

2. Plaintiff failed to use reasonable care and diligence in seeking those openings; and

3. The amount by which damages would have been reduced if Plaintiff had used reasonable care and diligence in seeking those openings.

You should take into account the characteristics of the Plaintiff and the job market in evaluating the reasonableness of the Plaintiff's efforts to mitigate damage. If you find that the Defendant has proved all of the above, you should reduce your award of damages for wage loss accordingly.

INSTRUCTION NO 29

If you find for the Plaintiff on her ADA claim, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a Defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a Plaintiff.

The Plaintiff has the burden of proving by a preponderance of the evidence punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the Defendant's conduct that harmed the Plaintiff was oppressive or in reckless disregard of the plaintiff's rights. Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the Defendant acts in the face of a perceived risk that its actions will violate the Plaintiff's rights under federal law. An act or omission is oppressive if the Defendant injures or damages or otherwise violates the rights of the Plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the Plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, you may consider the degree of reprehensibility of the Defendant's conduct.

INSTRUCTION NO 30

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the Court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

INSTRUCTION NO 31

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous decision but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion of the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.