UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI JACOBS,<br><br>    Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., a Delaware corporation,<br><br>    Defendant. | NO.  3:17-cv-5988-RJB<br><br>PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND SUPPLEMENTAL JUDGMENT RE TAX CONSEQUENCES<br><br>NOTED FOR APRIL 5, 2019 |

## I. INTRODUCTION

Having prevailed on her ADA claims at trial, Plaintiff moves for an Order awarding attorneys' fees and costs pursuant to 42 U.S.C. § 12205 and Federal Rule of Civil Procedure 54(d)(2) as the prevailing party on the judgment entered on March 7, 2019.

## II. BACKGROUND

Ms. Jacobs filed this lawsuit asserting disability discrimination claims against Walmart under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 and WLAD on November 28, 2017, asserting that Walmart discriminated against her because of her disability and failed to reasonably accommodate her (Dkt. #1). Identical underlying facts gave rise to the parallel state and federal claims. A brief summary of the litigation is set forth in the supporting Declaration of Stephanie Bloomfield ("Bloomfield Decl.").

MOT FOR FEES & ADVERSE TAX CONSEQUENCES - 1 of 14
(3:17-cv-5988)
[4845-0648-3850]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

This case was straightforward in some respects; for example, there were no criticisms of Plaintiff's work performance and the parties agreed that the sole reason for termination was her disability impacting her ability to inject vaccines. Nevertheless, Defendant vigorously contested liability and resisted providing information Plaintiff needed to prove her case. Just obtaining critical discovery was a battle, entailing three motions to compel, all of which were granted to some degree. Plaintiff obtained the vast majority of critical documents **after** the close of discovery and after key depositions. Bloomfield Decl. ¶24. Plaintiff deposed five adverse witnesses and three defense experts during discovery. All of these witnesses (save one expert Defendant decided not to call at the last minute) appeared either live or via video deposition at trial. *Id.* at ¶25; Dkt. #249. Defendants completed six depositions (Lori Jacobs, Jon Jacobs, Dr. Kita, Dr. Addison, Donald Downing and Christina Tapia). *Id.* Plaintiff offered approximately 50 exhibits at trial. Dkt. #248.

Plaintiff identified two experts (an economist and a pharmacy practices expert) and two treating physicians with knowledge of her ability to perform her job, the reasonableness of proposed accommodations, and her ability continue working – all central disputes in the litigation where the Defendant suggested throughout the case that Ms. Jacobs was too old or disabled to continue working, arguing in closing that "she was betrayed by her medical conditions." Bloomfield Decl. Ex. E (VRP 3/5/19 at 66:21-25).

The trial began on February 25, 2019, as scheduled. Dkt. #13; Dkt. #232. The case took seven days to try, with Plaintiff calling 13 witnesses during four days of trial testimony. Dkt. #249. The only additional witnesses Defendant called were two defense experts: Ann Wheeler and Shelley Lewis. *Id.* At the close of Plaintiff's case and at the

MOT FOR FEES & ADVERSE TAX CONSEQUENCES - 2 of 14
(3:17-cv-5988)
[4845-0648-3850]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

close of the defense case, the Court denied Defendant's Rule 50 motions to dismiss. Bloomfield Decl. ¶31; Dkt. #238. On March 6, 2019, the jury returned a unanimous verdict finding for Ms. Jacobs on her ADA claims, but not on the parallel WLAD claims, and awarded her $1,094,260 in damages. Dkt. #247. The Court then entered judgment, after capping the emotional distress damages at $300,000. Dkt. #250.

