UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LORI JACOBS,

        Plaintiff,

v.

WAL-MART STORES, INC.,

        Defendant.

CASE NO. 3:17-cv-05988-RJB

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND SUPPLEMENTAL JUDGMENT RE: TAX CONSEQUENCES

This matter comes before the court on the above-referenced motion (Dkt. 254). The court is familiar with the records and files herein and all documents filed in support of and in opposition to the motion, including supplemental declarations filed by plaintiff (Dkts. 270, 271). For the reasons stated below, the motion should be granted in part and denied in part.

BACKGROUND

This is a disability discrimination case brought under the Americans With Disabilities Act, 42 U.S.C. § 12101, and the Washington Law Against Discrimination. After a seven-day trial, the jury returned a unanimous verdict for plaintiff on her ADA claims, but ruled against her on the parallel WLAD claims, and awarded her $1,094,260.00 in damages ($221,566.00 for past wages, $223,054.00 for future wages, and $650,000.00 for emotional distress). Judgment was

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND SUPPLEMENTAL JUDGMENT RE: TAX CONSEQUENCES - 1

entered after capping the emotional distress damages at $300,000.00, pursuant to the ADA statute. A total judgment was entered of $744,620.00. Plaintiff now requests fees and litigation expenses pursuant to 42 U.S.C. § 12205. Taxable costs in the sum of $11,457.73 have been taxed by the Clerk's Office. The Clerk deducted $900.00 for daily trial transcripts from the plaintiff's cost bill. *See* Docket 273. It is clear that plaintiff is entitled to fees and expenses of litigation. Defendant objects to some of the amounts claimed by plaintiff in its opposition to plaintiff's motion (Dkt. 266).

## APPLICABLE LAW

To determine what attorney's fees are reasonable, the court must arrive at a "lodestar amount," that is, multiplying the number of hours reasonably expended by a reasonable hourly rate. *Jordan v Multnomah County*, 799 F.2d 1262, 1265 (9th Cir. 1986) (quoting *Hensley v Eckerhart*, 461 U.S. 424, 433 (1983)). From the presumptively reasonable lodestar amount, the court may make upward or downward adjudgments on the basis of the *Kerr* factors (*Kerr v Screen Actors Guild, Inc.,* 526 F.2d 67, -70 (9th Cir. 1975)), provided that those adjustments have not been subsumed in the lodestar calculation. *Camacho v Bridgeport Fin., Inc.,* 523 F.3d 973, 982 (9th Cir. 2008). Under *Kerr*, the court considers the following factors:

1. The time and labor required.
2. The novelty and difficulty of the questions involved.
3. The skill requisite to perform the legal service properly.
4. The preclusion of other employment by the attorney due to acceptance of the case.
5. The customary fee.
6. Whether the fee is fixed or contingent.
7. The time limitations imposed by the client or the circumstances.
ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND SUPPLEMENTAL JUDGMENT RE: TAX CONSEQUENCES - 2

8. The amount involved and the results obtained.

9. The experience, reputation and ability of the attorneys.

10. The undesireability of the case.

11. The nature and length of the professional relationship with the client.

12. Awards in similar cases.

These factors are consistent with the Washington Rules of Professional Conduct 1.5.

## OBJECTIONS AND RULINGS

The court will first address defendant's objections to plaintiff's requested fees and expenses as set forth in Docket Number 266.

Defendant objects to the hourly rates requested by plaintiff for counsels' time and paralegals' time. Those hourly rates are well-supported by Victoria L. Vreeland in her declaration (Dkt. 256). Ms. Vreeland is a highly skilled and recognized trial attorney and her opinions are worthy of acceptance by the court. She vouches for the rates requested and indicates further that the rates the court should apply are those current rates of counsel, where the work has been performed over a period of years. Using current rates is, in part, compensation for the delay in payment. *Missouri v Jenkins*, 491 U.S. 274, 283 (1989); *Bouman v Block*, 940 F.2d 1211, 1235 (*cert. denied*, 502 U.S. 1005 (1991). All rates requested are reasonable.

Defendant argues that the hours spent by plaintiff's counsel and staff are excessive. It objects to the mock trial conducted by plaintiffs and the number of attorneys that attended various pretrial events and conferences. What defendant overlooks is that plaintiff's counsel treated this case as a high priority and put a full court press on, for preparation for trial. Plaintiff's approach to the case and decisions on staffing are judgment calls. Plaintiff's choices

in regard to pretrial discovery and preparation are decisions that are within counsel's professional judgment and should not be reduced by the court. The hours spent are reasonable.