The total hours expended by each attorney and timekeeper who worked on this matter through March 19, 2019, and costs and interest incurred to date are as follows:

| Name | Total Hours | Rate | Fee |
| --- | --- | --- | --- |
| Stephanie Bloomfield | 569.9 | $500 | $284,950.00 |
| James W. Beck | 522.2 | $475 | $248,045.00 |
| Andrea H. McNeely | 1.0 | $400 | $400.00 |
| Eric D. Gilman | 4.5 | $375 | $1,687.50 |
| Janelle E. Chase-Fazio | 89.8 | $300 | $26,940.00 |
| Kristina Southwell | 138.7 | $275 | $38,142.50 |
| Mark A. Noel | 4.7 | $175 | $1,687.50 |
| Desiree Williams | 242.5 | $225 | $54,562.50 |
| Robbyn Ramirez | 2.9 | $225 | $652.50 |
| Annu Mangat | 0.7 | $225 | $157.50 |
| Tracie Zumach | 11.3 | $225 | $2,542.50 |
| Shannon Vicic | 1.0 | $200 | $200.00 |
| Sincere D. Hankins | 19.0 | $150 | $2,850.00 |
| Christine Scheall | 5.3 | $125 | $662.50 |
| *Total Through 3/19/19* | 1613.5 | | $663,480.00 |
| *Total Expenses Through 3/19/19* | | | $50,742.69 |

*See* Bloomfield Decl. ¶¶2-21 and Ex. D. The rates sought are current hourly rates and within the range approved by other courts in similar matters involving similarly experienced counsel and consistent for the market for firms of similar size to GTH. *Id.* at

MOT FOR FEES & ADVERSE TAX CONSEQUENCES - 3 of 14
(3:17-cv-5988)
[4845-0648-3850]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

¶¶7-8 and Exs. A-C; Vreeland Decl. (rates are at or in some cases below market rates for similarly qualified attorneys).

### III. LEGAL ANALYSIS

#### A. Plaintiff as the Prevailing Party Is Entitled to Recover Attorneys' Fees and Costs.

The prevailing party on an ADA claim may recover reasonable attorneys' fees, including litigation expenses, and costs. 42 U.S.C. § 12205. A court should award attorneys' fees and costs to a prevailing plaintiff under the ADA unless special circumstances would render the award unjust. *Jankey v. Poop Deck*, 537 F.3d 1122, 1130 (9th Cir. 2008). Ms. Jacobs prevailed in this case, and, with a verdict in excess of $1.1 million, achieved an excellent result. *Hensley v. Eckerhart*, 461 U.S. 424 (1983) (holding a plaintiff's success is a crucial factor in determining the proper amount of attorney fees under a civil rights action).

The reasonableness of a fee award is determined by answering two questions: (1) Whether a plaintiff failed to prevail on claims that were unrelated to the claims on which she succeeded, and (2) Whether a plaintiff achieved a level of success that justifies the hours expended in the case. *See Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983); *McCown v. City of Fontana,* 565 F.3d 1097, 1103 (9th Cir. 2009). "In making the award, the district court must strike a balance between granting sufficient fees to attract qualified counsel . . . and avoiding a windfall to counsel. The way to do so is to compensate counsel at the prevailing rate in the community for similar work; no more, no less." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (citations omitted); *see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health*, 532 U.S. 598, 602–03 & n. 4 (2001) (recognizing that the analysis is the same for many fee-shifting statutes, including fees awarded under the ADA); *Jankey*, 537 F.3d at 1130.

MOT FOR FEES & ADVERSE TAX CONSEQUENCES - 4 of 14
(3:17-cv-5988)
[4845-0648-3850]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

**B.     Lodestar Hourly Rates and the Total Fees Included Are Reasonable in Light of Plaintiff's Success at Trial.**

The Court begins any fee award analysis by calculating the "lodestar". *Moreno*, 534 F.3d at 1111. The lodestar is the product of the number of hours reasonably expended in the litigation multiplied by the attorney's reasonable hourly rate. *Id.*; *Hensley,* 461 U.S. at 437.

### 1.     The Hours Requested Are Reasonable.

Under the lodestar method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno*, 534 F.3d at 1111. The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client. *Id.* (citing *Hensley*, 461 U.S. at 434). In determining an appropriate fee award, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana,* 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley,* 461 U.S. at 434).