Reviewing the hours spent, however, there is one part of plaintiff's claims that appear to be unconnected with preparation for this case, but involved insurance and Social Security disability benefits not directly connected with this lawsuit. Those are items listed on Page 2 of Exhibit 4 to the Declaration of Laura E. Kruse (Dkt. 267), and total $1,725.00 of plaintiff's claim for fees. That amount should be deducted from the fee request. Other entries regarding disability and Social Security listed on Page 3 of said Exhibit 4 appear to be related to this case and should be allowed.

Defendant objects to charging full hourly rates for travel time. As is reflected in plaintiff's reply memorandum (Dkt. 269, at Page 5), it is appropriate to allow a full recovery at full rates for travel time, as is reflected in fee awards in other trial courts in this circuit.

Defendant objects to plaintiff's requested fees and expenses, arguing that plaintiff had only limited success in the result obtained. The result was substantial, although less than plaintiff requested in final argument. One can only speculate on why the jury did not bring in a verdict on the state WLAD claim, which parallels the federal ADA claim. Nevertheless, the preparation for the case would have been almost identical if the case had been brought only under federal law or only under state law. The result was good and well within the evidence produced at trial. Furthermore, ADA cases are attempts to vindicate important federal rights, and certainly plaintiff's federal rights were vindicated in this case. That is an important victory regardless of the amount awarded. This case stands as an object lesson to employers to take seriously the requirement that disabilities be reasonably accommodated. The fee award should not be reduced for the results obtained.

Plaintiff has requested a supplemental judgment of $92,273.00 "gross up" to cover plaintiff's taxes on her award (*Clemons v Century Link*, 874 F.3d 1113 (9th Cir. 2017), along with $4,999.00 interest on the backpay award. Defendant did not respond to these requests and accompanying argument, and those amounts should also be awarded in accord with the information found in the Declaration of Christina Tapia, PhD (Dkt. 257).

## *KERR* FACTORS

Before fixing fees and expenses to be awarded, the court should consider plaintiff's requests as balanced against the *Kerr* factors:

1. The time and labor required appears reasonable.
2. The novelty and difficulty of the questions involved were substantial. The particular facts of this case had no parallels in other courts and the case was litigated at every step. While the law was not overly complex, application of the evidence to the law was problematic.
3. This case required high skill on the part of counsel and staff to perform the legal service properly. While is it easy to argue that plaintiffs overdid preparation, the high quality of preparatory work was apparent at trial and resulted in appropriate legal service.
4. Other employment by the lawyers involved was precluded based on the time spent on this case.
5. The customary fees as reflected in the Vreeland affidavit were consistent with what is requested.

6. This was a contingent fee case and plaintiff risked the many hours of work and staff time, which could have been performed without any compensation in the event of a defense verdict.
7. The time limitations imposed were only what is usual in such cases.
8. The amount involved and the results obtained are self-evident from the trial. The results were excellent based on the judgment amount and also based on the vindication of disability rights.
9. The experience, reputation and ability of plaintiff's lawyers is of the highest.
10. The case was undesirable from the standpoint that the facts did not lend themselves to only one possible result and required considerable time and effort to obtain a positive result. It was a risky endeavor.
11. The nature and length of the professional relationship with the client is not a factor to be considered in awarding fees here.
12. The fee award requested is consistent with awards in similar cases, as is reflected in the Vreeland affidavit and the Bloomfield affidavit (Dkt. 255).

## CONCLUSION

For the foregoing reasons, it appears to the court that fees in the sum of $672,772.50 less the reduction of unrelated work of $1,725.00 should be awarded, a net of $671,047.50. Expenses of $51,384.05 plus the $900.00 eliminated from the cost bill and the late invoice (Dkt. 271) of $2,100.00 should be awarded as expenses, a total of $54.384.05. A judgment for adverse tax consequences in the sum of $92,273.00 should be awarded. A judgment for prejudgment interest of $4,999.00 should be awarded.

The court's initial reaction to plaintiff's request for fees and expenses was that it reflected awfully high amount. Study of plaintiff's requests, however, and research on questioned issues led the court to the conclusion noted herein. It is now

ORDERED that plaintiff's Motion for Attorney Fees and Supplemental Judgment re: Tax Consequences (Dkt. 254) should be GRANTED IN PART AND DENIED IN PART as follows:

Supplemental judgment in favor of plaintiff should be entered as follows:

| | |
|---|---|
| Fees of counsel and staff: | $671,047.50 |
| Expenses of litigation | $ 54,384.05 |
| Tax consequences | $ 92,273.00 |
| Prejudgment interest | $   4,999.00 |
| Total | $822,703.55 |

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 22nd day of April, 2019.

*[signature]*

ROBERT J. BRYAN
United States District Judge