As a general rule, however, courts defer to the winning lawyer's professional judgment as to the reasonable time spent on the case:

> It must also be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee. By and large, the court should defer to the winning lawyer's professional judgment as to how much time he [or she] was required to spend on the case after all, he [or she] won, and might not have, had he [or she] been more of a slacker.

*Moreno,* 534 F.3d at 1112. This principle applies with particular force where, as here, the plaintiff's attorney in an employment case works on a contingency basis, and therefore has little incentive to expend unnecessary hours.

MOT FOR FEES & ADVERSE TAX CONSEQUENCES - 5 of 14
(3:17-cv-5988)
[4845-0648-3850]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

Plaintiff's attorneys have taken a series of steps to exclude hours for work that was excessive, redundant, or otherwise unnecessary. Bloomfield Decl. ¶¶9, 25, 29. From the outset, work was coordinated to avoid redundancy and duplication of effort. *Id.* Co-lead counsel, as they did at trial, attempted to divide the labor and responsibility for conducting depositions, preparing and reviewing discovery, preparing and responding to motions, trial preparation, and presentation at trial. *Id.* ¶¶9-21. For example, one associate focused on the initial research and fact development for the EEOC filing; another took over to work with experts and assist with discovery issues. One paralegal did the bulk of the work until closer to trial when additional assistance was needed with the mock jury feedback and deposition designations. *Id.* Counsel attempted to allocate motion practice and trial preparation duties to ensure that there was minimal duplication of effort. *Id.* Only for key Walmart witnesses -- 30(b)(6) designees and witnesses Walmart identified as those it intended to rely upon at trial -- did more than one attorney bill for appearance at depositions. *Id.* ¶25. The division of labor among the trial team allowed for collaboration while avoiding unnecessary duplication of effort.

In preparing this fee petition, Ms. Bloomfield reviewed all time entries and wrote off of reduced any time that was redundant, inefficient, or unnecessary. *Id*. ¶29. The Court should make no further reduction to the hours requested. The amount of time billed by Plaintiff's successful litigation team reflects the effort reasonably necessary to achieve results at trial. *Id.*; *Moreno*, 534 F.3d at 1111.

The extent of a plaintiff's success is a "crucial factor" in determining the proper amount of an award of attorney's fees. *Hensley*, 461 U.S. at 440. To determine fees the court considers whether the plaintiff did not prevail on unrelated claims and "whether

MOT FOR FEES & ADVERSE TAX CONSEQUENCES - 6 of 14
(3:17-cv-5988)
[4845-0648-3850]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

'the plaintiff achiev[ed] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Watson v. County of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002) (quoting *Hensley*, 461 U.S. at 434). Here, Plaintiff achieved great success,[1] defeating Defendant's affirmative defenses and all defense theories. The jury found for Plaintiff on her ADA claims and awarded her economic damages of approximately $450,000 and $650,000 in compensatory damages. "'Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.'" *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) (quoting *Hensley*, 461 U.S. at 435).

Plaintiff seeks an award to compensate for a total 1,632.7 hours of work through March 19, 2019 for a total lodestar fee of $667,575, plus any additional fees relating to post-trial work after that date. Bloomfield Decl. ¶41. This figure reflects previous reduction of fees and is reasonable. *Id.* It should also be noted that Defendant was ordered by the Court as a sanction for discovery abuse to pay for the deposition of Susanne Hiland. Dkt. #180 at 10. Plaintiff has not made an independent demand for these fees and instead includes them in this motion. A detailed table reflecting all calculations is set forth in the Bloomfield Declaration at paragraph 41 and the underlying detailed time entries are set forth at Exhibit C.

2. **The Hourly Rates Requested Are Reasonable.**

"'Reasonable fees are to be calculated according to the prevailing market rates in the relevant community.'" *Dang*, 422 F.3d at 813 (quoting *Blum v. Stenson*, 465 U.S.

---

[1] While the jury did not find for Ms. Jacobs on her WLAD claims, the WLAD and ADA claims were intrinsically related by a common core of facts. Both claims arose out of Ms. Jacobs' employment, her disabilities, and Walmart's decisions regarding both topics. Both claims shared nearly identical legal theories. Parsing out the time spent on Ms. Jacobs' WLAD claim versus her ADA claim would be impossible, because the litigation of both claims involved identical efforts. If Ms. Jacobs had only pursued her ADA claim, this case would have been litigated in precisely the same way.  Bloomfield Decl. ¶29.

MOT FOR FEES & ADVERSE TAX CONSEQUENCES - 7 of 14
(3:17-cv-5988)
[4845-0648-3850]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

886, 895 (1984)). Courts routinely award fees using counsel's billing rates at the time of judgment rather than historical rates in fee-shifting litigation to compensate for the delay in payment. *See, e.g., Missouri v. Jenkins*, 491 U.S. 274, 283 (1989); *Bouman v. Block*, 940 F.2d 1211, 1235 (9th Cir. 1991). Plaintiff requests the current hourly rate for each of her attorneys and other paralegals or professionals.

Stephanie Bloomfield was lead counsel for Ms. Jacobs. She is a partner at Gordon Thomas Honeywell LLP. She has been an employment lawyer for over 24 years and as of January 1, 2019, charges $500 to hourly clients. Ms. Bloomfield's and experience is set forth in more detail in her Declaration (¶¶2-7). The appropriate rates for trial attorneys with her reputation and experience is further addressed in the Vreeland Declaration (¶¶15-17). Co-lead counsel James Beck is also a Partner at GTH. He is a sought-after and talented trial attorney who has successfully tried a variety of injury, employment and civil rights cases justifying the rate sought. *Id.;* Bloomfield Decl. ¶10. The rate sought by Mr. Beck is the same rate recently approved by the King Court Superior Court for non-contingent work. *Id*. at Ex. C.

B.   The Litigation Expenses Requested Are Reasonable.

In addition to taxable costs, the ADA also permits a prevailing party to recover the nontaxable costs of litigation. *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002); 42 U.S.C. § 12205.  A plaintiff who prevails is also entitled to recover a variety of costs including reasonable expenses incurred for parking, photocopying, telephone expenses, computer expenses, depositions, witness and expert fees, supplies, and equipment. *Lovell*, 303 F.3d at 1058 (allowing expert witness and travel expenses). Reasonable out-

MOT FOR FEES & ADVERSE TAX CONSEQUENCES - 8 of 14
(3:17-cv-5988)
[4845-0648-3850]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

of-pocket litigation expenses also include the costs of postage, copying, meals, and messenger service. *Harris v. Marhoefer*, 24 F.3d 16, 19-20 (9th Cir. 1994).

Plaintiff seeks an award of $50,742.69 in litigation expenses to date as well as additional trial and post-trial expenses that are anticipated. Bloomfield Decl. ¶41 and Ex. D. These include fees for service of deposition subpoenas; non-taxable costs for depositions; deposition witness fees and mileage; copies of medical records; parking fees, travel; costs of obtaining records; expert witness fees; background research, trial graphics, meals, messenger fees; overnight shipping; Westlaw charges; postage; and transcript synchronization. *Id.* Because these are reasonable expenses that GTH normally charges to its hourly fee-paying clients and are costs that have been passed on to Ms. Jacobs for payment, the court should include these expenses in Plaintiff's fee award. *Id.*; *Harris*, 24 F.3d at 19-20.  In addition, taxable costs were incurred for filing fees, service of subpoenas, deposition transcripts and video recordings, trial transcripts, witness fees, copying, and docket fees as allowed under 28 U.S.C. §§ 1821 (per diem & mileage), 1920 (taxation of costs), 1923 (docket fees), and 2412 (costs & fees). Plaintiff respectfully requests that all of these actual expenses, whether taxable or not, be awarded to her as litigation expenses through this motion.

C. **Plaintiff Is Entitled to a Supplemental Award to Offset the Negative Tax Consequences of a Lump Sum Award and Prejudgment Interest.**

Plaintiff is entitled to an equitable tax consequence adjustment to the award of lost wages in her case. The Ninth Circuit recently addressed this issue finding a "gross up" to compensate for increased income tax liability is a proper form of equitable relief. *Clemens v. Centurylink, Inc.*, 874 F.3d 1113, 1115 (9th Cir. 2017) (distinguished on other grounds by *Walker v. Magna5 LLC,* 2019 WL 365818 (W.D. Wash. 2019). In

MOT FOR FEES & ADVERSE TAX CONSEQUENCES - 9 of 14
(3:17-cv-5988)
[4845-0648-3850]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

*Clemens*, the Plaintiff sued under Title VII and was awarded $157,000 in lost wages. *Id*. He then requested that the district court apply a "tax consequence adjustment" or "gross up" to the award "to compensate for increased income-tax liability resulting from his receipt of his back-pay award in one lump sum." *Id*. The Ninth Circuit reversed the trial court's denial of this gross up and remanded holding that "Title VII provides courts with considerable equitable discretion to ensure adequate compensation." *Clemens*, 874 F.3d at 1115-16; *see also*, 42 U.S.C. § 2000e-5(g)(1) (authorizing "any other equitable relief as the court deems appropriate").

While *Clemens* addressed relief under Title VII, when Congress enacted the ADA it adopted the same remedies provided in Title VII to enforce the ADA. 42 U.S.C. § 12117 ("The powers, remedies, and procedures set forth in 42 U.S.C. §§ 2000e [*et seq*.] of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability . . . [.]"). Accordingly, the *Clemens* decision applies with equal force to Plaintiff's ADA claims. These federal civil rights laws exist "in large part to make persons whole for injuries suffered on account of unlawful employment discrimination." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975). In recognizing the importance of this equitable power, "[i]n the context of a claim brought under a federal statute intended to combat discrimination, the phrase 'complete justice' has a clear meaning: <u>'the [district] court has not merely the power but the duty</u> to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future.'" *Clemens*, 874 F.3d at 1116 (emphasis added) (brackets and quotations in original) (quoting *Bayer v. Neiman Marcus Grp., Inc*., 861 F.3d 853, 873 (9th Cir. 2017)).

MOT FOR FEES & ADVERSE TAX CONSEQUENCES - 10 of 14
(3:17-cv-5988)
[4845-0648-3850]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

This reality is highlighted in another ADA case, *Eshelman v. Agere Sys., Inc.*, 554 F.3d 426, 441 (3d Cir. 2009): "The Supreme Court made clear that back pay awards under discrimination statutes are taxable." (citing to *Comm'r of Internal Revenue v. Schleier*, 515 U.S. 323 (1995)). "Accordingly, employees may be subject to higher taxes if they receive a lump sum back pay award in a given year." *Id*. Put another way, "receipt of a lump sum back pay award could lift an employee into a higher tax bracket for that year, meaning the employee would have a greater tax burden than if she were to have received that same pay in the normal course." *Id*. The *Clemens* Court agreed with the Third, Seventh, and Tenth Circuits, who had all held that district courts have the discretion to "gross up" an award to account for tax consequences. *Clemens*, 874 F. 3d at 1117.

The factual basis supporting the gross-up is set forth in the Declaration of Christina Tapia. According to her calculations, the appropriate gross up involves a supplemental award of **$92,273**, to ensure that Ms. Jacobs receives the net amount without artificial reductions due to adverse tax consequences of a lump sum award. Tapia Dec. ¶7 and Exhibit 1.

In addition, successful ADA plaintiffs are entitled to prejudgment interest on any back pay awarded. *Loeffler v. Frank*, 486 U.S. 549, 557 (1988) (recognizing that the courts of appeals unanimously hold "that Title VII authorizes prejudgment interest as part of [back-pay awards]"); *Domingo v. New England Fish Co.*, 727 F.2d 1429, 1446 (9th Cir. 1984). The interest rate used to calculate prejudgment interest is within the discretion of the trial judge. *W. Pac. Fisheries, Inv. v. SS President Grant,* 730 F.2d 1280, 1288 (9th Cir. 1984). "Generally, the interest rate prescribed for post judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of prejudgment interest unless the trial

MOT FOR FEES & ADVERSE TAX CONSEQUENCES - 11 of 14
(3:17-cv-5988)
[4845-0648-3850]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

judge finds, on substantial evidence, that the equities of that particular case require a different rate." *Blankenship v. Liberty Life Assur. Co. of Boston,* 486 F.3d 620, 628 (9th Cir. 2007) (internal citation and quotation omitted). Dr. Tapia also calculated the prejudgment interest owed on the back pay award of <u>$4,999</u>. Tapia Dec. ¶5 and Exhibit 1

D.   **Plaintiff is Entitled to Fees for Litigating Post-Judgment Fees and Other Motions.**

Finally, Plaintiff requests fees and expenses incurred in preparing this fee petition, and responding to any post-trial motions by Defendant. A prevailing party under the ADA is entitled to recover fees for work performed in preparing the motion for attorneys' fees itself. *See Clark*, 803 F.2d at 992. As with fees for the underlying litigation, the amount of a fee award for a fee petition is calculated using the lodestar method. *Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). As the prevailing party in a civil rights case, Plaintiff may also recover reasonable attorneys' fees incurred litigating a variety of post-judgment motions. *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 340-41 (1st Cir. 2008).

The total time spent on this fee petition and related post-judgment motions by Plaintiff's attorneys through March 19, 2019, are included in this motion and supporting Declarations. Plaintiff will supplement this fee petition in reply to include all hours spent litigating the fee petition and any other post-judgment motions that may be filed.

IV.   CONCLUSION

Plaintiff asks that the court enter a supplemental judgment awarding the attorneys' fees and costs as outlined above (and relating to further reply and other post-trial motions) as well as a supplemental award to offset negative tax impacts and prejudgment interest.

MOT FOR FEES & ADVERSE TAX CONSEQUENCES - 12 of 14
(3:17-cv-5988)
[4845-0648-3850]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Dated this 20th day of March, 2019.

                GORDON THOMAS HONEYWELL LLP

By  *s/ Stephanie Bloomfield*
     Stephanie Bloomfield, WSBA No. 24251
     sbloomfield@gth-law.com
     James W. Beck, WSBA No. 34208
     jbeck@gth-law.com
     Attorneys for Plaintiff

MOT FOR FEES & ADVERSE TAX CONSEQUENCES - 13 of 14
(3:17-cv-5988)
[4845-0648-3850]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

DECLARATION OF SERVICE

I hereby certify that on March 20, 2019, pursuant to Federal Rule of Civil Procedure 5(b), the foregoing document was served upon the counsel of record via email: therein:

| | |
|---|---|
| Laura E. Kruse | ☐ Via Legal Messenger |
| Lisa Wong Lackland | ☐ Via U.S. Mail |
| Nicole Brodie Jackson | ☐ Via Facsimile: |
| Steven Goldstein | ☒ Via CM/ECF |
| S. Karen Bamberger | ☐ Via E-Service Agreement |
| lkruse@bpmlaw.com | |
| llackland@bpmlaw.com | |
| nbrodiejackson@bpmlaw.com | |
| sgoldstein@bpmlaw.com | |
| kbamberger@bpmlaw.com | |

*Attorneys for Defendant*

/s/  Christine L. Scheall
Legal Assistant
Gordon Thomas Honeywell LLP

MOT FOR FEES & ADVERSE TAX CONSEQUENCES - 14 of 14
(3:17-cv-5988)
[4845-0648-3850]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565